Date: 12/7/23

Request For Investigation

To: Court Administrator Pam Avdoulos, Chief Judge Michael J. Gerou, Judge A. James Plakas & Regional Managed Assigned Counsel Director Teresa Patton.

All,

September 5th, 2023, I accepted the regular assigned Michigan Indigent Defense Counsel (MIDC) position to provide defense services at the 35th District Court. MIDC prefers vertical representation of indigent clients to provide defendants with professional, consistent representation from the same attorney every time the defendant appears in court. This allows the attorney to be familiar with the case. Attorneys have a duty to request discovery to determine the evidence against their client and then use their legal expertise to counsel clients on their options. Any guilty plea must be knowing, understanding, and voluntary.

Since my start date, there has been a constant series of troubling behavior emanating from the courtroom staff in Courtroom 301, this does not include the Judge, which has interfered with my ability to render effective, professional legal services to my clients. I am listing specific examples for you to reference.

1. On 10/12/23 two (2) court employees reported to administration that I gave my client a police report from a file and that he wrote derogatory statements on that report. I have never given any client a police report. My clients have never been left alone with court files.  At the time the writing was said to have happened, another attorney represented this client before I started working at the 35th District Court.  My client denied writing on the police report.

2. On 9/26/23 a court employee in courtroom 301 gave a criminal defendant my personal cell phone number. That client continually called my phone for days. When I asked the client how they had my cell number, I was told that a female court employee in courtroom 301 gave her my number.

3. I was advised by a client that court staff in courtroom 301 had said disparaging things about my lawyering skills.

4. Court staff in 301 has repeatedly made comments on the record during bond arguments, sentencing on probation violations, and regarding procedures that are harmful to my client's position.

Specific case examples:

A. Dylan Sanchez- Case # 20V00733A

On 9/25/23, I represented him on a probation violation. Mr. Sanchez plead guilty to the violation, and I asked Judge Plakas to adopt Probation Officer Duggan's recommendation. One of those recommendations was for Mr. Sanchez to be discharged from probation and be given credit for five (5) days served.

Mr. Duggan only recommended five (5) days in jail with credit for time served and noted in the file that Mr. Sanchez was in jail and had completed inpatient treatment out of state.

After Judge Plakas had already agreed to adopt Mr. Duggan's recommendations, his criminal clerk without being asked, disputed how long the defendant had been in jail.

B. During another hearing, while making a bond argument, I advocated for a client to be released on a tether to ensure his appearance in court. The court reporter, on the record, suggested that the client might remove the tether.

C.   I advised Judge Plakas that a particular client's fines and costs have been paid. The court reporter, on the record, interjected that my client had a garnishment filed to collect the fines and costs.

D. Dominique Parks- Case #23C22359
Ms. Parks, who had no criminal history, walked into court voluntarily to address an outstanding warrant. She was unaware of any missed court date and denied receiving notice. I checked the file and the public ROA and there was no Notice to Appear recorded.  Judge Plakas gave my client a personal bond, without being asked the criminal clerk stated, on the record, that Ms. Parks was mailed a summons and complaint.

Clandestine Policy

5. The court reporter stated, on the record, that I sent a defendant's file back insinuating that I had done something nefarious for a client who had multiple files. The file in question was not scheduled for that day and had a scheduled upcoming court date.

On 11/20/23, I represented Jacqulin Wiggins on a probation violation for file #22C44397. Ms. Wiggins has several files at the 35th DC.  On 11/20/23, I received three (3) files in total for Ms. Wiggins:

   i.   22C44397 the case scheduled to be heard on 11/20/23 for a probation violation which was heard by Judge Plakas.

   ii.   23C06816A a new case scheduled for Arr./PT on 11/28/23.

   iii.   23C13376 a new case scheduled for an Arr./PT on 11/28/23.

On 11/20/23, I explained to Officer Lakeman that I would like him to take back both cases that were scheduled for Arr./PT's on 11/28/23 as it was only 11/20/23.

On 11/28/23, while on the record for cases 23C06816A & 23C12276, Ms. Wiggins was asked by Judge Plakas why she didn't show up for jail as she was ordered. I asked Judge Plakas why and how this issue came up as this was not addressed at the 11/20/23 hearing. The court reporter interjected that I sent back files with Officer Lakeman the week prior. I did not send back the file that Ms. Wiggins was sentenced to jail time. I did not represent Ms. Wiggins on that file. I discovered that the file Ms. Wiggins was sentenced to jail had been adjudicated and closed before I started at the 35th.

It was recently brought to my attention a court policy states that if a defendant has multiple cases open, then all open files will be heard on the same day. However, I was never told about such a policy when I first started at 35th D.C. The situation with Ms. Wiggins was the first time where the policy was followed since I started.

For example, on 10/31/23, Tyler Kirby has two (2) files stemming from the same transactions and occurrences. Both were in front of Judge Plakas but only one of his files was sent to me on 10/31/23. Two (2) more examples of defendants with multiple files not given to me at the same time are cases for Rayquain Williams and Jasmine Clark.

Scheduling/Adjournments

6. The court reporter has attempted to deny adjournments to dates that would accommodate vertical representation. She has complained about my adjournment requests for discovery to administration.

A. On 8/30/23, Stephanie Widmayer case # 23C29696, was arraigned by another public defender. On 9/15/23, Ms. Widmayer's case was scheduled for the first pre-

trial on my docket. After consulting with Ms.Widmayer, we went on the record to schedule her next court date. The court reporter attempted to schedule Ms. Widmayer's next court date on 10/6/23. I explained to the court reporter that I was not scheduled to work on 10/6/23 and kindly asked if she could schedule Ms. Widmayer's court date on 10/13/23, the next state day I was scheduled to work. She would not do it until Judge Plakas instructed her to accommodate the request.

7. I take the appropriate time to counsel my clients while handling in-custody arraignments, however, I am continually blamed for delays that have nothing to do with me.

This pattern of continual harassment is interfering with my representation of my clients, my contractual relationship, is defamatory, and is an attempt to sabotage outcomes for my clients. Further, it violates the code of conduct for court reporters. I have attached the Manual for Court Reporters and Recorders published by the State Court Administrative Office.

Please investigate this matter and please put a stop to this harassing behavior.

Thank you.


Respectfully,


_____
Sundus K. Jaber
Attorney at Law