## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SUNDUS JABER,

                Plaintiff,

                              Case No.:  2:24-CV-10790-MAG-EAS
                              Judge:  Mark A. Goldsmith

vs.

35th DISTRICT COURT, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO TERESA
PATTON, in their personal and official
capacities,

                Defendants.

_____/

| | |
|---|---|
| SARAH RILEY HOWARD (P58531) | JEREMY J. ROMER (P77287) |
| ELIZABETH L. GEARY (P76090) | Attorney for Defendants, Regional Managed |
| PINSKY SMITH, PC | Assigned Counsel Office (RMACO) and |
| Attorneys for Plaintiff | Teresa Patton, only |
| 146 Monroe Center St. NW, Ste. 418 | 16901 Michigan Avenue, Ste. 14 |
| Grand Rapids, MI  49503 | Dearborn, MI 48126 |
| (616) 451-8496 | (313) 943-2035 |
| showard@pinskysmith.com | jromer@dearborn.gov |
| egeary@pinskysmith.com | |
| | LAURI B. STEWART (P55014) |
| | KERR, RUSSELL AND WEBER, PLC |
| | Attorney for Defendants 35th District Court, |
| | Chief Judge Ronald Lowe and Supervising |
| | Judge James Plakas, only |
| | 500 Woodward Ave., Ste. 2500 |
| | Detroit, MI  48226-3427 |
| | (313) 961-0200 |
| | lstewart@kerr-russell.com |

_____/

1

## <u>DEFENDANTS REGIONAL MANAGED ASSIGNED COUNSEL OFFICE AND TERESA PATTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants Regional Managed Assigned Counsel Office and Teresa Patton ("Defendants"), by and through their attorney, Jeremy J. Romer, move this Court to dismiss Counts I-IV of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support of their Motion, Defendants rely upon their Brief in Support of Defendants Regional Managed Assigned Counsel Office and Teresa Patton's Motion to Dismiss Plaintiff's Complaint.

Pursuant to Local Rule 7.1, counsel for Defendants contacted counsel for Plaintiff, via electronic mail, on June 4, 2024, explaining the nature of the relief to be sought by way of this Motion and seeking concurrence in the relief. Opposing counsel thereafter did not respond and three business days have lapsed without her expressly agreeing to the relief, orally or in writing.

Respectfully submitted,

/s/ JEREMY J. ROMER
JEREMY J. ROMER (P77287)
Attorney for Defendants, Regional
Managed Assigned Counsel Office
(RMACO) and Teresa Patton, only
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035

Dated: June 7, 2024                           jromer@dearborn.gov

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SUNDUS JABER,

               Plaintiff,

                             Case No.:  2:24-CV-10790-MAG-EAS
                             Judge:  Mark A. Goldsmith

vs.

35th DISTRICT COURT, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO TERESA
PATTON, in their personal and official
capacities,

               Defendants.

_____/

| | |
|---|---|
| SARAH RILEY HOWARD (P58531) | JEREMY J. ROMER (P77287) |
| ELIZABETH L. GEARY (P76090) | Attorney for Defendants, Regional Managed |
| PINSKY SMITH, PC | Assigned Counsel Office (RMACO) and |
| Attorneys for Plaintiff | Teresa Patton, only |
| 146 Monroe Center St. NW, Ste. 418 | 16901 Michigan Avenue, Ste. 14 |
| Grand Rapids, MI  49503 | Dearborn, MI 48126 |
| (616) 451-8496 | (313) 943-2035 |
| showard@pinskysmith.com | jromer@dearborn.gov |
| egeary@pinskysmith.com | |

LAURI B. STEWART (P55014)
KERR, RUSSELL AND WEBER, PLC
Attorney for Defendants 35th District Court,
Chief Judge Ronald Lowe and Supervising
Judge James Plakas, only
500 Woodward Ave., Ste. 2500
Detroit, MI  48226-3427
(313) 961-0200
lstewart@kerr-russell.com

_____/

## <u>DEFENDANTS REGIONAL MANAGED ASSIGNED COUNSEL OFFICE AND TERESA PATTON'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

## QUESTIONS PRESENTED

I.    Should Plaintiff's Complaint be dismissed for failure to state a claim where she brings employment-based claims against Defendants who were not her employers?

        Defendants say:      Yes.
        The Court should say:   Yes.

II.    Should Plaintiff's public policy claim be dismissed where it is preempted by the Whistleblower Protection Act and where she fails to allege that she was wrongfully terminated?

        Defendants say:      Yes.
        The Court should say:   Yes.

III.    Should Plaintiff's First Amendment Claim be dismissed for failure to state a claim where she fails to allege the existence of state action by Defendants?

        Defendants say:      Yes.
        The Court should say:   Yes.

IV.    Should Plaintiff's First Amendment Claim be dismissed for failure to state a claim where she fails to allege the existence of a pattern or practice of unconstitutional behavior?

        Defendants say:      Yes.
        The Court should say:   Yes.

V.    Should Plaintiff's claims against Defendant Patton be dismissed where Patton was shielded by qualified immunity?

        Defendants say:      Yes.
        The Court should say:   Yes.

# MOST CONTROLLING AUTHORITY

## **Cases**

*Adickes v. H. Kress & Co.*, 398 U.S. 144 (1970).......................................... 17

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) ................... 15

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984)........................................ 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544............................................5-6

*Berg v. Titttabawassee Twp.*, No. 355404, 2021 WL
6064357, at *1 (Mich. Ct. App. Dec. 21, 2021) ........................................... 14

*Brown v. Mayor of Detroit*, 478 Mich. 589 (2007) ..................................... 14

*Cameron v. Seitz*, 38 F.3d 264, 273 fn.2 (6th Cir. 1994)............................. 19

*Campbell v. Worthy*, No. 12-CV-11496, 2013 WL 2446287,
at *2 (E.D. Mich. June 5, 2013).................................................................... 12

*Dolan v. Continental Airlines/Continental Express*, 454 Mich 373,
382 (1997) ..................................................................................................... 14

*Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68 (1993) .............................. 14

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510
F.3d 631, 634 (6th Cir. 2007) ......................................................................... 6

*Falls v. The Sporting News Publishing Co.*, 834 F.2d 611,
613 (6th Cir.1987)............................................................................................ 6

*Foster v. Judnic,* 963 F. Supp. 2d 735 (E.D. Mich. 2013)............................. 6

*Foster v. Michigan*, 573 F. App'x 377 (6th Cir. 2014) ................................. 6

*Garvie v. Jackson*, 845 F.2d 647 (6th Cir. 1988) ........................................ 20

*Greene v. Barber,* 310 F.3d 889 (6th Cir. 2002) ......................................... 20

*Hardy v. Jefferson Cmty. College*, 260 F.3d 671 (6th Cir. 2001)................ 19

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .................................................. 18

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009) ...................... 6

*Heyerman v. Cty. of Calhoun*, 680 F.3d 642 (6th Cir. 2012) ...................... 19

*Hurchanik v. Butler Cty. Comm'rs*, No. 1:10-CV-42,
2011 WL 736110, at *3–5 (S.D. Ohio Jan. 31, 2011) ................................... 8

*In re NM Holdings Co. LLC  v. Deloitte & Touche, LLP*,
622 F.3d 613, 618 (6th Cir. 2010) ................................................................ 5

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,
95 S.Ct. 449 (1974) ..................................................................................... 15

*Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198
(C.D. Ca. 2004) ........................................................................................... 9

*Jefferson v. Fenech*, No. 18-12811, 2020 WL 7353517,
at *5 (E.D. Mich. Dec. 15, 2020)................................................................ 11

*Jeung v. McKrow*, 264 F. Supp. 2d 557 (E.D. Mich. 2003) ........................ 15

*Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921 (2019) ............ 16

*Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012) ........................ 12

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .................................................... 19

*Monell v. Dep't of Social Services of the City of New York*,
436 U.S. 658, 90 S. Ct. 2018 (1978)............................................................ 17

*Nezwisky v. BorgWarner, Inc.*, No. 346346, 2020 WL
1896763, at *2 (Mich. Ct. App. Apr. 16, 2020)............................................ 14

*Pearson v. Callahan*, 555 U.S. 223 (2009)................................................. 18

*Perez v. Oakland Cty.*, 466 F.3d 416 (6th Cir. 2006) ................................. 19

*Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir.1988), cert. denied,
488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989) ............................... 19

*Pucci v. 19th District Court,* 628 F.3d. 752 (6th Cir. 2010) ........................ 20

*Rizzo v. Goode*, 423 U.S. 362 (1976) ........................................................... 15

*Robinson v. Robinson*, No. 19-CV-10877, 2020 WL 4700936
(E.D. Mich. Aug. 13, 2020) .......................................................................... 16

*Robinson v. Tyler*, No. CV 19-10877, 2020 WL 4722422,
at *4 (E.D. Mich. Mar. 30, 2020) .................................................................. 16

*Saucier v. Katz*, 533 U.S. 194 (2001) .......................................................... 20

*Savas v. William Beaumont Hosp.*, 216 F.Supp.2d 660
(E.D. Mich. 2002) ....................................................................................... 6-7

*S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d
553 (6th Cir. 2007) ....................................................................................... 17

*Silberstein v. City of Dayton*, 440 F.3d 306 (6th Cir. 2006) ........................ 19

*Silberstein v. Pro-Golf of America, Inc.*, 278 Mich. App. 446,
750 N.W.2d 615 (2008) ................................................................................ 14

*Simmonds v. Genesee Cty,* 682 F.3d 438 (6th Cir. 2012) ............................. 19

*Suchodolski v. Michigan Consol. Gas Co.*, 412 Mich. 692 (1982) .............. 13

*Taylor v. L'Oreal USA*, No. CIV. 07-13416, 2008
WL 2478314, at *1 (E.D. Mich. June 16, 2008) ............................................. 6

*Town v. Mich. Bell Tel. Co.*, 455 Mich. 688, 568
N.W.2d 64 (1997) ........................................................................................ 11

*Thomas v. Held*, 941 F.Supp. 444 (S.D.N.Y.1996) ........................................ 9

*Wershe v. Combs*, 763 F.3d 500 (6th Cir. 2014) ......................................... 15

*Wood v. 36th Dist. Ct.*, No. 360103, 2023 WL 3559477,
at *6 (Mich. Ct. App. May 18, 2023) .......................................................... 10

**<u>Statutes</u>**

42 U.S.C. § 1983 .................................................................................... 15-18

**<u>Rules</u>**

Fed. R. Civ. 12(b)(6).............................................................................. 19-20

MCR 8.110 .................................................................................................. 20

## INTRODUCTION

Plaintiff Sundus Jaber - an attorney with her own private practice who accepts appointments as a public defender for the 35th District Court - brings this Complaint against the 35th District Court and its judges (the "Court Defendants"), as well as the Regional Managed Assigned Counsel Office ("RMACO") and its Director Teresa Patton. RMACO serves as a liaison between the 35th District Court (as well as other courts in Wayne County) and the Michigan Indigent Defense Commission ("MIDC") (a division of the Michigan Department of Licensing and Regulatory Affairs). In her Complaint, Plaintiff describes various instances of alleged harassment by the Court Defendants, as well as their staff, which led to Plaintiff filing a request for investigation. Plaintiff submitted this request to not only the Court Defendants, but Patton as well.

Plaintiff alleges that while this request (and following investigation) was pending, the Court Defendants expressed their concerns about presiding over cases to which Plaintiff was appointed as counsel for indigent defendants and requested to Patton that Plaintiff's assignment be changed so that she would only appear before one of the two judges before whom she was then appearing.

Plaintiff alleges that *months later*, RMACO did, in fact, effectuate a change in her assignment. Based on nothing other than the fact that she happens to be a Palestinian-American woman who practices the Islamic faith, Plaintiff alleges that

1

RMACO (who helps effectuate the representation of indigent defendants in Wayne County, including in communities such as Dearborn and Hamtramck, which are home to significant Muslim populations) and Patton (who Plaintiff alleges *encouraged her* to accept appointments at the 35th District Court) made this change for discriminatory reasons and in violation of her First Amendment rights. Plaintiff brings these claims alleging next to no facts implicating RMACO or Patton in her capacity as RMACO's Director. Even worse, Plaintiff brings claims that are not legally cognizable. Her claims against Defendants RMACO and Patton should be dismissed.

## FACTUAL BACKGROUND[1]

The Parties

Plaintiff—who identifies as female, Palestinian-American, and Muslim—is a licensed attorney who boasts about having a "stable" of criminal defenses clients. ECF No. 1, PageID.2, ¶ 3, PageID. 5-6, ¶ 20. She also serves as an appointed public defender to the 35th District Court. *Id.* at PageID.5, ¶ 17.

Plaintiff alleges that she was "employed" by the Court Defendants, as well as "agent" of the 35th District Court and Teresa Patton, who is also the Director of the Regional Managed Assigned Counsel Office ("RMACO"). *Id.* at PageID.2-3, ¶¶ 4,

---

[1] At this stage, the Court is obligated to accept Plaintiff's allegations as true. For purposes of this Motion, recitations of the facts as alleged by Plaintiff do not constitute admissions of truth.

6, 7, 8. She does not allege that RMACO itself is her employer. *Id.* at PageID.2, ¶ 5. Instead, she alleges that RMACO is responsible for implementing the standards of the Michigan Indigent Defense Commission ("MIDC") (a division of the Michigan Department of Licensing and Regulatory Affairs), administering grants provided by the MIDC and managing appointed counsel pursuant to its contractual obligations with the *units of government* responsible for providing public defenders to Wayne County's district courts. *Id.*

<u>Plaintiff's Assignment to the 35th District Court</u>

Plaintiff owns her own law practice. *Id.* at PageID.5-6, ¶20. Beyond conclusory allegations, she does not allege any facts to support the base conclusion that she was an employee of the 35th District Court, its judges, or Patton. *Id.* at ¶4-8. Instead, she characterizes her appointment as a public defender at the 35th District Court as that of a "regular assigned *Michigan Indigent Defense Counsel* (MIDC) position." ECF No. 1-1, PageID.22 (emphasis added). Plaintiff acknowledges that she never even applied for an appointment with the 35th District Court and that she instead "accept[ed] assignments" as a public defender at the 35th District Court based on her "excellent performance" on assignments as a public defender at other Courts. ECF No. 1, PageID.5, ¶17. Plaintiff likewise is careful to note that she, like other public defenders in Wayne County, are "recruited" - not hired as employees. *Id.* at

¶17, 19. She was not paid a salary - rather, she was paid set rates for her legal services. *Id.* at ¶17.

Plaintiff's Complaint alleges a series of issues and incidents throughout her appointment with the 35th District Court that she had with the Court Defendants and 35th District Court staff, including court reporters, clerks, and other administrators. *See, e.g., id.* at ¶ 21, 24, 32, 36, 37, 40, 41. In addition to these acts by the Court Defendants, Plaintiff makes reference to her own criminal trial before Judge Lowe that occurred nearly 15 years before the allegations in her Complaint that underpin her claims. *Id.* at PageID.8, ¶ 28-31.

The month after Plaintiff began her assignment at the 35th District Court, she asked Patton to inform MIDC's Regional Director regarding her concerns about the treatment of indigent defendants appearing at the 35th District Court. *Id.* at PageID.6-7, ¶ 22. Plaintiff also submitted a request for an investigation on December 7, 2023 into this allegedly "harassing" behavior. *See* ECF No. 1-1. This request was addressed to the Judges of the 35th District Court and the Administrator of the 35th District Court, as well as Patton. *Id.* The Court took this request seriously and investigated Plaintiff's complaints. *See* ECF No. 1-2. Meanwhile, the Judges who were the subject of the investigation approached Patton and voiced their concerns about presiding over Plaintiff's cases during the pendency of the investigation. ECF No. 1, PageID.7, ¶23-25. After multiple conversations with the Judges, Patton

relayed the Judges' concerns to Plaintiff, including Judge Plakas's request that Plaintiff not appear in his courtroom. *Id.* at PageID.7 ¶26, PageID.12-13, ¶ 43.[2] However, there was no issue with Plaintiff continuing to appear before Judge Gerou. PageID.12-13, ¶ 43-44. According to Plaintiff, even Patton had the understanding that Plaintiff would continue to have the same number of *workdays* as before. *Id.* at ¶43-44. This change in Plaintiff's assignment, with which Plaintiff agreed, went into effect on March 11, 2024 - more than three months after Plaintiff made her request for an investigation, and approximately two months after the investigation into her complaints was complete. *Id.* at PageID.7-8 ¶ 27.

## LEGAL ARGUMENT

### I.   LEGAL STANDARD

Under Fed. R. of Civ. P. 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. *In re NM Holdings Co. LLC  v. Deloitte & Touche, LLP,* 622 F.3d 613, 618 (6th Cir. 2010). A complaint must be dismissed for failure to state a claim unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true," and the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell*

---

[2] At this time, Judge Lowe no longer had a dedicated criminal docket. That is, Plaintiff was regularly appearing only before Judges Plakas and Gerou. *See* ECF No. 1, PageID.13, ¶ 44.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 570. Thus, a "complaint must contain either direct or inferential allegations respecting ***all material elements*** to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (emphasis added) (citation omitted). "And although we must accept all well-pleaded factual allegations in the complaint as true, we need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

## II.  PLAINTIFF'S ELCRA AND WPA CLAIMS AGAINST RMACO AND PATTON FAIL.

### A. Plaintiff's ECLRA and WPA Claims are Limited to Her Employers - which Defendants are Not.

Plaintiff's claims under the Elliot-Larsen Civil Rights Act ("ELCRA") and Michigan Whistleblower Protection Act ("WPA") fail as a matter of law. Claims under both ELCRA and the WPA are limited to those brought by *employees* against *employers*. *See, e.g., Foster v. Judnic*, 963 F. Supp. 2d 735, 752 (E.D. Mich. 2013), *aff'd sub nom. Foster v. Michigan*, 573 F. App'x 377 (6th Cir. 2014) ("The WPA does not apply to Plaintiffs because they are independent contractors"); *Taylor v. L'Oreal USA*, No. CIV. 07-13416, 2008 WL 2478314, at *1 (E.D. Mich. June 16, 2008) (citing *Falls v. The Sporting News Publishing Co.,* 834 F.2d 611, 613 (6th Cir.1987) and *Savas v. William Beaumont Hosp.,* 216 F.Supp.2d 660, 664 (E.D.

Mich. 2002)(noting that  "[t]o maintain a claim under ELCRA, a plaintiff must be an employee of the defendant")).

Plaintiff did not adequately plead that either RMACO or Patton are her employers for purposes of these claims - nor could she. Instead, she utilizes a clever bit of linguistic gymnastics in an effort to slip past the pleading requirements and continue the pursuit of her baseless claims even though she was an independent contractor, not an employee.

### 1.  Plaintiff Does Not Allege that RMACO is her Employer.

First and foremost, Plaintiff simply *does not allege that RMACO was her employer*, despite bringing employment-based claims. *See, e.g.,* ECF No. 1, PageID.2-3 ¶ 5; *cf id.* at ¶ 6-8 ("Defendant Judge Ronald Lowe has been…an 'employer' of Plaintiff"; "Defendant Judge James Plakas is…an 'employer' of Plaintiff"; "Defendant Teresa Patton…is the Court's agent…and an 'employer' of Plaintiff").

Instead, she alleges that RMACO is responsible for implementing the standards of MIDC, as well as administering grants provided by the MIDC. *Id.* ¶5. To this end, RMACO contracts with the "units of government responsible for providing public defenders to each of Wayne Count's district courts" and "administers contracts" from the State of Michigan to support programs to provide public defense services. *Id.* That is, RMACO serves as a go-between for attorneys

7

interested in serving as public defenders and the courts that are legally obligated to provide representation for indigent defendants.

In addition to not expressly identifying RMACO as her employer, Plaintiff also does not allege any facts to suggest that RMACO was her employer, such as exercise of influence over how she defended her clients, supplying the materials necessary to represent her clients, providing training, or possessing the ability to discipline Plaintiff. Without stating who issued payments to Plaintiff, she also alleges that she was paid pre-determined rates for certain legal work - that is, she does not allege that she was a salaried employee of RMACO. *Id.* at PageID.5, ¶17.

It is clear that Plaintiff had, at most, an independent contractor relationship with RMACO. This is best evidenced by the fact that - in her own words - she "accepted assignments" and was paid at standardized, pre-arranged rates. However, the Court need not solely rely on RMACO's characterization of its relationship with Plaintiff. At least one court in this Circuit (as well as other federal district courts) has reached the conclusion that a public defender who is appointed as panel counsel affiliated with an organization other than a dedicated public defender's office is an independent contractor. *See Hurchanik v. Butler Cty. Comm'rs*, No. 1:10-CV-42, 2011 WL 736110, at *3–5 (S.D. Ohio Jan. 31, 2011), *report and recommendation adopted*, No. 1:10-CV-00042, 2011 WL 736007 (S.D. Ohio Feb. 23, 2011) (dismissing race discrimination and retaliation claims on the pleadings where

plaintiff-attorney, who was serving on the public defender list and issued a 1099-MISC income form, was not an employee of the county commissioners responsible for appointing public defenders); *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1214 (C.D. Ca. 2004) (dismissing public defender on appointed counsel list's employment discrimination claims under Fed. R. Civ. P. 12(b)(6) where he also had an outside law practice that was unregulated by the defendant, was not paid on a salary basis to be an appointment attorney, and retained control over how he represented appointed clients); *Thomas v. Held,* 941 F.Supp. 444 (S.D.N.Y.1996) (granting 12(b)(6) motion to dismiss where relationship between New York state and attorney appointed to indigent defense counsel list was that of an independent contractor and not employee, precluding recovery for age discrimination).

As Plaintiff raises *zero* factual allegations of an employment relationship between RMACO and herself, she has failed to plausibly allege that she was an employee of RMACO. Accordingly, Plaintiff's *employment*-related WPA and ELCRA claims should be dismissed as to Defendant RMACO.

### 2. Plaintiff Does Not Sufficiently Allege that Patton is her Employer.

Plaintiff's allegations with respect to an "employment" relationship with Patton make it clear that she is grasping at straws, as the nature of this relationship as plead is confusing at best. For example, Plaintiff *does* expressly invoke the word "employer" with respect to Patton. ECF No. 1, PageID.3, ¶ 8. However, despite the

9

fact that Plaintiff acknowledges that Patton is the Director of RMACO, as explained *supra*, Plaintiff does not allege that RAMCO is her employer (and again, nor could she). Instead, Plaintiff alleges that Patton was an *agent* of the 35th District Court—but not an employee. *Id.*

Despite these attempts to shoe-horn Patton into a position of liability, the fact remains that Plaintiff does not allege that Patton had the ability to hire, fire, or discipline Plaintiff (at most, she encouraged Plaintiff to apply to be appointed counsel for the 35th District Court - something Plaintiff *did not do*) or otherwise set the terms and conditions of any employment with either RMACO or the 35th District Court. Instead, Plaintiff's allegations regarding Patton can be summarized by stating that Patton was merely a mouthpiece for what the Judges of the 35th District Court wanted. *See, e.g.,* PageID. 7, ¶ 25, PageID.11-13, ¶ 42-44.

Ultimately, as was the case with RMACO, Plaintiff (an independent contractor) has not alleged facts sufficient to sustain her conclusory opinion that Patton is her employer. It follows that Plaintiff's WPA and ELCRA claims against Patton fail. *See Wood v. 36th Dist. Ct.*, No. 360103, 2023 WL 3559477, at *6 (Mich. Ct. App. May 18, 2023) (court administrator who delivered decision by Court to terminate chief magistrate's employment not an employer for purposes of wrongful termination claim, as the power to terminate employees of the court rested with the Chief Judge, who was immune from liability).

**B. Plaintiff has Not Alleged Facts Sufficient to Sustain an ELCRA Claim.**

Even if this Court were to permit Plaintiff's ELCRA claim to proceed against RMACO and Patton (which again, it should not for the reasons stated in Section I(A), *supra*), her claim still fails. To succeed on a claim of discrimination under ELCRA, Plaintiff must establish (1) she was a member of a protected class, (2) she was subject to an adverse employment action, (3) she was qualified for the position, and (4) others, similarly situated and outside the protected class, were treated differently. *Town v. Mich. Bell Tel. Co.,* 455 Mich. 688, 568 N.W.2d 64, 68 (1997). Plaintiff cannot do so.

**1.  Plaintiff Has Failed to Plead her Adverse Action.**

Plaintiff has failed to allege that she suffered an adverse action. Plaintiff alleges that the basis of her ELCRA claim is that "Defendants have claimed that onerous, alleged courtroom policies apply to Plaintiff when those alleged policies have not been applied to Plaintiff's white male counterpart who has the same job position of lead public defender as Plaintiff." ECF No. 1, PageID.16, ¶ 59.

In the Sixth Circuit, grouping all defendants together collectively and providing no factual basis to distinguish each defendants' conduct does not satisfy the pleading standard and can be grounds for granting a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Jefferson v. Fenech*, No. 18-12811, 2020 WL 7353517, at *5 (E.D. Mich. Dec. 15, 2020) (citing *Marcilis v. Twp. of*

*Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (affirming dismissal of claims against officers where complaint made only categorical references to "defendants" collectively and  *Campbell v. Worthy*, No. 12-CV-11496, 2013 WL 2446287, at *2 (E.D. Mich. June 5, 2013) (discussing *Marcilis* and dismissing claims against police officers where the plaintiff failed to plead sufficient factual allegations against each officer)).

Plaintiff does not raise any specific allegations with respect to RMACO or Patton to sustain her ELCRA claim. For example, Plaintiff does not allege what policies RMACO and/or Patton required Plaintiff to follow - let alone that either Defendant had the authority to enforce the policies of the 35th District Court. Indeed, the *only* other allegation regarding policies was related to *Judge Plakas's court reporter and his criminal clerk*, who "[r]epeatedly claim[ed] to Court administration that Plaintiff violated alleged courtroom-specific policies of which Plaintiff was never aware, when these alleged policies are never followed by said staff members, nor are these policies required of Plaintiff's white male co-public defender." ECF No. 1, PageID.6, ¶ 21. In the absence of any allegations whatsoever related to the enforcement of *the 35th District Court's* policies vis-à-vis RMACO or Patton, this claim should be dismissed with respect to RMACO and Patton.

### III.   PLAINTIFF'S "REDUCTION IN EMPLOYMENT" CLAIM FAILS AS A MATTER OF LAW.

#### A. Plaintiff's "Reduction of Employment" Claim is Not Recognized as a Cause of Action.

Captioned "***Reduction of Employment*** in Violation of Michigan's Public Policy" (emphasis added), Count IV of Plaintiff's Complaint is a made-up, non-cognizable claim and therefore fails as a matter of law. Plaintiff and her counsel seem to know this, making early reference to a claim for "termination in violation of public policy" (which *is* a real cause of action) but abandoning it later in the Complaint and recasting it as a "reduction" of employment. ECF No. 1, PageID.1, ¶ 1; *cf* PageID.17-19 ¶ 62-71. A claim for a violation of Michigan public policy exists as an exception to the *assumption of at-will employment. See Suchodolski v. Michigan Consol. Gas Co.*, 412 Mich. 692 (1982). As explained *supra*, Plaintiff has not sufficiently alleged that she is an employee of RMACO or Patton, let alone that she experienced anything akin to a "termination." At most, she alleges that her hours were *reduced*. Because Plaintiff continues to represent appointed defendants at the 35th District Court, she has no basis to allege that she was "terminated" from her position by anyone or in any capacity. Her "Reduction of Employment" claim fails as a matter of law.

#### B. Plaintiff's Public Policy Claim is Preempted.

Assuming *arguendo* that the Court were to entertain Plaintiff's violation of

public policy claim for a "reduction" in "employment," such a claim is preempted on its face. Plaintiff's violation of public policy claim is premised on the same allegations as her WPA claim - namely that her case assignments changed after she filed her request for an investigation. *See, e.g.* ECF No. 1, PageID.15, ¶ 55-56; *cf* PageID.17, ¶ 63-66. This is fatal to her claim.

Because "restrictions on an employer's ability to terminate an at-will employment agreement are most often found in explicit legislation," the public-policy exception may practically be limited in its application because of the expansiveness of current legislative protections for wrongful termination. *Nezwisky v. BorgWarner, Inc.*, No. 346346, 2020 WL 1896763, at *2 (Mich. Ct. App. Apr. 16, 2020) (*quoting Silberstein v. Pro-Golf of America, Inc.*, 278 Mich. App. 446, 453-454, 750 N.W.2d 615 (2008)). To this end, the Michigan Supreme Court has held that "[a] public policy claim is sustainable [] only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 80 (1993), disapproved of on other grounds by *Brown v. Mayor of Detroit*, 478 Mich. 589 (2007). In *Dolan v. Continental Airlines/Continental Express*, the Michigan Supreme Court held that the WPA is the exclusive remedy against discharge and retaliation for the conduct at issue, and a public policy claim based on the same facts is not viable. *See* 454 Mich. 373, 382 (1997); *see also Berg v. Titttabawassee Twp.*, No. 355404, 2021 WL 6064357, at *1 (Mich. Ct. App. Dec.

21, 2021).

Given that Plaintiff's violation of public policy claim is based on the same allegations as her WPA claims, her public policy claim is preempted and should be dismissed.

## IV. PLAINTIFF'S FIRST AMENDMENT CLAIM SHOULD BE DISMISSED.

Plaintiff brings her First Amendment claim pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014) (internal citations omitted). Thus, state action is an essential element of any § 1983 claim against any defendant. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999). A plaintiff also must make a clear showing that each defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Where the "state action" is allegedly done by a private actor (e.g., a non-profit), a plaintiff must show that "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Jeung v. McKrow*, 264 F. Supp. 2d 557, 570 (E.D. Mich. 2003) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449 (1974)).

**A. Plaintiff Has Not Sufficiently Alleged a § 1983 Claim against RMACO.**

**1.  Plaintiff Has Not Alleged that RMACO is a State Actor.**

Plaintiff has not alleged facts sufficient to support a claim that RMACO is a state agency. She never alleges that RMACO acted under the color of the state, nor does she allege that RMACO is a division of MIDC (which again, is a division of a state agency). Instead, she expressly acknowledges that RMACO is a *non-profit* that is responsible for - at most -effectuating grants from the MIDC awarded to the 35th District Court and acting as a go-between manager of independent contractor attorneys and the 35th District Court. In fact, she alleges that if RMACO were to violate MIDC standards, MIDC could stop grant payments, implying that RMACO is not a division or branch of MIDC but a separate entity that MIDC can discretionally choose to utilize or otherwise grant money. Because Plaintiff has failed to allege the threshold issue of state action with respect to RMACO, her First Amendment claim against RMACO fails. *See, e.g., Robinson v. Tyler*, No. CV 19-10877, 2020 WL 4722422, at *4 (E.D. Mich. Mar. 30, 2020), report and recommendation adopted sub nom. *Robinson v. Robinson*, No. 19-CV-10877, 2020 WL 4700936 (E.D. Mich. Aug. 13, 2020) (collecting cases and finding non-profit providing services to parolees not state actor for purposes of First Amendment claim); *see also Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019) ("[W]hen a private entity [e.g. a private nonprofit corporation that operated

16

a public access cable channel] provides a forum for speech, the private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor"); *S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 557 (6th Cir. 2007) (concluding that a private wildlife research organization assisting a state park system was not a state actor and therefore not liable under §1983).

### 2. Even if RMACO were a State Actor, Plaintiff has Failed to Plead a § 1983 Claim.

Assuming the Court was, however, inclined to analyze Plaintiff's claim as though RMACO *was* division of the local government (despite her never alleging that it was), her claim still fails. For a local government to be liable for alleged unconstitutional discrimination in employment, there must be an allegation that the alleged unconstitutional act was committed pursuant to "a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690, 90 S. Ct. 2018 (1978). An exception to this official policy requirements is a pattern of "persistent and widespread discriminatory practices…so permanent and well-settled as to constitute a custom or usage with the force of law." *Id.* (quoting *Adickes v. H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)).

Plaintiff has not alleged any facts supporting her conclusion that RMACO has an official policy or widespread practice with the force of law that resulted in an alteration of her work assignment. She has merely recited the elements of a First

Amendment retaliation claim under § 1983 without otherwise explaining how or why RMACO could theoretically be held liable for a violation of the same. In the absence of any allegations to support an inference that a § 1983 could proceed against RMACO, her claim should be dismissed.

## V.      PATTON IS ENTITLED TO QUALIFIED IMMUNITY.

This Court should dismiss all of Plaintiff's claims asserted against Patton in her individual capacity because Plaintiff fails to plead conduct that avoids the broad sweep of governmental immunity. While Defendants maintain that Patton (Director of non-profit RMACO) is not a public employee, assuming *arguendo* that the Court were to find otherwise, Plaintiff's claims against Patton fail, as she would be entitled to the shield of qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (relying on *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified governmental immunity prevents public officials and employees from being held liable for reasonable mistakes of law, fact, or mixed questions or law and fact made while acting within their scope of authority. *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009).

Qualified immunity "represents the norm" for government officials exercising discretionary authority. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). "The issue

of qualified immunity is a question of law and generally should be decided by the judge at the outset of the law suit." *Cameron v. Seitz*, 38 F.3d 264, 273 fn.2 (6th Cir. 1994) (citing *Poe v. Haydon,* 853 F.2d 418, 424 (6 Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989)). Accordingly, it is appropriate to determine whether Patton is protected by qualified immunity pursuant to a motion brought under Fed. R. Civ. P. 12(b)(6). *See id.*; *Hardy v. Jefferson Cmty. College*, 260 F.3d 671, 677 (6th Cir. 2001); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In response to a Motion to Dismiss under 12(b)(6), Plaintiff bears the burden of demonstrating that qualified immunity ***does not*** shield Patton from her claims. *Simmonds v. Genesee Cty*, 682 F.3d 438, 443 (6th Cir. 2012); *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). To meet this burden, Plaintiff "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Heyerman v. Cty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *Perez v. Oakland Cty.*, 466 F.3d 416, 427 (6th Cir. 2006) (noting that the right must be established in the specific context of the case, and "[i]f reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized."). Qualified immunity also recognizes, "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation he confronts. 'If the officer's mistake as to what the law requires is

reasonable, … the officer is entitled to the immunity defense.'" *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194 (2001)); *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988) ("The question of whether qualified immunity attaches to an official's actions is a purely legal question for the trial judge to determine prior to trial.").

Plaintiff cannot overcome this significant burden. Her Complaint is void of any allegations sufficient to demonstrate that a reasonable public official would not make staffing changes at the beginning of a new Chief Justice's tenure and at the behest of the new Chief Judge who has the ability to manage the Court. Also, there is simply no evidence that Patton acted unreasonably or that a public official under similar circumstances would believe that changing the work assignment of an independent contractor would be a constitutional violation - especially when the request for the assignment changes allegedly came unanimously from the three judges of the 35th District Court - including its Chief Judge - who have the power to control manage their dockets. *See, e.g., Pucci v. 19th District Court*, 628 F.3d. 752 (6th Cir. 2010); MCR 8.110; ECF No. 12, PageID.75-76. Patton should be dismissed.

## CONCLUSION

For the reasons stated above, Defendants Regional Managed Assigned Counsel Office and Teresa Patton respectfully request that this Court enter a

dismissal pursuant to Fed. R. Civ. 12(b)(6) and dismiss Counts I-IV of Plaintiff's

Complaint against them.

<div style="margin-left:40%">

Respectfully submitted,

/s/ JEREMY J. ROMER
JEREMY J. ROMER (P77287)
Attorney for Defendants, Regional
Managed Assigned Counsel Office
(RMACO) and Teresa Patton, only
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
jromer@dearborn.gov

</div>

Dated: June 7, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sarah Riley Howard, Esq.
Elizabeth L. Geary, Esq.
146 Monroe Center St. NW
Suite 418
Grand Rapids, MI 49503

Lauri B. Stewart, Esq.
500 Woodward Ave., Ste. 2500
Detroit, MI  48226-3427

<div style="margin-left:40%">

__/s/Deborah M. Ivery_____
Deborah M. Ivery
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
divery@dearborn.gov

</div>