UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,                                                File No. 2:24-CV-10790

    Plaintiff,                                                       Hon. Robert J. White

v.

REGIONAL MANAGED ASSIGNED
COUNSEL OFFICE (RMACO), and
CHIEF JUDGE RONALD LOWE,
SUPERVISING JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO
TERESA PATTON,
in their personal and official
capacities,

    Defendants.

---

# PLAINTIFF SUNDUS JABER'S MOTION TO STRIKE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS PLAKAS AND LOWE

---

    Plaintiff Sundus Jaber, through her counsel, respectfully requests that this Court strike the reply brief filed by Defendants Plakas and Lowe in support of their motion to dismiss (PageID.322-327). This Motion is supported by the accompanying brief filed herewith.

1

Pursuant to Local Civil Rule 7.1(a), counsel for Plaintiff emailed counsel for Defendants Judge Ronald Lowe and Judge James Plakas on August 21, 2024 to determine if they would oppose her Motion to Strike Defendants' Reply to Plaintiff's Response to Motion to Dismiss Plaintiff's First Amended Complaint on Behalf of Defendants Plakas and Lowe. On August 21, 2024, counsel for Defendants Judge Lowe and Judge Plakas responded to Plaintiff's request and stated that she did object to the relief requested in this Motion.

|  |  |  |
|---|---|---|
|  | | PINSKY SMITH, PC<br>Attorneys for Plaintiff |
| Dated:  August 21, 2024 | By: | /s/ Elizabeth Geary<br>Elizabeth L. Geary<br>Sarah Riley Howard<br>146 Monroe Center N.W., Suite 418<br>Grand Rapids, MI 49503<br>(616) 451-8496<br>Egeary@pinskysmith.com<br>showard@pinskysmith.com |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,   File No. 2:24-CV-10790

    Plaintiff,   Hon. Robert J. White

v.

REGIONAL MANAGED ASSIGNED
COUNSEL OFFICE (RMACO), and
CHIEF JUDGE RONALD LOWE,
SUPERVISING JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO
TERESA PATTON,
in their personal and official
capacities,

    Defendants.

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS LOWE AND PLAKAS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS PLAKAS AND LOWE

Plaintiff has asserted claims against Defendants Judges Ronald Lowe and James Plakas under the First Amendment, Michigan's Whistleblower Protection Act (WPA), Mich. Comp. Laws § 15.361 *et seq.*, and Michigan's Elliot Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.* Defendants moved to

3

dismiss those claims based on immunity grounds, arguing that they were entitled to either absolute or qualified immunity on the First Amendment claim and immunity under state law on the WPA and ELCRA claims. Plaintiff filed a response that addressed Defendants' immunity arguments.

Defendants then filed a reply which – for the first time – argued that Plaintiff's WPA and ELCRA claims should be dismissed on the merits. Because Defendants waived those arguments by failing to raise them in their opening brief, Plaintiff requests that the Court strike Defendants Plakas and Lowe's reply brief (ECF No. 25) and decline to consider the new arguments raised in that brief.

## BACKGROUND

In her First Amended Complaint, Plaintiff alleged that Defendants Plakas and Lowe (as well as Defendants Patton and RMACO) were her employers and asserted claims against them under the First Amendment, the WPA, and the ELCRA. In their motion to dismiss, Defendants Plakas and Lowe did not address the merits of those claims, nor did they dispute Plaintiff's allegations that Defendants were her employers. Defendants Plakas and Lowe explicitly accepted Plaintiff's allegations regarding her employment status for the purposes of the motion argued that they were immune. Defendants' brief stated: "For the purposes of this motion ONLY, Defendants accept, as true, Plaintiff's assertion that Defendants are her 'employers.'" (PageID.218.)

Defendants appear to have had second thoughts about their decision to focus on immunity, however, and for the first time in their reply brief argue that

4

Plaintiff's ELCRA and WPA claims should be dismissed on the merits. Defendants argue that Plaintiff was not employed by Defendants and that Plaintiff has failed to demonstrate that Defendants' decision to cut her caseload was based on a protected status under ELCRA. Defendants further argue that they are entitled to absolute immunity because they were not Plaintiff's employer – despite their earlier admission that they accepted such fact as true for purposes of their motion.

## ARGUMENT

It is well-settled that a party may not raise new arguments in a reply. See *Scottsdale Inc. Co. v. Flowers*, 513 F.3d 546, 553. "Reply briefs *reply* to arguments made in the response brief – they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Id.* (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). "Issues raised for the first time in a reply brief are not properly before a court because the other side has no opportunity to respond." *Randy Disselkoen Props., LLC v. Charter Twp. Of Cascade*, No. 1:06-cv-141, 2008 U.S. Dist. LEXIS 1504 (W.D. Mich. Jan. 9, 2008). *See also United States v. Owens*, 457 Fed. App'x 444, 446 (6th Cir. 2012) ("Arguments raised for the first time in a reply brief are waived."). Thus, district courts typically will not consider arguments raised for the first time in a reply brief. *See Appalachian Railcar Servs. v. Boatright Enters.*, 602 F. Supp. 2d 829, 872 n. 24 (W.D. Mich. 2008).

Defendants Plakas and Lowe cannot evade the prohibition on presenting new arguments in a reply by pointing to factual statements that Plaintiff made in

5

response to Defendants' motions to dismiss. Each of the alleged "admissions" cited by Defendants were included in Plaintiff's Amended Complaint:

- Defendant Patton hired Plaintiff. (Am. Comp. ¶ 25, Page ID.114.)

- RMACO pays Plaintiff. (Am. Comp. ¶ 16, Page ID.113-114.)

- Defendant Patton made the decision to have RMACO remove Plaintiff based on requests from Defendants Lowe and Plakas. (Am. Comp. ¶ 62, Page ID.113-125.)

- Defendant Patton told Plaintiff that RMACO would terminate her. (Am. Comp. ¶ 62, Page ID.113-125.)

- Patton is the director of RMACO and its final decision maker on issues of personnel and contracts with public defenders. (Am. Comp. ¶ 8, Page ID.111.)

- Plaintiff reported directly to Defendants Patton and RMACO. (Am. Comp. ¶ 26, Page ID.115.)

- Plaintiff was required to submit to annual performance reviews from RMACO. (Am. Comp. ¶ 26, Page ID.115.)

- Defendant Patton had final authority to decide which public defenders had contracts and what those contracts entailed, including the size of the public defenders' caseload. (Am. Comp. ¶¶ 8, 25, 26, Page ID.111, 114-115.)

- RMACO had authority to establish policy with respect to public defenders' contracts in terms of employment. (Am. Comp. ¶¶ 8, 25, 26, Page ID.111, 114-115.)

Thus, Defendants were aware of Plaintiff's allegations regarding the terms of her employment and had "ample opportunity to raise the issue to the district court before filing [their] reply[.]" *Scottsdale*, 513 F.3d at 553. Defendants chose instead to focus solely on immunity, and to accept as true Plaintiff's allegation that

6

Defendants Plakas and Lowe were also her "employers" as a matter of law.[1] Defendants cannot pursue a new argument in their reply.

Defendants Plakas and Lowe fare no better with their argument that the Court should dismiss Plaintiff's ELCRA claim because her response contains "repeated admissions" that her complaints about courtroom practices motivated Defendants' attempts to remove her from the Court. Plaintiff's "admission" was not new – it was presented clearly in her Amended Complaint as the basis for her First Amendment claim (PageID.127, ¶ 70.)[2] Defendants had ample opportunity to argue the merits of Plaintiff's ELCRA claim in their motion, and they chose not to do so. Thus, the argument was waived and should not be considered by the Court.

Finally, Defendants argue that they are entitled to judicial immunity because they were not Plaintiff's employers. Because Defendants previously made clear that they accepted Plaintiff's allegation that they were her employers for purposes of this

---

[1] The majority of these statements were made in response to Defendants Patton and RMACO's motion, which focused on whether those defendants were Plaintiff's employers. Plaintiff did not flesh out the employment relationship with Defendants Plakas and Lowe in response to their motion for obvious reasons – Defendants Plakas and Lowe accepted Plaintiff's allegation in the Amended Complaint that they were her employers. The fact that Plaintiff can demonstrate that Defendants RMACO and Patton were her employers does not prevent her from also demonstrating that Defendants Lowe and Plakas were, too, since Michigan recognizes the joint employer doctrine. See, e.g., *Bolin v. General Motors, LLC*, No. 16-cv-13686, 2017 U.S. Dist. LEXIS 136665, *31 (E.D. Mich. Aug. 25, 2017).

[2] Plaintiff did not discuss the merits of her ELCRA claim in response to the motion to dismiss from Defendants Plakas and Lowe because it was never raised in their motion. However, even a cursory review of the Amended Complaint makes clear that Plaintiff's ELCRA complaint was not based on Defendants' efforts to remove her from the court, but rather the manner in which they applied courtroom policies to her when she appeared in court.

7

motion, Plaintiff did not address that fact in her response. Defendants cannot take back that admission in a reply brief after Plaintiff's briefing is complete. Accordingly, the Court should not consider Defendants' reply brief arguments about judicial immunity.

## CONCLUSION

The reply submitted by Defendants Plakas and Lowe does not reply to Plaintiff's arguments, as is proper, but instead attempts to raise new arguments. The Court should reject Defendants' attempt to violate the well-established rule that a party may not raise new arguments in a reply. According, Plaintiff requests that the Court strike Defendants' reply brief.

|  |  |
|---|---|
|  | PINSKY SMITH, PC<br>Attorneys for Plaintiff |
| Dated: August 21, 2024       By: | /s/ Elizabeth Geary<br>Elizabeth L. Geary<br>Sarah Riley Howard<br>146 Monroe Center N.W., Suite 418<br>Grand Rapids, MI 49503<br>(616) 451-8496<br>Egeary@pinskysmith.com<br>showard@pinskysmith.com |