UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUNDUS K. JABER, | |
| Plaintiff, | |
| | Case No. 24-CV-10790 |
| v. | |
| | Honorable Robert J. White |
| JUDGE RONALD LOWE, et al., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANTS JUDGE LOWE AND JUDGE PLAKAS**

NOW COMES Plaintiff, Sundus K. Jaber, pursuant to E.D. Mich. Local Rule 7.1(h)(2)(A), and respectfully moves the Court to reconsider its decision to dismiss her First Amendment retaliation claim against Defendants Judge Ronald Lowe and Judge James Plakas ("Judicial Defendants") based on qualified immunity.

---

[1] Plaintiff respectfully notes that the 35th District Court was removed from the list of defendants when she filed her amended complaint. Although the removal may be of limited significance, Plaintiff references it here because a minor change buried within a caption is unlikely to be noticed by anyone who did not make the revision.

1

**BRIEF IN SUPPORT OF MOTION**

On September 19, 2025, this Court issued an Order (1) denying Plaintiff's Motion to Strike and (2) granting in part and denying in part Defendants' respective motions to dismiss. (9/19/25 Order.) Pertinent to this motion, the Court held Plaintiff had not met her burden to refute Judicial Defendants' assertion of qualified immunity because "Plaintiff provides no case law involving or even substantially similar to First Amendment retaliation by a non-employer who merely affected the plaintiff's employment." (9/19/25 Order, PageID.404.)

Plaintiff alleged in her Amended Complaint that Judicial Defendants were her employers as a matter of law. (Am. Compl. ¶6-7, PageID.111.) As the Court recognized, Judicial Defendants' motion to dismiss "accept[ed], as true, Plaintiff's assertion that Defendants are her 'employers'" for purposes of the motion. (9/19/25 Order, PageID.363.) Nevertheless, the Court's Order ultimately concluded that Judicial Defendants were not Plaintiff's employer. Since there was no dispute about the employment relationship when Plaintiff filed her response to the motion, citing cases involving actions of a non-employer did not appear necessary or appropriate.[2]

---

[2] Judicial Defendants first raised a question as to whether they were Plaintiff's employer in their reply brief, a brief to which the Local Rules do not provide for a response. *See* E.D. Mich. LR 7.1(e). Plaintiff moved to strike Judicial Defendants' reply brief on the basis that it raised new arguments. However, the Court ultimately denied that motion. (9/19/25 Order, PageID.368-369.)

Accordingly, Plaintiff respectfully requests that the Court consider the case law discussed below regarding First Amendment retaliation and non-employers, in light of both the Court's ruling and the issue raised by Judicial Defendants in their reply brief, as set forth in footnote 2.

Courts consider a right "clearly established" if a reasonable government official would understand that his actions violate the right. *Baynes v. Cleveland*, 799 F.3d 600, 610 (6th Cir. 2010). The focus of the inquiry is whether the state of the law provided officials with "fair warning" putting them "on notice" that their conduct was unlawful. *Id.* In determining that a right is clearly established, it is not necessary that the "very act in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). On the contrary, "officials can still be on notice that their conduct violates clearly established law even in novel factual circumstances." *Id.* at 741. Thus, a plaintiff need not provide cases that are fundamentally or materially similar to defeat a claim of qualified immunity. *See id.*

Judicial Defendants asserted that they are entitled to qualified immunity because their actions amounted to courtroom management, which no reasonable person would know was unlawful. (PageID.229.) However, this Court made clear that the actions alleged amount to more than a simple effort at "courtroom management" by Judicial Defendants. (9/19/25 Order, PageID.383.) Rather,

3

Plaintiff alleged that Judicial Defendants effectuated a "blanket ban" on Plaintiff's appearance in a current case, and future cases, in front of Judge Plakas, "effectively prohibiting her from making a living." (*Id.*)

The law establishes that a non-employer who affects an individual's employment based on the individual's protected conduct violates the First Amendment. There is no question that "a retaliatory adverse action is one that would deter a person of ordinary firmness from continuing to engage in that conduct." *Josephson v. Ganzel*, 115 F.4th 771, 789 (6th Cir. 2024) (internal quotations omitted). The Sixth Circuit has further held that "campaigns of harassment, when considered as a whole, may amount to adverse actions." *Id.* (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010)). Moreover, it is "also established that "legitimate threats to the nature and existence of one's ongoing employment is of a similar character to the other recognized forms of adverse action—termination, refusal to hire, etc.—even if perpetrated by a third party who is not the employer." *Josephson*, 115 F.4th at 789 (quoting *Fritz*, 592 F.3d at 728) (internal quotations omitted) (emphasis added).

The Sixth Circuit's ruling in *Fritz*, 592 F.3d 718, is instructive. In that case, the plaintiff provoked the ire of local elected officials when she spoke out at township meetings. *Id.* at 720-21. A township supervisor called the plaintiff's employer to

complain about her activities and suggested that the plaintiff's actions could hurt the employer's business. *Id.* at 721. In response, the plaintiff's employer asked the plaintiff to change her behavior and ultimately fired plaintiff. *Id.*

The *Fritz* court held that "[a] person of ordinary firmness would be deterred from engaging in protected conduct, if as a result, a public official encouraged her employer to terminate the person's contract or to have her change her behavior." *Id.* at 726. The fact that a public official has no ability to fire the individual is not dispositive, particularly where the public official has the "power to substantially affect" the employer's business. *Id.* The court explained that actions designed to threaten an individual's livelihood would likely deter a person of ordinary firmness from engaging in protected conduct. *Id.* at 728. Thus, "a credible threat to the nature and existence of one's ongoing employment is of a similar character to the other recognized forms of adverse action—termination, refusal to hire, etc.—even if perpetrated by a third party who is not the employer." *Id.*

The Sixth Circuit went even further in its decision in *Josephson*, 115 F.4th 771. In that case, the plaintiff alleged that the university where he taught failed to renew his contract because of controversial comments that the plaintiff made at a conference. *Id.* at 777. The plaintiff sued not only those individuals who made the decision, but also supervisors in his department who were not decisionmakers as to

5

his employment. *Id.* at 787. The court concluded that the plaintiff had a viable First Amendment retaliation claim against the chair of his department, who "tried to impact what [the plaintiff] said to his students." *Id.* The court also allowed claims against two other supervisors because the plaintiff alleged that those individuals "began tracking [the plaintiff's] behavior" to provide documentation that could later be used to justify non-renewal of his contract. *Id.* at 788. The court further rejected the non-decisionmakers' argument that they were entitled to qualified immunity, relying in large part on *Fritz*, 592 F.3d 78. The court found that threats to employment by third parties constituted the type of adverse action necessary for a First Amendment retaliation claim. *Josephson*, 115 F.4th at 789.

In concluding that Judicial Defendants were not entitled to absolute immunity, the Court focused on the allegations that: (1) Judicial Defendants pressured Defendant Patton to remove Plaintiff, (2) they effectuated a "blanket ban" against Plaintiff in a significant number of future cases, (3) their pressure had the effect of prohibiting her from making a living, and (4) they acted to "effectuate a blanket ban against Plaintiff in a large subset of both current and future cases." (9/19/25 Order, PageID.384-385.) For the same reasons as the analysis in *Josephson* and *Fritz*, Judicial Defendants are not entitled to qualified immunity. The state of the law is sufficiently clear that Judicial Defendants were on notice that they could not

6

threaten Plaintiff's employment and livelihood. *See Josephson*, 115 F.4th at 789; *Fritz*, 592 F.3d at 728. Judicial Defendants' efforts to remove Plaintiff from her position because of her protected conduct violated clearly established law.

In consideration of the foregoing, Plaintiff respectfully requests reconsideration of the decision to grant qualified immunity to Judicial Defendants pursuant to E.D. Mich. LR 7.1(h)(2)(A). Plaintiff could not have anticipated that Judicial Defendants would contest the employment relationship when she filed her response; therefore, she had no opportunity to provide case law addressing First Amendment retaliation by non-employers. Accordingly, Plaintiff respectfully moves the Court to consider the case law and arguments provided and find that Judicial Defendants are not entitled to qualified immunity on Plaintiff's claim for First Amendment retaliation.

Respectfully submitted,

Date: 12/03/2025

By: *Sundus K. Jaber*
Sundus K. Jaber
Plaintiff, Pro Se

7

## **STATEMENT OF CONCURRENCE PURSUANT TO LOCAL RULE 7.1(a)**

In compliance with E.D. Mich. Local Rule 7.1(a), Plaintiff emailed counsel for the Defendants on December 3rd, 2025, to seek concurrence for "Plaintiff's Motion for Reconsideration of Order Dismissing the First Amendment Retaliation Claim Against Judicial Defendants," and attached a copy of the motion to be filed. Their respective responses were:

1. Attorney for Defendants RMACO & Patton, Jeremy Romer, did not concur.
2. Attorney for the Judicial Defendants, Lauri Stewart, did not concur.

                                              Respectfully submitted,

Date: 12/03/2025                          By: *Sundus K. Jaber*

                                                    Sundus K. Jaber
                                                    Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUNDUS K. JABER,<br><br>  Plaintiff,<br><br>v.<br><br>JUDGE RONALD LOWE, et al.,<br><br>  Defendants. | Case No. 24-CV-10790<br><br>Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM PURSUANT TO CASE MANAGEMENT REQUIREMENTS**

I, Sundus K. Jaber, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following:

☑ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☑ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☑ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☑ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☑ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

■ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

■ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

Respectfully submitted,

Date: 12/03/2025         By: *Sundus K. Jaber*
                             Sundus K. Jaber
                             Plaintiff, Pro Se