UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUNDUS K. JABER,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE RONALD LOWE, et al.,<br><br>        Defendants. | Case No. 24-CV-10790<br><br><br>Honorable Robert J. White |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING OF MOTION FOR RECONSIDERATION**

NOW COMES Plaintiff, Sundus K. Jaber, pursuant to the Court's inherent power, "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and respectfully moves the Court to stay all proceedings until the Court has had the opportunity to rule on her concurrently filed Motion for Reconsideration.

The accompanying Brief in Support demonstrates that a full but brief stay is warranted under the law. Despite the foregoing, Plaintiff acknowledges that the

1

Court is the most qualified to determine the optimal management of its docket, to identify the most efficacious course of action, and to assess what is just, equitable, and prudent. While seeking the relief set forth below, Plaintiff defers to the Court's discretion and authority to determine the relief most appropriate after considering the arguments presented.

## BRIEF IN SUPPORT OF MOTION TO STAY

### I. BACKGROUND

On September 19, 2025, this Court issued an Order (1) denying Plaintiff's Motion to Strike and (2) granting in part and denying in part Defendants' respective motions to dismiss. (9/19/25 Order.) Pertinent to this motion, the Court held Plaintiff had not met her burden to refute Judicial Defendants' assertion of qualified immunity because "Plaintiff provides no case law involving or even substantially similar to First Amendment retaliation by a non-employer who merely affected the plaintiff's employment." (9/19/25 Order, PageID.404.)

Plaintiff alleged in her Amended Complaint that Judicial Defendants were her employers as a matter of law. (Am. Compl. ¶6-7, PageID.111.) As the Court recognized, Judicial Defendants' motion to dismiss "accept[ed], as true, Plaintiff's assertion that Defendants are her 'employers'" for purposes of the motion. (9/19/25 Order, PageID.363.) Nevertheless, the Court ultimately concluded that Judicial Defendants were not Plaintiff's employers when resolving the First Amendment

2

claim. Since there was no dispute about the employment relationship when Plaintiff filed her response to the motion, citing cases involving actions of a non-employer did not appear necessary or appropriate.[1]

Plaintiff has concurrently filed a Motion for Reconsideration, which explains in detail the issue referenced above and provides the necessary authority for the Court to reinstate her First Amendment claim against Judicial Defendants Judge Lowe and Judge Plakas. ("Judicial Defendants.")

Plaintiff recognizes that motions for reconsideration are rarely granted and maintaining objectivity can be challenging for a *pro se* litigant. Despite those factors, Plaintiff maintains confidence in the merits of the Motion for Reconsideration, assuming the Court will rule consistently with its 9/19/25 Order. The Order's length alone, particularly when compared to Plaintiff's Amended Complaint, demonstrates that substantial time and careful deliberation were invested to ensure the rulings were just. The Court's ruling also makes evident that the Court would not, even subtly, be influenced by any party's status as a member of the judiciary. An effort that requires intentionality, since well-intentioned jurists could subconsciously be influenced by such factors when making their rulings.

---

[1] Judicial Defendants first raised a question as to whether they were Plaintiff's employer in their reply brief, a brief to which the Local Rules do not provide for a response. *See* E.D. Mich. LR 7.1(e). Plaintiff moved to strike Judicial Defendants' reply brief on the basis that it raised new arguments. However, the Court ultimately denied that motion. (9/19/25 Order, PageID.368-369.)

3

These observations partly form the basis for Plaintiff's confidence that the Court will seriously consider the merits of the pending Motion for Reconsideration, which carries a reasonable probability of reinstating the First Amendment claim.

Relevant to the necessity of a stay, the operative claim currently pending against the Judicial Defendants is the Elliott-Larsen Civil Rights Act (ELCRA) claim. A favorable ruling on the Motion for Reconsideration would reinstate the First Amendment claim and require discovery to proceed on a broader and materially different foundation. A brief stay now would avoid an inevitable restart of the discovery schedule, prevent duplicative discovery efforts, promote judicial economy, and ensure that discovery proceeds once, in a streamlined and efficient manner, after the Court has the opportunity to rule on Plaintiff's Motion for Reconsideration.

## II. LEGAL STANDARD

Federal courts have the inherent authority to stay proceedings in the interests of fairness and judicial efficiency. *Landis v. North American Co.*, 299 U.S. 248, 254- 255. The decision to grant or deny a stay is committed to the sound discretion of the court, and the request is properly brought pursuant to Rule 7(b) of the Federal Rules of Civil Procedure.

In the Sixth Circuit, courts apply the three Landis factors when determining whether a stay is appropriate. *F.T.C. v. E. M. A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). These factors are:

1. Whether a stay would promote judicial economy and the orderly course of justice. This includes whether a stay would simplify issues or conserve the resources of the court and the parties.

2. Whether denying a stay would result in hardship or inequity to the moving party.

3. Whether a stay would prejudice the non moving party.

The court must balance these competing interests, mindful that a stay is an exercise of judgment that requires weighing the circumstances of the case. *Landis*, 299 U.S. at 254-255. A stay may be granted when it prevents hardship to the moving party, does not unduly harm the opposing party, and promotes efficiency and fairness in the proceedings.

When weighed against the specific posture of this case, the three Landis factors overwhelmingly favor a short stay pending the ruling on the Motion for Reconsideration.

## III. ARGUMENT

### A. JUDICIAL ECONOMY STRONGLY FAVORS A BRIEF STAY

A district court has the inherent power to stay proceedings to manage its

docket efficiently, a power justified when a stay promotes "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In the Sixth Circuit, a stay is appropriate where it serves to "promote judicial economy, avoid inconsistent results, and conserve the resources of the parties." *E.M.A. Nationwide, Inc.*, 767 F.3d at 626.

Judicial economy is best served by a brief stay. Plaintiff's Motion for Reconsideration directly impacts whether a complex and broader federal constitutional claim will be reinstated. That claim would involve a more expansive discovery process, particularly with respect to materials from the 35th District Court. Initiating discovery with the ELCRA claim only now would not shorten or simplify the case; it would lengthen it, because the broader discovery obligations would still need to be carried out after the Court resolves the Motion for Reconsideration.

A single, unified discovery process is the most efficient approach, and a brief stay at this stage ensures the case proceeds in an orderly and coordinated manner. Granting a stay at this juncture allows for a process consistent with the principles reflected in Federal Rule of Civil Procedure 26(b)(2)(C), which requires that discovery be limited if it is "unreasonably cumulative or duplicative."

Otherwise, beginning discovery now risks imposing duplicative and avoidable costs on all parties and would run directly counter to the "economy of time and effort" emphasized in Landis.

The timing of this request maximizes efficiency. Since a Rule 16 Scheduling Conference has not been held, the discovery period has not formally commenced.

## B.  A STAY IS WARRANTED TO PREVENT THE "HARDSHIP OR INEQUITY" THAT LANDIS REQUIRES COURTS TO AVOID

Plaintiff is the only party whose litigation costs are not supported by taxpayer funds. If discovery proceeds at this juncture, Plaintiff will incur duplicative and avoidable expenses in preparing for the surviving claims. Should the Court grant the Motion for Reconsideration and reinstate the First Amendment claim, the discovery process would inevitably restart, imposing unnecessary and uneven litigation costs upon Plaintiff.

Ordering a short stay would impose no objective loss on Defendants, whose litigation expenses have been funded by taxpayer resources from the outset of this matter. It would not meaningfully advance the efficient resolution of the case. In contrast, proceeding prematurely risks inefficient, piecemeal discovery and unnecessary expenditure of limited private resources.

The Court possesses the inherent authority to control its docket and stay proceedings when doing so promotes an orderly, efficient, and equitable process for

all parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). Requiring Plaintiff to incur potentially wasted costs where the alternative is a brief pause constitutes precisely the type of "hardship or inequity" that warrants a temporary stay. The balancing of equities therefore weighs decisively in favor of economic prudence and efficiency.

## C. DEFENDANTS CANNOT DEMONSTRATE THE UNDUE PREJUDICE REQUIRED TO DEFEAT A LANDIS STAY

Defendants will not suffer the undue prejudice necessary to overcome the Landis factors. A brief stay conditioned upon the Court's ruling on the Motion for Reconsideration will not cause any substantial or legally cognizable harm.

Since the Motion for Reconsideration impacts only the Judicial Defendants, the absence of prejudice is even clearer when turning to their position. The requested relief would not harm the Judicial Defendants, and in fact would operate to their benefit. Absent a stay, the Judicial Defendants would be required to engage in discovery directed solely to the ELCRA claim, only to necessitate a full restart should the First Amendment claim be reinstated. Conversely, a brief stay would allow discovery to proceed once, thereby streamlining the entire discovery process, ensuring efficiency, reducing duplicative work, and minimizing unnecessary demands on their time.

Accordingly, the requested stay will cause no undue prejudice to any Defendant and is fully warranted under the Landis analysis.

8

**CONCLUSION**

The established legal factors governing the Court's inherent authority decisively support the entry of a short stay. The combined weight of the enhanced judicial economy, the substantial hardship to the moving party, and the lack of undue prejudice to the non-moving party demonstrate that a brief pause in discovery is warranted.

By granting a short stay, the Court promotes judicial economy and the procession of litigation in a streamlined and efficient manner once all claims are defined by the ruling on the Motion for Reconsideration. A brief stay simultaneously prevents the imposition of avoidable, duplicative costs upon the Plaintiff, whose litigation is not publicly funded, thereby satisfying the "hardship or inequity" standard in Landis.

Plaintiff asserts that a full but short stay is warranted under the law for all the foregoing reasons. Plaintiff also recognizes that the Court is the most qualified to determine the optimal management of its docket, to identify the most efficacious course of action, and to assess what is just, equitable, and prudent. While seeking the relief set forth below, Plaintiff defers to the Court's authority and discretion to grant whatever relief it finds necessary when balancing the competing interests against the Landis factors.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Sundus K. Jaber, respectfully moves that this Court:

1. Grant the Motion to Stay Proceedings pending the Court's ruling on the concurrently filed Motion for Reconsideration;

2. Adjourn the Rule 16 Scheduling Conference scheduled for December 16, 2025;

3. In the alternative, grant a limited stay and specify which proceedings and aspects of discovery will be stayed until the Court rules on the concurrently filed Motion for Reconsideration;

4. Grant any other relief the Court finds just and proper.

Respectfully submitted,

Date: 12/03/2025      By: *Sundus K. Jaber*
                        Sundus K. Jaber
                        Plaintiff, Pro Se

## **STATEMENT OF CONCURRENCE PURSUANT TO LOCAL RULE 7.1(a)**

In compliance with E.D. Mich. Local Rule 7.1(a), Plaintiff emailed counsel for the Defendants on December 3rd, 2025, to seek concurrence for "Plaintiff's Motion To Stay Proceedings Pending Ruling Of Plaintiff's Motion For Reconsideration of Order Dismissing the First Amendment Retaliation Claim Against Judicial Defendants." Their respective responses were:

1. Attorney for Defendants RMACO & Patton, Jeremy Romer, did not concur.
2. Attorney for the Judicial Defendants, Lauri Stewart, did not concur.

Respectfully submitted,

Date: 12/03/2025        By: *Sundus K. Jaber*
                             Sundus K. Jaber
                             Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUNDUS K. JABER, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE RONALD LOWE, et al., <br><br> Defendants. | Case No. 24-CV-10790 <br><br> Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM PURSUANT TO CASE MANAGEMENT REQUIREMENTS**

I, Sundus K. Jaber, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following:

☑ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☑ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☑ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☑ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

- ☑ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

- ■ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

- ■ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

 

 

Respectfully submitted,

Date: 12/03/2025	By: *Sundus K. Jaber*
                                              Sundus K. Jaber
                                              Plaintiff, Pro Se