# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SUNDUS JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO
TERESA PATTON,
in their personal and official
capacities,

     Defendants.

Case No. 2:24-cv-10790-MAG-EAS

Hon. District Judge Mark A. Goldsmith

---

## RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING OF MOTION FOR RECONSIDERATION ON BEHALF OF DEFENDANTS PLAKAS AND LOWE

### Introduction and Background

Plaintiff seeks a stay on all proceedings until a decision has been rendered on her Motion for Reconsideration – which is specific to the dismissal of her First Amendment Retaliation claim against the judicial Defendants. As aptly noted in Plaintiff's submission, Motions for Reconsideration are rarely granted. The likelihood of success is undeniably further reduced when such a Motion, as here, fails completely to provide the court with the appropriate authority and/or

demonstrate "*palpable* error by which the court and the parties have been *misled*" (See LR 7.1(h)(3) (emphasis added).  Additionally, the failure of the Motion to demonstrate, or even argue, that the purported error, if corrected, would "result in a different disposition of the case", portends denial.   Further, the premise of the reconsideration request (that Plaintiff was deprived of an earlier opportunity to present the case law on which she now seeks to rely) is fallacious.  The crux of Defendants' qualified immunity argument was as follows:

> Qualified immunity exists where actions taken under color of state law were "objectively reasonable". *Barrett*, supra.; *Cameron*, supra. Actions are not objectively reasonable when they violate "clearly established" law. *Id*. To be clearly established, the unlawfulness of the conduct must be supported by enough legal precedent that the unlawfulness would be apparent to a reasonable person. *Id*. *In order to overcome qualified immunity, Plaintiff would have to show that a reasonable person would know, based on established precedent, that requesting to limit the appearance of an attorney in a courtroom where she alleged conflict with, and questioned the integrity of, the staff is unlawful.* This is an insurmountable obstacle given that the above case law tells us otherwise. It is axiomatic that a reasonable judge would not know that it is unlawful for him to make a request aimed at controlling and/or managing what cases he will hear and to whom they are assigned when the aforementioned law permits that very thing… (Emphasis added).

Plaintiff was, or should have been, aware of Defendants' position that the law supported qualified immunity and that there was no "clearly established" case law to the contrary.  It was the similar factual circumstances, not the existence, or lack thereof, of an employment relationship, that underscored this position.   Any authority which Plaintiff believed to clearly establish that Defendants should have known that their actions violated her rights could have and should have been provided at that time.  The Motion for Reconsideration is nothing more than Plaintiff

asking for a re-do, which court rules and case law do not permit. [1]  Granting the Motion to Stay to accommodate a meritless Motion for Reconsideration would merely be capitulating to more delay tactics.

The Complaint in this case was filed on 3/28/24, nearly two years ago.  There has been zero discovery.  It is axiomatic that the Judicial Defendants vehemently dispute the allegations and are anxious for a conclusion in their favor, whether through Trial or further dispositive relief.  The longer it takes to begin discovery, the longer the defendants will be mired by the disputed allegations.  It is both naïve and solipsistic for Plaintiff to claim that further delay is immaterial and not prejudicial.  This is particularly so given that the Order from which Plaintiff seeks reconsideration was issued on 9/19/25, *nearly 3 months ago!*  L.R. 7.1(h)(1) requires Motions for Reconsideration to be filed no later than 14 days after the Order, which, in this case, would have been 10/3/25.  The court already accommodated Plaintiff's request for a delayed filing based on the withdrawal of her attorney (which happened on 11/3/25) and the representation that she intended to retain new counsel (which

---

[1] This is not intended to be a substitute for a Response to the Motion for Reconsideration, although Defendants would respectfully request an opportunity to do so.

has not happened) before she could file the Motion.  The requested stay appears to be another effort to exploit the court's good graces.[2]

## Law and Argument

A stay of proceedings is an extraordinary remedy, appropriate only where the moving party demonstrates that it will suffer "clear hardship or inequity" if required to proceed. *Landis*, 299 U.S. at 255. Stays are appropriate only in rare or exceptional circumstances, such as when the outcome of separate proceedings may render further litigation unnecessary. *Id.* at 255–56. A pending Motion for Reconsideration does not, by itself, justify a stay, and Plaintiff has cited no case law to support such a proposition.

Plaintiff relies on *Landis v. North American Co.*, 299 U.S. 248 (1936), for the proposition that a court may stay proceedings in the exercise of its inherent authority to control its docket. While it is true that the court maintains broad discretion to manage the pace of litigation, the same discretion supports **denying** Plaintiff's motion. This Court has already exercised considerable discretion by adjourning the Rule 16 conference and extending the time for filing a Motion for Reconsideration, both of which were supposed to be for the purpose of allowing Plaintiff to retain new

---

[2] Plaintiff's apparent attempt to manipulate the court is further evidenced by her commentary about judicial integrity which, although disguised as a compliment, appears to be nothing more than an attempt to "warn" the court that a decision which favors "fellow judges" will be perceived by her as biased.  Further, the repeated accusation about the defense being "taxpayer funded" is ill-informed, immaterial, and clearly designed to curry favor and sympathy from the court.

counsel, which she has not done.  This case has been pending for nearly two years without the commencement of discovery, and further delay would be prejudicial to the Judicial Defendants and contrary to the interests of judicial economy.

In *Landis*, the Supreme Court granted a stay because the viability of the lawsuit in question depended entirely on the outcome of prior litigation regarding the constitutionality of a federal statute. *Id.* at 254–55. If the defendants in *Landis* had prevailed in the prior suits and the statute had been declared unconstitutional, the plaintiff's action against the company would have been dismissed and all discovery and litigation efforts expended in the meantime would have been wasted. *Id.* at 256. The stay, therefore, conserved judicial resources and prevented avoidable expenditure by the parties.

By contrast, Plaintiff's Motion for Reconsideration here addresses only the Court's dismissal of *one* of her claims.  The existence of this single claim will not fundamentally change discovery, particularly given that the *same claim* (1st Amendment retaliation) *remains* a viable cause of action against the co-defendant. This is clearly a delay tactic.  Although Plaintiff argues that it is in the interest of judicial, as well as her own, economy, to stay the proceedings, her boilerplate arguments are not supported by any facts, evidence or law. Further, the expense of the litigation is not likely to be affected whether there are one vs. two viable claims against the Judicial Defendants. Proceeding with discovery now will not be a wasted

effort, as the parties must eventually engage in discovery on this claim regardless of how the Court rules on reconsideration. Unlike *Landis*, there is no scenario in which discovery would be rendered entirely moot.

Under *Landis*, a stay is appropriate only when the moving party demonstrates that it will suffer "clear hardship or inequity" absent a stay. *Id.* at 255. Plaintiff cannot meet this standard. As mentioned, she has already received the benefit of several delays. Her pending Motion for Reconsideration does not change the fact that discovery must move forward on the remaining claims, which still include a 1st Amendment retaliation claim, albeit against the co-defendants. Allowing Plaintiff to pause proceedings now would reward strategic delay and unfairly prejudice the Judicial Defendants, who are anxious for a resolution which necessarily requires that discovery be conducted. Granting Plaintiff's requested stay would only postpone inevitable discovery, further extending the duration of a case that has already been pending for an extended period. Proceeding with discovery now promotes the efficient administration of justice, prevents avoidable prejudice against the Judicial Defendants, and respects the Court's interest in moving cases forward without undue delay.

WHEREFORE, Defendants respectfully request that this honorable court deny Plaintiff's Motion to Stay and further grant Defendants an opportunity to respond to the Motion for Reconsideration.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:  */s/Lauri B. Stewart*

 Lauri B. Stewart (P55014)
Attorney for Defendants Lowe and Plakas
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

Dated: December 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

By: */s/Crystal R. Maynor*
Crystal R. Maynor, Legal Assistant
KERR, RUSSELL AND WEBER, PLC