UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| SUNDUS K. JABER, | |
| Plaintiff, | |
| | Case No. 24-CV-10790 |
| v. | |
| | Honorable Robert J. White |
| JUDGE RONALD LOWE, et al., | |
| Defendants. | |

**PLAINTIFF'S REPIY TO DEFENDANTS RESPONSE PLAINTIFF'S
MOTION  TO STAY**

NOW COMES Plaintiff, Sundus K. Jaber, in reply to Judicial Defendants'
response to Plaintiff's Motion to Stay, and states the following:

The grounds for a short stay are articulated in detail in Plaintiff's Motion to
Stay, ECF No. 48, and Plaintiff will not burden the Court by repeating those
arguments here unless the Court requests further briefing.

Contrary to Judicial Defendants' allegations, Plaintiff's motives in seeking a
stay are genuine and warranted. Undoubtedly, if Plaintiff's reconsideration motion
is granted and the First Amendment Retaliation claim against the judicial

defendants may be prosecuted, discovery tailored to this claim concerning the Judicial Defendants would be warranted, and a different disposition of the case would result. Notably, the Judicial Defendants have not articulated how a stay would be prejudicial to them, which is one of the three Landis factors that must be balanced.

Judicial Defendants' assert that reinstating Plaintiff's First Amendment claim "will not fundamentally change discovery," (ECF No. 49, PageID.526) In light of that assertion, if the Judicial Defendants would stipulate that Plaintiff can conduct discovery on the First Amendment Retaliation claim, which is the subject of the motion for reconsideration, while that motion remains pending and decisional, Plaintiff will immediately draft a stipulation and withdraw the motion for stay.

To be sure, Plaintiff is looking forward to her day in court. Thus, she wants this case to move forward and does not benefit for a stay without reason.  Certain delays have occurred[1].

Plaintiff recognizes that the case has been pending for nearly two years and discovery has not commenced.  However, discovery has been attempted by Plaintiff but prevented in large part by the Judicial Defendants and their attorney,

---

[1] Plaintiff remains available to answer questions and provide information to the *Court* at the Court's discretion.

Ms. Stewart.  To illustrate briefly[2], attached as exhibit one is an email thread demonstrating Judicial Defendants' attorney thwarting Plaintiff's former attorney, Mrs. Howard, from interviewing and obtaining evidence from the former Court Administrator of the 35th District Court, Pam Avdoulos. Mrs. Avdoulos' testimony goes directly to Plaintiff's claims.

Mrs. Avdoulos was employed by the Court for about 20 years but resigned her position about nine months after this matter was filed due to the way the Judicial Defendants treated her.  The maltreatment was a direct result of the way Mrs. Avdoulos handled Plaintiff's Request for Investigation (RFI), even though Mrs. Avdoulos conducted the investigation under the supervision of the Court's labor attorney. Mrs. Howard called after Mrs. Avdoulos' resignation and permission to do so.[3]

Additionally, all of Judge Gerou's emails that substantiate Plaintiff's claims went missing from his work email on April 29th, 2024, which he reported to Ms. Avdoulos and the 35th District Court's IT administrator. That incident occurred six days after Mrs. Howard emailed Ms. Stewart Plaintiff's litigation hold.

---

[2] Should the Court be interested in more information or more examples, Plaintiff will disclose. If the Court would prefer to speak directly to Mrs. Avdoulos or Judge Gerou, Plaintiff can provide their contact information.

[3] Ms. Stewart was aware that the 35th District Court was removed as a party when Plaintiff amended her complaint before sending her initial email to Mrs. Howard and did not represent Mrs. Avdoulos.

**JUDICIAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION[4]**

Plaintiff articulated the basis for her Motion for Reconsideration in ECF No. 47 and will not burden the Court by repeating those arguments here unless the Court requests further briefing. However, Plaintiff will briefly address errors in the Judicial Defendants' response.

The Judicial Defendants fault Plaintiff for failing to "demonstrate '*palpable* error by which the court and the parties have been *misled*' (See LR 7.1(h)(3) (emphasis added)" and they insist that "the failure of the Motion to demonstrate, or even argue, that the purported error, if corrected, would 'result in a different disposition of the case[,]'[] portends denial." (ECF No. 49, PageID.523) Plaintiff notes that the Judicial Defendants rely on the wrong legal standard, as the language they quote was formerly part of E.D. Mich. LR 7.1(h)(3), but was removed when the rule was amended, effective December 1, 2021.

They further state, "The likelihood of success is undeniably further reduced when such a Motion, as here, fails completely to provide the court with the

---

[4] In more than two pages of their Response to the Motion to Stay, the Judicial Defendants set forth arguments in response to Plaintiff's motion for reconsideration. Such a response is not only unauthorized, but also in direct violation of E.D. Mich. L.R. 7.1(h)(3), which unequivocally prohibits the filing of responses to motions for reconsideration unless ordered by the Court. This unsanctioned response constitutes grounds for a motion to strike but does not warrant the Court's time to do so.

appropriate authority." (ECF No. 49, PageID.522). However, that is unsupported by the record as reflected in the image below (ECF No. 47, PageID.499). Although, Plaintiff did not cite the language in E.D. Mich. Local Rule 7.1(h)(2)(A), which states the Court made a mistake, that was done intentionally.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANTS JUDGE LOWE AND JUDGE PLAKAS**

---

NOW COMES Plaintiff, Sundus K. Jaber, pursuant to E.D. Mich. Local Rule 7.1(h)(2)(A), and respectfully moves the Court to reconsider its decision to dismiss her First Amendment retaliation claim against Defendants Judge Ronald Lowe and Judge James Plakas ("Judicial Defendants") based on qualified immunity.

Respectfully submitted,

/s/ [Sundus K. Jaber]
Sundus K. Jaber
Plaintiff, Appearing Pro Se
Dated: December 16, 2025

# Exhibit 1

 **Gmail**                                                 **Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>**

## FW: Jaber - Pam Avdoulos

**Sarah Riley Howard** <showard@pinskysmith.com>                           Fri, May 16, 2025 at 5:33 PM
To: Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>
Cc: Shoran Williams <swilliams@pinskysmith.com>, Elizabeth Geary <egeary@pinskysmith.com>, Natasha Robertson <NRobertson@pinskysmith.com>

**From:** Lauri Stewart <lstewart@kerr-russell.com>
**Sent:** Friday, May 16, 2025 5:20 PM
**To:** Sarah Riley Howard <showard@pinskysmith.com>
**Cc:** Natasha Robertson <NRobertson@pinskysmith.com>
**Subject:** RE: [External] Jaber - Pam Avdoulos

Sarah,

Can you please point me in the direction of some authority that you think would obligate me to share with my opposition the content of my conversations with a representative of my former client?

**Lauri B. Stewart**
*Attorney*

 **KERR RUSSELL**
**150 YEARS** OF LEGAL INNOVATION

**Kerr, Russell and Weber, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.

**From:** Sarah Riley Howard <showard@pinskysmith.com>
**Sent:** Friday, May 16, 2025 12:39 PM
**To:** Lauri Stewart <lstewart@kerr-russell.com>

**Cc:** Natasha Robertson <NRobertson@pinskysmith.com>
**Subject:** [EXTERNAL] Re: [External] Jaber - Pam Avdoulos

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lauri,

What I really want to know, and you have not directly answered so far, is whether you told Ms. Avdoulos that it was unethical for me to talk to her, or if you said anything that could have given her any impression that it was somehow not allowed for me to talk to her. I thought you might be more willing to discuss this over the phone since you haven't answered this question in writing yet. If you can give me an answer to that question in writing, you are correct that there is not a need for a phone call.

Thank you,

Sarah

Get Outlook for iOS

---

**From:** Lauri Stewart <lstewart@kerr-russell.com>
**Sent:** Friday, May 9, 2025 9:43:00 AM
**To:** Sarah Riley Howard <showard@pinskysmith.com>
**Cc:** Natasha Robertson <NRobertson@pinskysmith.com>
**Subject:** RE: [External] Jaber - Pam Avdoulos

Can you please provide more insight about what you hope to accomplish with such a conference?  I am unclear…

**Lauri B. Stewart**
*Attorney*



**Kerr, Russell and Weber, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.

**From:** Sarah Riley Howard <showard@pinskysmith.com>
**Sent:** Friday, May 9, 2025 8:18 AM
**To:** Lauri Stewart <lstewart@kerr-russell.com>
**Cc:** Natasha Robertson <NRobertson@pinskysmith.com>
**Subject:** [EXTERNAL] RE: [External] Jaber - Pam Avdoulos

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lauri – I haven't heard from you about scheduling this phone call. I have most of this Monday, May 12, available. What time would work for you?

Thank you,

Sarah

**From:** Sarah Riley Howard
**Sent:** Thursday, May 1, 2025 7:57 AM
**To:** Lauri Stewart <lstewart@kerr-russell.com>
**Subject:** RE: [External] Jaber - Pam Avdoulos

Lauri – I would like to discuss this further with you, specifically to discuss whether you told Ms. Avdoulos that I was not ethically permitted to interview her or something to that effect, regardless of whether you believe her position was related to that issue. Do you have time for a call today?

Thank you,

Sarah

**From:** Lauri Stewart <lstewart@kerr-russell.com>
**Sent:** Thursday, April 24, 2025 1:25 PM
**To:** Sarah Riley Howard <showard@pinskysmith.com>
**Subject:** RE: [External] Jaber - Pam Avdoulos

Sarah,

As I understand it, Ms. Avdoulos' position regarding meeting you informally was related only to her level of discomfort and her lack of obligation to do so.  Feel free to call if you wish to further discuss.

Lauri

**Lauri B. Stewart**
*Attorney*



**KERR RUSSELL**
**150 YEARS** OF LEGAL INNOVATION

**Kerr, Russell and Weber, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.

**From:** Sarah Riley Howard <showard@pinskysmith.com>
**Sent:** Thursday, April 24, 2025 12:57 PM
**To:** Lauri Stewart <lstewart@kerr-russell.com>
**Subject:** [EXTERNAL] RE: [External] Jaber - Pam Avdoulos

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lauri,

I'm writing to revisit this issue below. I would like to interview Ms. Avdoulos before her memory grows stale, while we wait for the Court's decision.

Your email below said that Ms. Avdoulos does not want to speak to me outside of your presence. However, you never clarified in response to my question whether Ms. Avdoulos is under the mistaken impression that there is something ethically wrong with my interviewing Ms. Avdoulos without your permission or presence, even if she is willing. Since I am ethically allowed to interview Ms. Avdoulos without a subpoena if she wants to talk to me,

please let me know whether Ms. Avdoulos understands that, or if you could have accidentally left her with the incorrect impression that there is something unethical about her talking to me.

If there is any possibility that your statement about Ms. Avdoulos's alleged unwillingness to talk to me without you present was based on an erroneous belief that it would be unethical for her to agree to talk to me, I would like to discuss with you how we correct that so she can make a choice based on accurate information.

Thank you,

Sarah

---

**From:** Lauri Stewart <lstewart@kerr-russell.com>
**Sent:** Wednesday, November 20, 2024 11:56 AM
**To:** Sarah Riley Howard <showard@pinskysmith.com>
**Cc:** Elizabeth Geary <egeary@pinskysmith.com>; Natasha Robertson <NRobertson@pinskysmith.com>; Shoran Williams <swilliams@pinskysmith.com>
**Subject:** RE: [External] Jaber - Pam Avdoulos

She does not wish to speak to you outside of my presence.  Thanks.

**Lauri B. Stewart**
*Attorney*



**Kerr, Russell and Weber, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

---

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.

---

**From:** Sarah Riley Howard <showard@pinskysmith.com>
**Sent:** Wednesday, November 20, 2024 11:47 AM
**To:** Lauri Stewart <lstewart@kerr-russell.com>
**Cc:** Elizabeth Geary <egeary@pinskysmith.com>; Natasha Robertson <NRobertson@pinskysmith.com>; Shoran Williams <swilliams@pinskysmith.com>
**Subject:** [EXTERNAL] Re: Jaber - Pam Avdoulos

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lauri,

It is permissible for me to speak to Ms. Avdoulos without you present under the ethical rules.  First, it is permissible for an adversary to a corporate party to interview a former employee ex parte, since the former employee's statements cannot bind the corporate party as an admission. E.g., <u>Valassis v. Samelson</u>, 143 F.R.D. 118, 119 (E.D. Mich. 1992). Second, even if Ms. Avdoulos were a current employee, which she isn't, she would need to be an employee of a party whose statements could bind that party to prevent me from being able to interview her ex parte if she voluntarily chose to speak with me. Ms. Avdoulos was previously employed by 35th District Court, which is no longer a party to the case. It would be too far a stretch to say that Ms. Avdoulos' statements could bind one of the judge-defendants in his official capacity. In any event, though, she is a former employee. I am allowed ex parte contact with Ms. Avdoulos so long as I appropriately identified myself and the reason for my call, which I did, and so long as I do not permit her to tell me about any privileged information to which she may have been privy, which I would not permit.

If Ms. Avdoulos wishes to speak to me outside of your presence, there is no prohibition on that. If you told her otherwise or led her to believe otherwise, please contact her and correct that incorrect information.

Thank you,

Sarah Howard

---

**From:** Lauri Stewart <lstewart@kerr-russell.com>
**Sent:** Wednesday, November 20, 2024 11:13 AM
**To:** Sarah Riley Howard <showard@pinskysmith.com>
**Subject:** [External] Jaber

Sarah,

It was brought to my attention that you have attempted to contact Pam Avdoulos for a meeting.  As you know, Ms. Avdoulos was an employee of the court during the relevant time and, accordingly, is a represented person. Please refrain from further *ex parte* contact.  Thank you

**Lauri B. Stewart**
*Attorney*

**KERR RUSSELL**
**150 YEARS** OF LEGAL INNOVATION

**Kerr, Russell and Weber, PLC**

500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.