UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

     Defendants.

Case No. 24-cv-10790

Honorable Robert J. White

## ORDER GRANTING MOTION TO COMPEL

This case arises from Plaintiff Sundus Jaber's time practicing as a public defender at Michigan's 35th District Court; Plaintiff initially asserted claims against Defendants the 35th District Court, Judge James Plakas, Chief Judge Ronald W. Lowe, the Regional Managed Assigned Counsel Office for Wayne County (RMACO), and Teresa Patton, RMACO's director.[1] (ECF No. 14, PageID.109-26). Before the Court is RMACO Defendants' motion to compel discovery. (ECF No.

---

[1] The 35th District Court, Judge Plakas, and Chief Judge Lowe are collectively referred to as "Judicial Defendants."  RMACO and Patton are collectively referred to as "RMACO Defendants."

59).  Plaintiff has not responded by the applicable deadline.[2]  For the following reasons, the Court grants the motion to compel.

## I.    Background

RMACO is a nonprofit entity that manages the assignment, coordination, and supervision of public defenders in Wayne County, including at the 35th District Court. (ECF No. 14, PageID.110-13).  Plaintiff is female, practices the Islamic faith, and is a Palestinian-American attorney. (ECF No. 14, PageID.110).  According to Plaintiff, Patton, as RMACO's director, recruited her to work as one of two lead public defenders at the 35th District Court, and Plaintiff began this work in September 2023. (ECF No. 14, PageID.114).

Plaintiff alleged that she endured near-daily harassment from Judge Plakas' staff while working cases at the 35th District Court. (ECF No. 14, PageID.115-16).  Plaintiff alleged further that Patton essentially ignored her concerns about the harassment; Plaintiff also filed a complaint and request for investigation regarding the harassment with Judge Plakas and the court's prior chief judge, and she allegedly experienced resultant retaliation via similar harassment from other court staff. (ECF No. 14, PageID.116-17, 120-22).  And according to Plaintiff, once Chief Judge Lowe assumed his position in January 2024, (1) the harassment against her by court staff

---

[2] At a recent off-the-record status conference, Plaintiff raised her own concerns about discovery, and the Court gave until March 27, 2026, for Plaintiff to file a motion to compel.  She never did so.

increased significantly, (2) Judge Plakas and Chief Judge Lowe asked Patton to remove her as one of the court's public defenders in retaliation for seeking an investigation, and (3) RMACO ultimately cut her hours in half later that year, without cause, due to pressure from Chief Judge Lowe and Judge Plakas. (ECF No. 14, PageID.117-18, 122-26).

Plaintiff specified that Patton, under pressure from Chief Judge Lowe and Judge Plakas to "fire Plaintiff" as a public defender with the court, ultimately removed her from all Judge Plakas' cases, cutting her workload and income by half, all while refusing to speak with Plaintiff's attorney about the judges' efforts or this reassignment. (ECF No. 14, PageID.123-26).   Plaintiff essentially accused Defendants, because of their "disfavor" towards her, of collectively "attempting to harass Plaintiff into leaving employment at the Court and/or make it financially impossible for her to continue there." (ECF No. 14, PageID.126).

Plaintiff asserted claims against all Defendants for (1) First Amendment retaliation under 42 U.S.C. § 1983; (2) violating Michigan's Whistleblowers' Protection Act (WPA); and (3) sex, religious, and/or ethnic discrimination under Michigan's Elliott-Larsen Civil Rights Act (ELCRA).   She asserted additional claims against Chief Judge Lowe only under the Electronic Communications Privacy Act (ECPA) and Michigan's eavesdropping statute. (ECF No. 14, PageID.109-10, 126-31).

Ruling on Judicial Defendants' and RMACO Defendants' respective motions to dismiss, the Court dismissed with prejudice (1) all claims against the 35th District Court, (2) all official-capacity claims against Judge Plakas and Chief Judge Lowe seeking monetary damages and retrospective relief, (3) Plaintiff's WPA and First Amendment claims against Judge Plakas and Chief Judge Lowe, (4) Plaintiff's ECPA and eavesdropping claims against Chief Judge Lowe, and (5) Plaintiff's ELCRA claim against RMACO Defendants. (ECF No. 30, PageID.353-54).[3]  The Court subsequently denied Plaintiff's motion for reconsideration. (ECF No. 50). RMACO Defendants now move to compel Plaintiff's responses to interrogatories and document requests, to alternatively treat as admitted Plaintiff's incomplete responses, and to award them costs, fees, and any other sanctions warranted by law. (ECF No. 59).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery."  Discovery matters, including compelling the disclosure of documents and interrogatories, "are committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir.

---

[3] The surviving claims are (1) those against RMACO Defendants under the First Amendment and the WPA; and (2) the ELCRA claim against Judge Plakas and Chief Judge Lowe, but only to the extent that it is against the judges (a) in their individual capacities or (b) in their official capacities with respect to declaratory and injunctive relief only.

1996) (citations omitted).  "The burden . . . rests with the party objecting to the motion to compel to show [that] the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 15-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (citations omitted) (omission in original).

## III.    Analysis

RMACO Defendants served Plaintiff with interrogatories, a request for admissions, and a request for production of documents on February 5, 2026, via email. (ECF No. 59-2).  Plaintiff responded, also via email, on March 6, 2026, just before the deadline to provide discovery answers or any objections thereto. (ECF No. 59-3).  Plaintiff's March 6 email, with the subject "Formal Objection to Improper Service of Discovery Requests[4] & Insufficient Initial Disclosures," attached a document of Plaintiffs "secondary objections" to the request for admissions. (ECF No. 59-3, PageID.667).  The attached document provides in red Plaintiff's partial responses to the request for admissions.  She specifically denied certain requests to admit, subject to objections essentially regarding the relevance and scope thereof, but otherwise did not respond to any of the follow-up requests for Plaintiff to explain any denial with supporting facts. (ECF No. 59-3, PageID.667-

---

[4] Neither Plaintiff's email, nor any other information in the record, explains the nature of Plaintiff's purported objection regarding improper service.  At the recent status conference, however, Plaintiff took issue with RMACO Defendants sending their requests via email.

5

80).   Plaintiff never specifically responded or objected to the interrogatories or request for documents. (*See* ECF No. 59-4).  Her deposition is currently scheduled for April 27, 2026.

As an initial matter, RMACO Defendants argue that all the information and documents sought from Plaintiff are relevant, and their discovery requests were properly served.  And given Plaintiff's failure to respond here, she certainly does not meet the requisite burden to show that the discovery requests were in any way improper, either due to irrelevance, undue burden, improper service, or otherwise.

Next, under Fed. R. Civ. P. 5, discovery papers may be served by "other electronic means that the person consented to in writing." *See also Freeman v. Napier*, 274 F.R.D. 610, 612 (E.D. Mich. 2011) ("Service by e-mail, however, is not permitted unless the person being served consented to such electronic service in writing.").  Plaintiff, however, provides no argument or evidence on the record showing any lack of agreement to email service, and she has the initial burden to do so here.  In contrast, the current record shows that all the relevant parties were communicating and exchanging certain documents via email.  And only on the very eve of the applicable deadline did Plaintiff first raise any objection to the discovery requests she clearly received almost a month earlier.

\* \* \*

6

For the reasons given, the Court ORDERS that RMACO Defendants' motion to compel (ECF No. 59) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents.  Concerning the partial admissions Plaintiff already provided, she must supplement her answers to provide specific denials with supporting facts where necessary and requested.

IT IS FURTHER ORDERED that Plaintiff must show cause as to why the Court should not impose reasonable expenses, including attorney's fees, incurred by RMACO Defendants in preparing the instant motion. *See Turfco Mfg. v. Turfco Pest Control, LLC*, No. 07-2853, 2009 U.S. Dist. LEXIS 93269, *7-8 (W.D. Tenn. Oct. 6, 2009) ("When a court grants a motion to compel under Rule 37(a), the court must award the prevailing party its attorney's fees and expenses incurred in making the motion, unless the other party's failure to comply with the discovery process was 'substantially justified . . . or other circumstances make an award of expenses unjust.'") (quoting Fed. R. Civ. P. 37(a)(5)).  Plaintiff's response to the show cause order shall be filed within 7 days of the entry of this Order.

8

Dated: April 10, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge