**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUNDUS JABER,

       Plaintiff,

v.

~~35TH DISTRICT COURT*~~, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO
TERESA PATTON,
in their personal and official
capacities,

       Defendants.

Case No. 2:24-cv-10790-MAG-EAS

Hon. District Judge Robert White

*Denotes dismissed party

---

## REPLY TO PLAINTIFF'S
## RESPONSE TO JUDICIAL DEFENDANTS' MOTION TO COMPEL

Plaintiff's Response is replete with immaterial nonsense, none of which is properly before the court and none of which matters to Plaintiff's obligation to timely and properly respond to discovery.[1]  Indeed, Plaintiff's Response curiously devotes considerable time and effort attempting to excuse noncompliance with her discovery

---

[1] Plaintiff's reliance on numerous vague and unproven accusations of malfeasance by counsel is nothing more than a desperate "spaghetti at the wall" tactic.  It appears intended to exasperate the court, which has neither the time nor the inclination to sort through it, into submission.  This should be recognized for what it is and should be ignored.  Not only are the accusations unfounded and unrelated to Plaintiff's dilatory actions, but, to the extent that there is merit to Plaintiff's accusations, then they should be properly noticed for hearing before the court so they can be appropriately evaluated.

obligations while simultaneously claiming, falsely, that she has met them.  It is a bizarre defensive tactic for a party who claims to have nothing to defend.

The singular assertion made by the Response which is germane to the topic at hand is that Defendants' Motion should be denied because the discovery responses at issue have already been provided.  As Plaintiff should undeniably know, this is flatly false.  Defendants' Motion was filed on 4/13/26.  This was five (5) days after Plaintiff refused to sign Defendants proposed Stipulated Order for Discovery and five (5) days after Plaintiff claimed that "my discovery responses have already been mailed") (See **Defendant's Exhibit E, 4/9/26 email from Jaber)**.  Notably, this Motion has been pending for nearly four (4) weeks, and the Responses have still not been received.  Plaintiff has been repeatedly advised of this fact yet chose to file her Response misrepresenting otherwise to the court.

On 4/20/24, Plaintiff filed a Response to the Order to Show Cause.  The Response attached an Exhibit which included never before seen, or produced, photocopies of eleven (11) envelopes purporting to be addressed to defense counsel, and post-marked April 7, 2026.[2] (See **ECF 63,** Exhibit 4).  The following communication was promptly sent:

---

[2] Notably, when Ms. Jaber first represented on 4/9/26 that she had mailed her responses, she was asked for proof of service. She said both that she did not think one was required and that she planned to file one once she resolved some Pacer issues.  Regardless, it was not until 4/20/26, when she filed her Response to Order to Show Cause, that Ms. Jaber first provided copies of the envelopes now intended to reflect proof of serving some unidentifiable materials.

*Ms. Jaber,*

*I have received your recent filing ECG No. 63-5 (Response to Motion to Show Cause). One of your exhibits (page ID 814-825) includes photocopies of what appear to be 11 different envelopes seemingly addressed to me at my office in Detroit and from you. They are post-marked 4/7/26. Although not specified, these are seemingly intended to prove that you mailed something (or 11 things) to me. Please note that, despite the passage of two weeks, nothing has been received by my office from you. What is it that you claim to have mailed, please? Please provide a tracking number asap so we can determine the status of these materials. Thank you,*
*Lauri Stewart* **(Exhibit I, 4/21/26 email from Stewart to Jaber)**

Plaintiff did not provide the information requested or otherwise respond, let alone take steps to address the obvious problem. Despite knowing that the materials allegedly sent two weeks earlier had not been received, and despite failing to provide any information that would enable a determination regarding what was sent, how, or when it could be expected, Ms. Jaber filed her Response disingenuously claiming to have satisfied her discovery obligations.

Moreover, on 4/29/26, after receipt of Plaintiff's Response to this Motion, in which she again stated that the at issue discovery had been already provided, she was *again* advised of the issue:

*Ms. Jaber,*
*I do not have any discovery responses from you. You have represented in your Response to my Motion that they were served, despite my clear communication to the contrary below and despite the passage of almost two months (*sic.*) since you claim to have sent them. If you have responses prepared, it should be no issue to email them immediately and put the issue to bed. Please do so.* **(Exhibit J**, 4/29/26 email from Stewart to Jaber).

As of the time of filing, there has been zero response to this communication. There have also been no discovery responses received, despite Plaintiff claiming that they were mailed at least four (4) weeks ago.  There are only two plausible explanations for why we find ourselves in this circumstance - (1) The discovery at issue is neither complete nor produced and Plaintiff is actively and knowingly misrepresenting to the court, to the attorneys and to the parties otherwise[3]; OR (2) The discovery responses are complete and Plaintiff is engaged in underhanded trickery and gamesmanship to delay their production and, therefore, the adjudication of this case.  If, as Plaintiff claims, the Responses have been completed since 4/9/26, then there is no legitimate reason why they have not been received, especially after Plaintiff was notified twice that they had not been.  It is inexcusable that such extreme effort has been required by Defendants to get these discovery responses.

The disingenuity of the assertions in Plaintiff's Response cannot be overstated, nor should they go without reprimand from the court.  Plaintiff's reliance on alleged pictures of envelopes[4] instead of producing the discovery answers themselves, speaks volumes about the artifice of Plaintiff's position.  The discovery at issue is standard, relevant, allowable by the FRCP, and necessary to the defense of this case.

---

[3] An important consideration, and perhaps area of query for the court, is the incongruity between Plaintiffs' Response claiming that more context, including an *in camera* review of unspecified materials, would shed light on her actions while simultaneously claiming compliance, for which no context would be required.

[4] It is highly curious that Plaintiff would have taken pictures of the envelopes allegedly containing her discovery responses unless she was anticipating having to use them defensively.  It seems that producing the Responses themselves, rather than alleged proof of mailing, would be warranted by the circumstances.

If Plaintiff believes that a Protective Order is warranted (as seemingly suggested by her Response), then that should have been addressed three (3) months ago when the discovery was served.  In case the court needs reminding, we have been attempting to adjudicate this case since the Motions to Dismiss were decided in September 2025.  We have been frustrated at every turn by Plaintiff including, but not limited to, the following events: (1)the withdrawal of opposing counsel; (2) the requested extension of time to retain new counsel so that a Motion for Reconsideration of the 9/2025 Order could be filed; (3) the eventual filing of the Motion for Reconsideration by Ms. Jaber herself; (4) the occurrence of a Status Conference requested by Ms. Jaber because she was discontented with the arrangements for her deposition; (4) the failure to timely or fully respond to discovery from both Defendants, requiring Motion practice; (5) the associated postponement of Ms. Jaber's deposition given the significant outstanding discovery.  In other words, nearly 7 months after the disposition of the case was determined, through no fault of the Defendants, there has been *no discovery*.  This appears to be a pattern and practice, and Defendants respectfully request that the court put it to an end, in addition to requiring full and complete responses to the at issue discovery no later than 5/8/26.

WHEREFORE, Defendants respectfully request that this honorable court enter an Order requiring Plaintiff to provide full and complete Responses to the

4909-7928-5672, v. 1

discovery at issue and reimburse Defendants for the cost and fees associated with

having to file and litigate this Motion.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


By: */s/Lauri B. Stewart*

Lauri B. Stewart (P55014)
Attorney for Defendants Lowe and Plakas
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

Dated: May 4, 2026

4909-7928-5672, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

By: */s/Crystal R. Maynor*
Crystal R. Maynor, Legal Assistant
KERR, RUSSELL AND WEBER, PLC

4909-7928-5672, v. 1