UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,

      Plaintiff,

v.

35TH DISTRICT COURT, et al.,

      Defendants.

Case No. 24-cv-10790

Honorable Robert J. White

## ORDER GRANTING MOTION TO COMPEL

This case arises from Plaintiff Sundus Jaber's time practicing as a public defender at Michigan's 35th District Court; Plaintiff initially asserted claims against Defendants the 35th District Court, Judge James Plakas, Chief Judge Ronald W. Lowe, the Regional Managed Assigned Counsel Office for Wayne County (RMACO), and Teresa Patton, RMACO's director.[1] (ECF No. 14, PageID.109-26). Before the Court is Judicial Defendants' motion to compel discovery.[2] (ECF No. 62).

---

[1] The 35th District Court, Judge Plakas, and Chief Judge Lowe are collectively referred to as "Judicial Defendants."  RMACO and Patton are collectively referred to as "RMACO Defendants."  Further, because all claims against the 35th District Court have been dismissed, references to Judicial Defendants following said dismissal and specific to the instant motion include only Plakas and Lowe.

[2] The Court previously granted a similar motion to compel discovery filed by RMACO Defendants. (ECF No. 61).

The Parties fully briefed the motion, and the Court will decide it without oral argument pursuant to Local Rule 7.1(f)(2).  For the following reasons, the Court grants the motion to compel.

## I.     Background

RMACO is a nonprofit entity that manages the assignment, coordination, and supervision of public defenders in Wayne County, including at the 35th District Court. (ECF No. 14, PageID.110-13).  Plaintiff is female, practices the Islamic faith, and is a Palestinian-American attorney. (ECF No. 14, PageID.110).  According to Plaintiff, Patton, as RMACO's director, recruited her to work as one of two lead public defenders at the 35th District Court, and Plaintiff began this work in September 2023. (ECF No. 14, PageID.114).

Plaintiff alleged that she endured near-daily harassment from Judge Plakas' staff while working cases at the 35th District Court. (ECF No. 14, PageID.115-16). Plaintiff alleged further that Patton essentially ignored her concerns about the harassment; Plaintiff also filed a complaint and request for investigation regarding the harassment with Judge Plakas and the court's prior chief judge, and she allegedly experienced resultant retaliation via similar harassment from other court staff. (ECF No. 14, PageID.116-17, 120-22).  And according to Plaintiff, once Chief Judge Lowe assumed his position in January 2024, (1) the harassment against her by court staff increased significantly, (2) Judge Plakas and Chief Judge Lowe asked Patton to

2

remove her as one of the court's public defenders in retaliation for seeking an investigation, and (3) RMACO ultimately cut her hours in half later that year, without cause, due to pressure from Chief Judge Lowe and Judge Plakas. (ECF No. 14, PageID.117-18, 122-26).

Plaintiff specified that Patton, under pressure from Chief Judge Lowe and Judge Plakas to "fire Plaintiff" as a public defender with the court, ultimately removed her from all Judge Plakas' cases, cutting her workload and income by half, all while refusing to speak with Plaintiff's attorney about the judges' efforts or this reassignment. (ECF No. 14, PageID.123-26).   Plaintiff essentially accused Defendants, because of their "disfavor" towards her, of collectively "attempting to harass Plaintiff into leaving employment at the Court and/or make it financially impossible for her to continue there." (ECF No. 14, PageID.126).

Plaintiff asserted claims against all Defendants for (1) First Amendment retaliation under 42 U.S.C. § 1983; (2) violating Michigan's Whistleblowers' Protection Act (WPA); and (3) sex, religious, and/or ethnic discrimination under Michigan's Elliott-Larsen Civil Rights Act (ELCRA).   She asserted additional claims against Chief Judge Lowe under the Electronic Communications Privacy Act (ECPA) and Michigan's eavesdropping statute. (ECF No. 14, PageID.109-10, 126-31).

Ruling on Judicial Defendants' and RMACO Defendants' respective motions to dismiss, the Court dismissed with prejudice (1) all claims against the 35th District Court, (2) all official-capacity claims against Judge Plakas and Chief Judge Lowe seeking monetary damages and retrospective relief, (3) Plaintiff's WPA and First Amendment claims against Judge Plakas and Chief Judge Lowe, (4) Plaintiff's ECPA and eavesdropping claims against Chief Judge Lowe, and (5) Plaintiff's ELCRA claim against RMACO Defendants. (ECF No. 30, PageID.353-54).[3]  The Court subsequently denied Plaintiff's motion for reconsideration. (ECF No. 50). Judicial Defendants now move to compel Plaintiff's full and complete responses to requests for admissions, interrogatories, and document requests, and to award them the costs and fees associated with filing the motion. (ECF No. 62).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery."  Discovery matters, including compelling the disclosure of documents and interrogatories, "are committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (citations omitted).  "The burden . . . rests with the party objecting to the

---

[3] The surviving claims are (1) those against RMACO Defendants under the First Amendment and the WPA; and (2) the ELCRA claim against Judge Plakas and Chief Judge Lowe, but only to the extent that it is against the judges (a) in their individual capacities or (b) in their official capacities with respect to declaratory and injunctive relief only.

motion to compel to show [that] the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 15-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (citations omitted) (omission in original).

### III.   Analysis

Judicial Defendants served Plaintiff with interrogatories, requests for admissions, and requests for production of documents on February 3, 2026, via email. (ECF No. 62-1).   After Plaintiff objected to service by email, Judicial Defendants re-served their discovery requests by regular mail on March 5, 2026.[4, 5] (*See* ECF No. 62, PageID.696; ECF Nos. 62-2, 62-4, 62-5).

On April 9, 2026, counsel for Judicial Defendants emailed Plaintiff that these discovery responses were overdue, proposing a stipulated order for Plaintiff to provide the requested information by April 17, 2026. (ECF No. 62-4).   Plaintiff opposed the proposed order and stated in relevant part that her "responses have already been mailed in the same manner as your discovery requests." (ECF No. 62-

---

[4] Given Plaintiff's statements from her response and in the evidentiary record, she concedes that Judicial Defendants properly served their March 5, 2026 discovery requests by mail. (*See* ECF No. 64, PageID.835 (stating that the full record demonstrates Judicial Defendant's "prompt cure of defective service"); ECF No. 62-4 ("I can confirm that the only discovery requests served by mail were postmarked on March 5th.")).

[5] At some point, despite Plaintiff's objection to email service, she sent by email incomplete responses to Judicial Defendant's requests for admissions.   Plaintiff specifically provided blanket denials to certain requests to admit and otherwise did not respond to any of the follow-up requests for her to explain any denial with supporting facts. (ECF No. 62-3).

5, PageID.745).  In subsequent emails, Judicial Defendants' counsel asked Plaintiff when exactly she mailed her responses and inquired about proof of service; Plaintiff did not clarify when the alleged mailing occurred, and she ultimately opposed filing proof of service and rejected another proposed stipulated order meant to ensure production by April 17, 2026. (*See* ECF Nos. 62-6 – 62-8).

As an initial matter, Plaintiff's response raises various issues immaterial to the instant dispute.  Most notably, Plaintiff argues that Judicial Defendant's motion should be denied when viewed within the full context of the parties' ongoing discovery disputes, specifically asserting that relief is unwarranted because Judicial Defendants' counsel has improperly restricted Plaintiff's access to witnesses and otherwise "imposed a practical barrier to Plaintiff's ability to obtain discovery and develop the factual record." (ECF No. 64, PageID.836-39).  Critically, even accepting that Judicial Defendants have obstructed Plaintiff's discovery efforts, this does not refute the propriety of Judicial Defendant's own, separate discovery efforts at issue here.  And Plaintiff raised similar concerns at a March 17, 2026 status conference.  The Court gave Plaintiff until March 27, 2026, to file her own discovery motion, but she never did so.

Plaintiff also relies in part on Judicial Defendants' allegedly improper conduct with respect to scheduling Plaintiff's deposition and her efforts to amend the pleadings (ECF No. 64, PageID.833-34), but these circumstances likewise have no

impact on whether Judicial Defendant's discovery requests are improper. And the same is true to the extent Plaintiff raises issues with RMACO Defendants' conduct and their separate motion to compel that was already ruled on by the Court. (*See* ECF No. 64, PageID.834).

Concerning the specific discovery requests at issue here, Plaintiff essentially argues that the motion to compel is moot because she already responded, serving the materials by mail on April 7, 2026. She adds that the instant dispute "concerns receipt or proof of service, not noncompliance." (ECF No. 64, PageID.832-33). In support, Plaintiff cites to 12 images, each depicting an envelope addressed to Judicial Defendants' counsel and postmarked April 7, 2026. (ECF No. 64, PageID.832; ECF No. 63-5, PageID.814-25).[6] Plaintiff relatedly argues that the timing of Judicial Defendant's motion is unreasonable and suspect because (1) they did not give time for Plaintiff's discovery responses to be delivered through the mail before filing and (2) the motion "appear[s] calculated to leverage the Court's April 10 Order" that granted RMACO Defendants' motion to compel. (ECF No. 64, PageID.832, 834-36).

Judicial Defendant's counter that they had still not received any response by May 4, 2026 (the date they filed their reply brief), almost one month after Plaintiff's

---

[6] Plaintiff attached these images to a show-cause response filed on April 20, 2026 (*see* ECF No. 63), one week after Judicial Defendants filed their motion to compel. Plaintiff refers back to this portion of the record in her response to the instant motion.

purported mailing date, and that her contention of already providing the requested materials is false. (ECF No. 65, PageID.861-65).  Judicial Defendants primarily rely on two unanswered emails their counsel sent Plaintiff in the latter half of April 2026, after she filed the aforementioned images on the docket and asserted for the Court her compliance with the discovery requests. (ECF No. 65, PageID.861-63; ECF Nos. 65-1 – 65-2).

In the first email—sent on April 21, 2026, one day after Plaintiff filed the purported proofs of mailing on the docket—counsel stated:

> Although not specified, the [images attached to ECF No. 63] are seemingly intended to prove that you mailed something (or 11 things) to me.  Please note that, despite the passage of two weeks, nothing has been received by my office from you.  What is it that you claim to have mailed, please?  Please provide a tracking number asap so we can determine the status of these materials.

(ECF No. 65-1, PageID.868).

Counsel followed up on April 29, 2026, after Plaintiff responded to the instant motion, stating:

> I do not have any discovery responses from you.  You have represented in your Response to my Motion that they were served, despite my clear communication to the contrary below and despite the passage of almost two months since you claim to have sent them.  If you have responses prepared, it should be no issue to email them immediately and put the issue to bed.  Please do so.

(ECF No. 65-2, PageID.870).

Concerning service by mail, "[t]he common law has long recognized a presumption that an item properly mailed was received by the addressee." *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985); *see also McMurray v. Unknown Dunnigan*, No. 20-847, 2023 U.S. Dist. LEXIS 237676, at *6-7 (W.D. Mich. Sep. 18, 2023) (relying on *Yoder* to resolve dispute involving whether discovery requests were properly served). "The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Yoder*, 758 F.2d at 1118. This presumption is rebuttable by sufficient evidence of non-receipt. *Id.*

Here, Plaintiff cites to addressed and postmarked envelopes and thus establishes a presumption that something (or some things) was/were mailed to Judicial Defendants' counsel on April 7, 2026. But she critically fails to include any evidence that these mailings relate to "the [specific] item[s]" at issue here, i.e., her discovery responses. *See Yoder*, 758 F.2d at 1118. To the extent Plaintiff argues this fact in her briefing, this is unavailing. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence.").[7] Lacking any

---

[7] Plaintiff's response notes that she reached out to the Clerk's office on April 9, 2026—apparently in an effort to avoid "a dispute where none existed"—asking whether she could file her discovery responses and proof of service on the docket, but she was told such filings would be struck from the record. (*See* ECF No 64, PageID.833). While this is generally true, Plaintiff could have filed her discovery responses to defend the instant motion and support her currently-deficient argument

9

affidavit or other evidence in the record providing that the envelopes on which Plaintiff relies were mailed *and* contained her discovery responses, the presumption of receipt fails in this case. In any event, the Court concludes that Judicial Defendants have countered with sufficient evidence to rebut any such presumption. Specifically, the email record confirms Judicial Defendants' position that they have still not received any discovery responses from Plaintiff, weeks after her purported mailing.

Accordingly, because it is insufficiently borne out by the record, the Court rejects Plaintiff's argument that she already provided the materials Judicial Defendants are seeking. Notably, if Plaintiff did already provide her responses and this matter merely concerns receipt thereof, it makes little sense for her to object to resending the same to ensure receipt.

Next, as it relates to the timing of Judicial Defendants' motion, the Court finds nothing improper. Even accepting that Plaintiff mailed her discovery responses on April 7, 2026, they were already past due by this date. And the record shows that Judicial Defendants appropriately tried to resolve the instant discovery dispute without court intervention. Once these efforts were unsuccessful, Judicial

---

of compliance. *See* Fed. R. Civ. P. 5(d)(1) (disclosures under Rule 26(a)(1) or (2) and [certain] discovery requests and responses must not be filed *until* they are used in the proceeding) (emphasis added); E.D. Mich. L.R. 26.2(e) (permitting filing of discovery material "when it provides factual support for a motion, response, or reply"). Her failure to do so is telling.

Defendants were entitled to file the instant motion for any unproduced discovery. Nor does it appear that waiting any number of days would have prevented the need for motion practice, since Judicial Defendants never received the materials over the next two weeks.

Further, concerning Plaintiff's argument that Judicial Defendants' motion should be denied because it was calculated to leverage the Court's prior discovery order regarding RMACO Defendants, the Court disagrees. This argument is difficult to understand, and it nevertheless has no relevance to the substance or propriety of Judicial Defendants' specific discovery requests at issue. Ultimately, the Court's decision here and concerning the earlier discovery dispute both apply the applicable legal standard to the limited dispute at issue and evidentiary record available.[8] Plaintiff has had the opportunity to supplement the record and make her case against each motion. And having carefully reviewed Plaintiff's response, as well as the other portions of the record she cites therein, the Court concludes that Judicial Defendants' motion is meritorious and should be granted.

---

[8] To the extent Plaintiff faults Judicial Defendants for failing to include the complete email thread concerning her objection to email service (*see* ECF No. 64, PageID.835), it is essentially undisputed that the discovery requests at issue here were properly served by regular mail after Plaintiff's objection, *see supra* footnote 4. The issue of and facts specific to Plaintiff's objection are therefore irrelevant here.

In conclusion, Plaintiff does not meet the requisite burden to show that the discovery requests were in any way improper, either due to irrelevance, undue burden, improper service, or otherwise.

\* \* \*

For the reasons given, the Court ORDERS that Judicial Defendants' motion to compel (ECF No. 62) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must provide timely and complete responses to Judicial Defendants' interrogatories, requests for admissions, and requests for production of documents by May 29, 2026.   Concerning the partial admissions Plaintiff already provided by email, she must supplement her answers to provide specific denials with supporting facts where necessary and requested.

IT IS FURTHER ORDERED that, to avoid further disputes regarding service and receipt of discovery requests and responses, all parties in this action must serve such materials going forward by certified U.S. mail with mailing receipt and tracking provided.  Alternatively, the parties may agree, in a writing entered on the docket, to accept service by email going forward.

12

IT IS FURTHER ORDERED that Plaintiff must show cause as to why the Court should not impose reasonable expenses, including attorney's fees, incurred by Judicial Defendants in preparing the instant motion. *See Turfco Mfg. v. Turfco Pest Control, LLC*, No. 07-2853, 2009 U.S. Dist. LEXIS 93269, *7-8 (W.D. Tenn. Oct. 6, 2009) ("When a court grants a motion to compel under Rule 37(a), the court must award the prevailing party its attorney's fees and expenses incurred in making the motion, unless the other party's failure to comply with the discovery process was 'substantially justified . . . or other circumstances make an award of expenses unjust.'") (quoting Fed. R. Civ. P. 37(a)(5)).  Plaintiff's response to the show cause order shall be filed within 7 days of the entry of this Order.

Dated: May 19, 2026                              s/Robert J. White
                                                 Robert J. White
                                                 United States District Judge