**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SUNDUS JABER,

                Plaintiff,

                                    Case No.: 2:24-CV-10790-MAG-EAS
                                    Judge: Robert J. White

vs.

35~~th~~ ~~DISTRICT COURT~~, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO TERESA
PATTON, in their personal and official       * denotes dismissed party
capacities,

                Defendants.

_____/

SUNDUS K. JABER (P84333)        JEREMY J. ROMER (P77287)
*Pro Per*                        ROSATI SCHULTZ JOPPICH &
The Law Office of Sundus K. Jaber,   AMTSBUECHLER, P.C.
PLLC                         Attorney for Defendants, Regional Managed
39111 Six Mile Road            Assigned Counsel Office (RMACO) and
Livonia, MI 48152              Teresa Patton, only
(734) 224-3660               27555 Executive Drive, Suite 250
(734) 480-8036               Farmington Hills, MI  48331
attorneys.jaber@sundusjaberlaw.com   (248) 489-4100
                                   jromer@rsjalaw.com

                                   LAURI B. STEWART (P55014)
                                   KERR, RUSSELL AND WEBER, PLC
                                   Attorney for Defendants 35th District Court,
                                   Chief Judge Ronald Lowe and Supervising
                                   Judge James Plakas, only
                                   500 Woodward Ave., Ste. 2500

1

Detroit, MI  48226-3427
(313) 961-0200
lstewart@kerr-russell.com

_____/

## DEFENDANTS REGIONAL MANAGED ASSIGNED COUNSEL OFFICE (RMACO) AND TERESA PATTON'S MOTION TO DISMISS PURSUANT TO RULE 37(b)(2)(A)

NOW COME Defendants, Regional Managed Assigned Counsel Office ("RMACO") and Teresa Patton (collectively "Defendants"), by and through their attorney, Jeremy J. Romer, and pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), hereby move this Honorable Court to dismiss Defendants from the lawsuit with prejudice due to Plaintiff's willful failure to cooperate in discovery and comply with this Honorable Court's Order Granting Defendants Motion to Compel dated April 10, 2026. Defendants rely upon their Brief in Support of Defendants Regional Managed Assigned Counsel Office (RMACO) and Teresa Patton's Motion to Dismiss Pursuant to Rule 37(b)(2)(A).

Pursuant to Local Rule 7.1, counsel for Defendants contacted Plaintiff, via electronic mail, on May 20, 2026, explaining the nature of the relief to be sought by way of this Motion and seeking concurrence in the relief. Opposing counsel thereafter did not respond and instead filed a Preliminary Note and Motion for Reconsideration to the Court's April 10, 2026, Order Granting Defendants Motion to Compel where she continues her tirade of unsupported accusations directed at Defendants legal counsel.

2

Respectfully submitted,

/s/ JEREMY J. ROMER
JEREMY J. ROMER (P77287)
ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER, P.C.
Attorney for Defendants, Regional
Managed Assigned Counsel Office
(RMACO) and Teresa Patton, only
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100
jromer@rsjalaw.com

May 21, 2026

## CONCISE STATEMENT OF THE ISSUES

I.  Should the court dismiss Defendants from the lawsuit due to Plaintiff's willful failure to cooperate in discovery and comply with this Honorable Court's Order Granting Defendants Motion to Compel dated April 10, 2026?

| | |
|---|---|
| Defendants say: | Yes. |
| Plaintiff says: | No. |
| The Court should say: | Yes. |

# <u>MOST CONTROLLING AUTHORITY</u>

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) .................................. 6

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) ........................ 7, 10

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997) .................... 9, 10

## **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES ................................................. i

MOST CONTROLLING AUTHORITY........................................................ ii

TABLE OF CONTENTS................................................................iii

TABLE OF AUTHORITIES ........................................................... v

FACTUAL BACKGROUND ........................................................ 3

LEGAL ARGUMENT ............................................................ 6

     I.     LEGAL STANDARD ................................................. 6

          A. Willfulness, Bad Faith, and Plaintiff's Own Fault................ 7

          B. The Evidentiary Prejudice to Defendants is
             Overwhelming........................................................ 8

          C.  Plaintiff Was Placed on Notice on April 10, 2026............... 9

          D. Where Contumacious Conduct Exists, the Court
             May Proceed Directly to Dismissal ................................. 10

CONCLUSION ........................................................... 11

# TABLE OF AUTHORITIES

## Cases

Bass v. Jostens, Inc., 71 F.3d 237 (6th Cir. 1995) .......................................... 6

*Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 Fed.Appx. 514 (6th Cir. 2016) ...................................................... 7

*Carpenter v. City of Flint*, 723 F.3d 700 (6th Cir. 2013) ............................. 10

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997)..................... 9, 10

*Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318 (1996)................. 7

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999) ........................... 7

*United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002)............................... 7, 10

*Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953 (6th Cir. 2013)....................................................................................... 8, 9

## Rules

Fed. R. Civ. 37(b)(2)(A) ............................................................................... 11

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SUNDUS JABER,

        Plaintiff,

                              Case No.: 2:24-CV-10790-MAG-EAS
                              Judge: Robert J. White

vs.

35<s>th DISTRICT COURT</s>, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO TERESA
PATTON, in their personal and official      * denotes dismissed party
capacities,

        Defendants.
_____/

SUNDUS K. JABER (P84333)
*Pro Per*
The Law Offices of Sundus K. Jaber,
PLLC
39111 Six Mile Road
Livonia, MI 48152
(734) 224-3660
(734) 480-8036
attorneys.jaber@sundusjaberlaw.com

JEREMY J. ROMER (P77287)
ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER, P.C.
Attorney for Defendants, Regional Managed
Assigned Counsel Office (RMACO) and
Teresa Patton, only
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100
jromer@rsjalaw.com

LAURI B. STEWART (P55014)
KERR, RUSSELL AND WEBER, PLC
Attorney for Defendants 35th District Court,
Chief Judge Ronald Lowe and Supervising
Judge James Plakas, only
500 Woodward Ave., Ste. 2500

Detroit, MI  48226-3427
(313) 961-0200
lstewart@kerr-russell.com

_____/

## DEFENDANTS REGIONAL MANAGED ASSIGNED COUNSEL OFFICE (RMACO) AND TERESA PATTON'S MOTION TO DISMISS PURSUANT TO RULE 37(b)(2)(A)

2

## FACTUAL BACKGROUND

1.     Plaintiff's Complaint was filed on March 28, 2024, over two years ago. (Dkt#1).

2.     On December 09, 2025, the parties submitted their Joint Rule 26(f) Report and Proposed Discovery Plan, wherein they agreed to complete non-expert discovery by June 30, 2026.  (Dkt#46).  On December 16, 2025, the Court issued a Scheduling Order stating that all fact discovery is to be completed by June 30, 2026. (Dkt#52).

3.     On February 5, 2026, Defendants served, without objection, their First Set of Interrogatories, First Set of Requests for Production of Documents, and First Requests for Admissions on Plaintiff (**Exhibit 1**).

4.     On March 6, 2026, Plaintiff provided unsigned, incomplete, and deficient answers to Defendant's First Requests for Admissions only. Specifically, Plaintiff fails to Admit or Deny Request for Admission No. 2, and for Requests for Admissions Nos. 1, 3-5 failed to answer each Interrogatory and Request to Produce after stating an invalid objection and denial. Further, Plaintiff provided no responses to Defendants interrogatories and requests for production of documents. (**Exhibit 2**).

5.     On March 12, 2026, Defendants contacted Plaintiff and inquired

3

whether responses to the outstanding discovery were forthcoming to avoid having to file a Motion to Compel. (**Exhibit 3**). Plaintiff did not respond to this correspondence.

6.      On March 24, 2026, Defendants filed a Motion to Compel Discovery. (Dkt#59). Plaintiff did not respond to this motion.

7.      On April 10, 2026, this Honorable Court Granted Defendant's Motion to Compel Discovery and instructed Plaintiff in its order to do the following:

> **IT IS FURTHER ORDERED** that Plaintiff must provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents. Concerning the partial admissions Plaintiff already provided, she must supplement her answers to provide specific denials with supporting facts where necessary and requested.

(Dkt#61).

8.      On April 18, 2026, Plaintiff was notified that Defendants would not be participating in Plaintiff's previously scheduled deposition set for April 27, 2026, which was scheduled by counsel for Defendants Plakas and Lowe, given the outstanding discovery and inquired into a date when discovery responses would be produced by Plaintiff. (**Exhibit 4**). Plaintiff did not respond to this correspondence.

9.      On April 20, 2026, Plaintiff filed a <u>late</u>, nonsensical response titled "Preliminary Note to Plaintiff's Response to Order to Show Cause," despite Plaintiff not timely filing an original response to this Honorable Court's Order to Show Cause dated April 10, 2026. Moreover, Plaintiff dedicates much of her response to

4

attacking counsel for the Defendants, instead of speaking to her unfulfilled discovery obligations. This Honorable Court should pay close attention to Plaintiff's groundless and absurd accusation that Defendants had "*something to do with her being denied entry into the U.S*," among the many other unsupported allegations contained within Plaintiff's response against legal counsel for the Defendants. If Plaintiff is unable to provide support for such a scurrilous accusation to this Honorable Court, she should be sanctioned for such a baseless and inflammatory accusation under Fed. R. Civ. P. (Dkt#63, p.5).

10.    On May 14, 2026, Defendants sent Plaintiff a correspondence that included a proposed Stipulated Order Regarding Discovery Responses setting forth a response deadline date of Thursday May 28, 2026, with Defendants being otherwise dismissed from the lawsuit should Plaintiff fail to respond on or before that date. (**Exhibit 5**). Plaintiff did not respond to this correspondence.

11.    As of the date of this motion, more than 100 days have passed since Defendants originally served their discovery demands and more than 40 days have passed since the Court's Order Granting Defendant's Motion to Compel. To date, Plaintiff has provided zero responses to Defendants interrogatories and request for production of documents and zero supplemental responses to Defendants request for admissions as required by this Honorable Court's Order Granting Defendants Motion to Compel dated April 10, 2026. Moreover, Plaintiff's deliberate failure to

cooperate and participate in discovery exchange has caused her deposition with Defendants to be postponed and she has attempted to intimidate Defendants counsel by indicating that her deposition will not occur unless there are "7 men attending with [her]") and it is "recorded from every angle of the room." (**Exhibit 6**).

12.     The requested discovery is entirely relevant and necessary to Plaintiff's claims and Defendants defenses. Plaintiff has demonstrated a purposeful and willful delay in cooperating during the discovery period in a clear attempt to prejudice Defendants and their defenses in the underlying lawsuit.

13.     The record demonstrates purposeful delay and contumacious conduct, in addition to Plaintiff failing to comply with this Honorable Court's Order dated April 10, 2026, which granted Defendants Motion to Compel Discovery, in addition to Plaintiff failing to provide a timely response to this Honorable Court's Order to Show Cause.

## LEGAL ARGUMENT

### I.     LEGAL STANDARD

Under Rule 37(b)(2)(A), "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir. 1995). The court uses a multi-factor test to determine whether dismissal is an appropriate sanction for discovery violations. Four factors are to be considered in determining whether dismissal is an

6

appropriate sanction for failure to comply with a discovery obligation or other court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

### A. Willfulness, Bad Faith, and Plaintiff's Own Fault.

The burden of showing that non-compliance was due to inability—rather than willfulness or bad faith—rests on the party against whom sanctions are sought *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318 (1996). If a party can comply with a discovery order and fails to do so, dismissal is not an abuse of discretion. *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 Fed.Appx. 514 (6th Cir. 2016) (superseded by statute on other grounds as recognized in *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514 (6th Cir. 2016)).

In this case, Plaintiff has had more than <u>100</u> days to respond to Defendant's interrogatories and request for production of documents and more than <u>40</u> days from this Honorable Court's Order dated April 10, 2026, which also directed Plaintiff to supplement her responses to Defendants requests for admissions. The

7

record is abundantly clear, Plaintiff has made no attempt to comply with Defendants discovery demands, is purposefully delaying her deposition, which she recently opposed unless Defendants acquiesce to Plaintiff's baseless conditions (*see* Exhibit 6), has failed to prosecute this case by routinely filing matters with the Court's Case Manager outside of the ECF in violation of the Court's practice guidelines and without conferring with or including opposing counsel in an attempt to garner sympathy from the Court (**Exhibit 7**) and when she does file a response in the ECF, it is always untimely. What is hard to ignore in this case is the absence from each one of Plaintiff's filings and responses to Defendants' filings as well as this Court's Orders is an acceptable justification for failing to respond and continuing not to respond to Defendants' discovery requests. What is even more egregious, is that Plaintiff's behavior is despite this Court's Order dated April 10, 2026, requiring her to do so. There is a clear intent to thwart and obstruct judicial proceedings in this case.

### B. The Evidentiary Prejudice to Defendants is Overwhelming.

Prejudice to the adversary exists when the opposing party encounters substantial difficulty in obtaining information it is entitled to, needlessly expends time and money, or is prevented from obtaining evidence essential to preparation of its defense. In *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953 (6th Cir. 2013), the court found prejudice where the defendant was prevented from

8

obtaining evidence essential to the preparation of its defense after more than 240 days of repeated non-compliance with discovery obligations. Similar to *Universal Health Group*, the requested discovery is entirely relevant and necessary to Plaintiff's claims and Defendants defenses, more than 100 days have passed since Plaintiff was served with Defendants discovery demand, Plaintiff did not respond to Defendant's Motion to Compel, Plaintiff was untimely in responding to the Court's Order to Show Cause, and Plaintiff has refused to sit for a deposition by preventing Defendants from obtaining evidence essential to the preparation of its defense and has threatened that  her deposition will not occur unless there are "7 men attending with [her]") and it is "recorded from every angle of the room." (*See* **Exhibit 6**).

### C. Plaintiff Was Placed on Notice on April 10, 2026.

A pending motion to dismiss for discovery non-compliance combined with an order to compel provides constructive notice of the risk of dismissal to Plaintiff. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997). Factors considered in a decision to dismiss a complaint for failure to cooperate in discovery are applied more stringently in cases where attorney's conduct is responsible. *Id.* at 367. In *Harmon*, Plaintiff failed to respond to the amicable requests of defense counsel, failed to respond to Defendant's motion to compel, and he failed to comply with the district court's November 2, 1995, order. This is the very same circumstance

9

present in the underlying lawsuit. Plaintiff has failed to respond to Defendants inquiries regarding outstanding discovery, did not respond to Defendant's motion to compel, and failed to comply and timely respond to the Court's Order April 10, 2026.

Moreover, Plaintiff, an attorney representing herself, is responsible for the continued non-compliance. Since she is a licensed attorney and Plaintiff in the same lawsuit the multi-factor test should be applied more stringently.

### D. Where Contumacious Conduct Exists, the Court May Proceed Directly to Dismissal.

The Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect." *Harmon* at 368 (6th Cir. 1997). Where contumacious conduct exists, the court may proceed directly to dismissal. *Carpenter v. City of Flint*, 723 F.3d 700 (6th Cir. 2013).

Here, the record demonstrates that Plaintiff can comply with her discovery obligations and this Honorable Court's April 10, 2026, Order, but has decided in bad faith not to do so. Instead, she focuses on personal attacks and slanderous accusations directed at Defendants legal counsel. Dismissal is appropriate under these circumstances and the multi-factor test articulated in *Reyes*.

10

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court enter a dismissal with prejudice pursuant to Fed. R. Civ. 37(b)(2)(A) as the only appropriate sanction due to Plaintiff's conduct and continuing discovery noncompliance.

Respectfully submitted,

/s/ JEREMY J. ROMER
JEREMY J. ROMER (P77287)
ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER, P.C.
Attorney for Defendants, Regional
Managed Assigned Counsel Office
(RMACO) and Teresa Patton, only
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100
jromer@rsjalaw.com

May 21, 2026

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,

Plaintiff,

v.

35TH DISTRICT COURT, ET AL.,

Defendants.

Case No. 24-cv-10790

Honorable Robert J. White

## BRIEF FORMAT CERTIFICATION FORM

I, Jeremy J. Romer, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

12

☐ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ *Jeremy J. Romer*

Jeremy J. Romer

Attorney for Defendant Regional Managed Assigned Counsel and Teresa Patton only