**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SUNDUS JABER,

      Plaintiff,

v.

35TH DISTRICT COURT, REGIONAL
MANAGED ASSIGNED COUNSEL
OFFICE (RMACO), and CHIEF JUDGE
RONALD LOWE, SUPERVISING
JUDGE JAMES PLAKAS, and
DIRECTOR OF RMACO
TERESA PATTON,
in their personal and official
capacities,

      Defendants.

Case No. 2:24-cv-10790-MAG-EAS

Hon. District Judge Mark A. Goldsmith

---

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff was ordered by the court to provide full and complete Responses to Defendants' discovery by **May 29, 2026** (*ECF 67 PageID 884)*. Remarkably, ***THEY STILL HAVE NOT BEEN RECEIVED***.[1]   The position in which Defendants now find themselves is that, after nearly *8 weeks* of trying to obtain this

---

[1] As will be more fully laid out in a forthcoming Motion, instead of focusing on complying with the FRCP and the Order from this court to provide full and complete responses to Defendants discovery, Plaintiff apparently used her time to draft her own discovery requests to Defendant which were *personally served* on defense counsel, *at her home* at 4p on Sunday 5/31/26.  As mentioned, the impropriety of this will be separately addressed, but it is notable because *if anything should have been served,* it is Plaintiff's long overdue discovery responses.

discovery to no avail, after having had to cancel Plaintiff's deposition because of the issue, and approaching a June 30, 2026, discovery deadline, we still have *zero* discovery from her. Yet she has the gall to claim that Defendants are not entitled to sanctions because they have not put in sufficient effort to justify them and because they are not otherwise warranted by the circumstances (See Plaintiff's Response ¶3). Such a position is ludicrous and easily belied by the court record. By way of example but not limitation, the Response suggests that the parties would not be in this position if Defendants had only just sent her an email which said "I didn't receive your responses, please send again." (See Plaintiff's Response ¶4). To suggest to the court that the email that was sent, which stated "<u>I do not have any discovery responses from you</u>…If you have responses prepared, it should be no issue to <u>email them immediately</u> and put the issue to bed. <u>Please do so</u>" (*ECF 67 PageID 880*) was not sufficiently clear, and that this lack of clarity is to blame for Plaintiff's noncompliance, is an insult to the intelligence of this court and its officers. Further demonstrating the absurdity of this position is that Plaintiff *admits* in her response that she *CHOSE* not to respond to this email because she did not want it to be interpreted "as an admission that it was not sent the first time." (See ¶4, Plaintiff's Response). In other words, Plaintiff knew the responses had not been received, had an opportunity to rectify the situation and purposefully decided not to. This is, of course, what led to the Motion to Compel which, as Plaintiff

1

now admits, was necessitated by her **deliberate obstruction**. There is no clearer case for sanctions, up to and including DISMISSAL, for such actions.

Plaintiff's Response also seeks to avoid sanctions on the grounds that the court cancelled oral argument on the Motion to Compel (which is, of course, permitted by the court rules of which Plaintiff should be aware).  Presumably, the implication is that she would have explained herself and actions to the court in such a way that sanctions would not be warranted.  Of course, if there is a legitimate explanation that could have and would have been made during oral argument, it defies logic that Plaintiff would not make it part of her Response either to the Motion to Compel or the Order to Show Cause.[2]  The suspicious absence of any explanation, let alone a legitimate one, despite two opportunities to provide one, defies reason and exemplifies Plaintiff's duplicity.

If the subject discovery Responses exist, as Plaintiff claims, then it should be no issue to produce them.  She could have, and should have, done so in response to the emails she was sent indicating that the responses had not been received.  She could have, and should have, done so in response to the proposed Stipulated Order intended to resolve the issue.  She could have, and should have, done so in response to the Motion to Compel that discovery.  She could have and should have done so in response to this Order to Show Cause.  Yet she has not.  Either the

---

[2] Hopefully it is not lost on the court that there would be no reason to provide any explanation or excuse to the court for not providing the discovery Responses if they actually existed and had been provided.

Responses exist and she is purposefully withholding them from the parties and the court, or they do not exist and Plaintiff is, and has been, actively lying to the court. Regardless, this is unacceptable and, undeniably, sanctionable behavior.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: */s/Lauri B. Stewart*

 Lauri B. Stewart (P55014)
Attorney for Lowe and Plakas
lstewart@kerr-russell.com

Dated: June 1, 2026

3

4901-8323-1921, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

By: */s/Crystal R. Maynor*
Crystal R. Maynor, Legal Assistant
KERR, RUSSELL AND WEBER, PLC