UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SUNDUS K. JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

    Defendants.

Case No. 24-CV-10790

Honorable Robert J. White

## RESPONSE TO THE JUDICIAL DEFENDANTS LAST FILING

NOW COMES Plaintiff, Sundus K. Jaber, in response to the Judicial Defendants' last filing, and states:

Plaintiff acknowledges that the filing of discovery responses is generally not permitted. But upon seeing the Judicial Defendants' filing, Plaintiff believed the Court would want to see them immediately.

Attached is one of two proofs of service by a third party, all of Plaintiff's written responses to the Judicial Defendants' discovery requests, and some relevant emails. Plaintiff is in the process of reducing the file size of the RFP materials to be able to file it as well.

## PROOF OF SERVICE

I am over the age of 18 and am not a party to this action.

On May 31, 2026, I hand-delivered 6 different sets of discovery requests and Plaintiff's discovery respones to the following address:

2828 Walden Park Dr. Orion, MI 48359.

The documents were delivered to: *LAURI B. STEWART*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 31, 2026.  *@ 348 pm*

**Brian Menge**

15

                          **Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>**

## (no subject)

3 messages

---

**Sundus Jaber** <attorneys.jaber@sundusjaberlaw.com>                 Sat, May 30, 2026 at 12:03 PM
To: Lauri Stewart <lstewart@kerr-russell.com>, Jeremy Romer <jromer@rsjalaw.com>

The guy I use for process serving couldn't get to your respective offices yesterday to hand deliver my discovery requests etc. The discovery cutoff ia June 30. Yesterday would have 33 days before the cutoff not 34 which is required if served by mail. Hand deliver on Monday would also make me one day short.

He suggested that he hand deliver it to your homes tomorrow. I would prefer not to do that but I will do what I need to do to comply with the applicable rule.

Please advise by 6pm today whether you guys would prefer an alternative that allows me to comply with the applicable rule.

Thanks,

Sundus K. Jaber
Owner & Principal Attorney
The Law Office of Sundus K. Jaber, PLLC
39111 Six Mile Rd.
Livonia, MI 48152
Tel: (734) 224-3660 | Fax: (734) 480-8036

*This signature block is for identification only and does not constitute an electronic signature or intent to enter into any binding agreement.*

**Confidentiality Statement:**
This communication, including any attachments, is intended only for the recipient to whom it is addressed. It may contain privileged, confidential, or attorney work-product information that is exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521) and other federal and state privacy protections. Unintended disclosure shall not be deemed to waive any privilege, confidentiality, or legal protection.

If you are not the intended recipient, please note that you are strictly prohibited from reviewing, disseminating, distributing, or copying this communication or its contents. If you have received this message in error, please notify us immediately by e-mail, delete all copies from your system, and refrain from using or disclosing any portion of its contents.

If you are the intended recipient, please be advised that this communication and any attachments are provided solely for your authorized use in connection with the specific legal matter for which they were sent. You may not copy, forward, disclose, or distribute this message or its contents to any other person or entity without the express written consent of Attorney Sundus K. Jaber.

---

**Jeremy Romer** <jromer@rsjalaw.com>                           Sat, May 30, 2026 at 12:59 PM
To: Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>
Cc: Lauri Stewart <lstewart@kerr-russell.com>, Ola Faraj <ofaraj@dearborn.gov>

My family and I are in Petoskey for my oldest daughter's soccer tournament. But even if I was home to accept service and you attempted to do so in this manner, I would not honor it.

You need to review FRCP 5(b). It's extremely improper for you to serve counsel at our personal residence when both of us have an operating business address (see the case caption) and are not evading service.

My personal home is not a service option because you've failed to properly prosecute your case within the time limits contained within the scheduling order issued by the Court and applicable court rules.

Lastly, I find your professional courtesy request on this issue to be entirely ridiculous given your willful refusal to respond to any of my communications regarding my clients outstanding discovery demands in addition to your unsettling and unsupported personal accusations you've made against both myself and Laurie in multiple filings with the court.

Sent from my iPhone
Jeremy J. Romer

On May 30, 2026, at 12:03 PM, Sundus Jaber <attorneys.jaber@sundusjaberlaw.com> wrote:

[Quoted text hidden]

---

**Sundus Jaber** <attorneys.jaber@sundusjaberlaw.com>                    Sat, May 30, 2026 at 1:24 PM
To: Jeremy Romer <jromer@rsjalaw.com>
Cc: Lauri Stewart <lstewart@kerr-russell.com>, Ola Faraj <ofaraj@dearborn.gov>

1.I did review it yesterday. I'm confident it's lawful to do so.

2. I wasn't asking you for a favor or for consent to send them electronically. Not that you deserve to be asked your preference and/or provided a choice in how I serve discovery requests, that was the purpose of my email. The contents of my prior email should have made it clear that I don't need your consent in order for me to timely serve discovery requests.

Sundus K. Jaber
Owner & Principal Attorney
The Law Office of Sundus K. Jaber, PLLC
39111 Six Mile Rd.
Livonia, MI 48152
Tel: (734) 224-3660 | Fax: (734) 480-8036

*This signature block is for identification only and does not constitute an electronic signature or intent to enter into any binding agreement.*

**Confidentiality Statement:**
This communication, including any attachments, is intended only for the recipient to whom it is addressed. It may contain privileged, confidential, or attorney work-product information that is exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521) and other federal and state privacy protections. Unintended disclosure shall not be deemed to waive any privilege, confidentiality, or legal protection.

If you are not the intended recipient, please note that you are strictly prohibited from reviewing, disseminating, distributing, or copying this communication or its contents. If you have received this message in error, please notify us immediately by e-mail, delete all copies from your system, and refrain from using or disclosing any portion of its contents.

If you are the intended recipient, please be advised that this communication and any attachments are provided solely for your authorized use in connection with the specific legal matter for which they were sent. You may not copy, forward, disclose, or distribute this message or its contents to any other person or entity without the express written consent of Attorney Sundus K. Jaber.
[Quoted text hidden]



**Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>**

## RE: [EXTERNAL] Re:

2 messages

**Lauri Stewart** <lstewart@kerr-russell.com>                     Sun, May 31, 2026 at 9:58 AM
To: Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>, Jeremy Romer <jromer@rsjalaw.com>
Cc: Ola Faraj <ofaraj@dearborn.gov>

Per the attached court Order:

"…all parties in this action must serve [discovery] materials going forward by certified U.S. mail with mailing receipt and tracking provided.  Alternatively, the parties may agree, in a writing entered on the docket, to accept service by email going forward."

It is unsurprising that the alleged attempted personal service was unsuccessful given that, per your email, it was attempted on a *Saturday* when our office is closed.

Given that we ***STILL*** do not have ***ANY*** discovery responses from you, I would hope and think that you would be at least as focused on serving ***THESE COURT ORDERED RESPONSES*** as you are on insulating yourself from the consequences of untimely and improper service.

**Lauri B. Stewart**
*Attorney*



**Kerr, Russell and Weber, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
P: 313.961.0200 | F: 313.961.0388

NOTICE: The information contained in the above message is attorney privileged and confidential information solely for the use of the intended recipient. If the reader of this message is not the intended recipient, the reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify Kerr, Russell and Weber, PLC by telephone at 313-961-0200.

**From:** Sundus Jaber <attorneys.jaber@sundusjaberlaw.com>
**Sent:** Saturday, May 30, 2026 1:25 PM
**To:** Jeremy Romer <jromer@rsjalaw.com>
**Cc:** Lauri Stewart <lstewart@kerr-russell.com>; Ola Faraj <ofaraj@dearborn.gov>
**Subject:** [EXTERNAL] Re:

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

1.I did review it yesterday. I'm confident it's lawful to do so.

2. I wasn't asking you for a favor or for consent to send them electronically. Not that you deserve to be asked your preference and/or provided a choice in how I serve discovery requests, that was the purpose of my email. The contents of my prior email should have made it clear that I don't need your consent in order for me to timely serve discovery requests.

Sundus K. Jaber
Owner & Principal Attorney
The Law Office of Sundus K. Jaber, PLLC
39111 Six Mile Rd.
Livonia, MI 48152
Tel: (734) 224-3660 | Fax: (734) 480-8036

*This signature block is for identification only and does not constitute an electronic signature or intent to enter into any binding agreement.*

**Confidentiality Statement:**

This communication, including any attachments, is intended only for the recipient to whom it is addressed. It may contain privileged, confidential, or attorney work-product information that is exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521) and other federal and state privacy protections. Unintended disclosure shall not be deemed to waive any privilege, confidentiality, or legal protection.

If you are not the intended recipient, please note that you are strictly prohibited from reviewing, disseminating, distributing, or copying this communication or its contents. If you have received this message in error, please notify us immediately by e-mail, delete all copies from your system, and refrain from using or disclosing any portion of its contents.

If you are the intended recipient, please be advised that this communication and any attachments are provided solely for your authorized use in connection with the specific legal matter for which they were sent. You may not copy, forward, disclose, or distribute this message or its contents to any other person or entity without the express written consent of Attorney Sundus K. Jaber.

On Sat, May 30, 2026, 12:59 PM Jeremy Romer <jromer@rsjalaw.com> wrote:

> My family and I are in Petoskey for my oldest daughter's soccer tournament. But even if I was home to accept service and you attempted to do so in this manner, I would not honor it.

> You need to review FRCP 5(b). It's extremely improper for you to serve counsel at our personal residence when both of us have an operating business address (see the case caption) and are not evading service.

My personal home is not a service option because you've failed to properly prosecute your case within the time limits contained within the scheduling order issued by the Court and applicable court rules.

Lastly, I find your professional courtesy request on this issue to be entirely ridiculous given your willful refusal to respond to any of my communications regarding my clients outstanding discovery demands in addition to your unsettling and unsupported personal accusations you've made against both myself and Laurie in multiple filings with the court.

Sent from my iPhone

Jeremy J. Romer

On May 30, 2026, at 12:03 PM, Sundus Jaber <attorneys.jaber@sundusjaberlaw.com> wrote:

The guy I use for process serving couldn't get to your respective offices yesterday to hand deliver my discovery requests etc. The discovery cutoff ia June 30. Yesterday would have 33 days before the cutoff not 34 which is required if served by mail. Hand deliver on Monday would also make me one day short.

He suggested that he hand deliver it to your homes tomorrow. I would prefer not to do that but I will do what I need to do to comply with the applicable rule.

Please advise by 6pm today whether you guys would prefer an alternative that allows me to comply with the applicable rule.

Thanks,

Sundus K. Jaber
Owner & Principal Attorney
The Law Office of Sundus K. Jaber, PLLC
39111 Six Mile Rd.
Livonia, MI 48152
Tel: (734) 224-3660 | Fax: (734) 480-8036

*This signature block is for identification only and does not constitute an electronic signature or intent to enter into any binding agreement.*

**Confidentiality Statement:**

This communication, including any attachments, is intended only for the recipient to whom it is addressed. It may contain privileged, confidential, or attorney work-product information that is exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521) and other federal and state privacy protections. Unintended disclosure shall not be deemed to waive any privilege, confidentiality, or legal protection.

If you are not the intended recipient, please note that you are strictly prohibited from reviewing, disseminating, distributing, or copying this communication or its contents. If you have received this message in error, please notify us

immediately by e-mail, delete all copies from your system, and refrain from using or disclosing any portion of its contents.

If you are the intended recipient, please be advised that this communication and any attachments are provided solely for your authorized use in connection with the specific legal matter for which they were sent. You may not copy, forward, disclose, or distribute this message or its contents to any other person or entity without the express written consent of Attorney Sundus K. Jaber.

📄 **051926 Order Granting Motion to Compel - FILED - 4933-4084-3437 1.pdf**
208K

---

**Sundus Jaber** <attorneys.jaber@sundusjaberlaw.com>                    Sun, May 31, 2026 at 10:21 AM
To: Lauri Stewart <lstewart@kerr-russell.com>
Cc: Jeremy Romer <jromer@rsjalaw.com>, Ola Faraj <ofaraj@dearborn.gov>

Perhaps you need to re-read my email because what you stated is factual incorrect.

Further, verification will definitely not be an issue.

Sundus K. Jaber
Owner & Principal Attorney
The Law Office of Sundus K. Jaber, PLLC
39111 Six Mile Rd.
Livonia, MI 48152
Tel: (734) 224-3660 | Fax: (734) 480-8036

*This signature block is for identification only and does not constitute an electronic signature or intent to enter into any binding agreement.*

**Confidentiality Statement:**
This communication, including any attachments, is intended only for the recipient to whom it is addressed. It may contain privileged, confidential, or attorney work-product information that is exempt from disclosure under applicable law, including but not limited to the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521) and other federal and state privacy protections. Unintended disclosure shall not be deemed to waive any privilege, confidentiality, or legal protection.

If you are not the intended recipient, please note that you are strictly prohibited from reviewing, disseminating, distributing, or copying this communication or its contents. If you have received this message in error, please notify us immediately by e-mail, delete all copies from your system, and refrain from using or disclosing any portion of its contents.

If you are the intended recipient, please be advised that this communication and any attachments are provided solely for your authorized use in connection with the specific legal matter for which they were sent. You may not copy, forward, disclose, or distribute this message or its contents to any other person or entity without the express written consent of Attorney Sundus K. Jaber.

[Quoted text hidden]

---

**2 attachments**

 kr_150_logo_c4e744ac-6217-4f7c-a5c3-e0102576354e.png
9K

 kr_150_logo_c4e744ac-6217-4f7c-a5c3-e0102576354e.png
9K

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SUNDUS K. JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

     Defendants.

Case No. 24-CV-10790

Honorable Robert J. White

## PLAINTIFF'S RESPONSES & OBJECTIONS TO REQUESTS FOR ADMISSIONS, INTERROGATORIES & TO PRODUCE SERVED BY DEFENDANTS RONALD LOWE & JAMES PLAKAS

### PRELIMINARY STATEMENT

Plaintiff responds based on information reasonably available to Plaintiff after a reasonable inquiry. Plaintiff will supplement as required by Fed. R. Civ. P. 26(e).

### GENERAL OBJECTIONS

1. Plaintiff objects to each and every request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine, or

any other applicable privilege or protection. No waiver of any such privilege is intended.

2. Plaintiff objects to any definition or instruction to the extent it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable order.

3. Plaintiff objects to the requests to the extent they seek information not within Plaintiff's possession, custody, or control, or that would require Plaintiff to speculate or provide information not reasonably available to her.

4. Plaintiff objects to the requests to the extent they are overly broad, unduly burdensome, or seek information not relevant to any party's claim or defense as defined by the Federal Rules of Civil Procedure.

5. Plaintiff reserves the right to supplement, amend, or clarify these objections and responses as discovery proceeds and as additional information becomes available.

**REQUEST FOR ADMISSION NO. 1:** Please admit that the Memorandum of Understanding (attached as Exhibit A) that you had with the Regional Managed Assigned Claims Office ("RMACO") did not guarantee you a specific number of assignments.

**ANSWER:**

Objection. The request references "Exhibit A," but no Exhibit A was attached or provided with the discovery requests as served.

Plaintiff further objects because the Judicial Defendants were not parties to the MOU and because the request assumes the disputed premise that the MOU alone governed Plaintiff's relationship with RMACO. Plaintiff began performing work for RMACO before execution of the MOU and does not admit that the MOU alone governed the entirety of the parties' relationship.

Subject to and without waiving these objections, Plaintiff states that the text of Paragraph 6 of the MOU states that "the Regional MAC Office is not obligated to assign a specific number of cases to Counsel."

**INTERROGATORY NO. 1:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to Plaintiff's response to Request for Admission No. 1.

**REQUEST TO PRODUCE NO. 1:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 2:** Please admit that pursuant to the Memorandum of Understanding that you had with the Regional Managed Assigned Claims Office ("RMACO"), you were not guaranteed assignments in any specific court.

**ANSWER:**

Objection. The request references "Exhibit A," but no Exhibit A was attached or provided with the discovery requests as served.

Plaintiff further objects because the Judicial Defendants were not parties to the MOU and because the request assumes the disputed premise that the MOU alone governed Plaintiff's relationship with RMACO. Plaintiff began performing work for RMACO before execution of the MOU and does not admit that the MOU alone governed the entirety of the parties' relationship.

Subject to and without waiving the foregoing objections, Plaintiff states that the MOU does not expressly guarantee assignments in any particular court. Plaintiff further states that the MOU identifies the courts in which counsel intended to accept appointments but does not contain an express guarantee of assignment to any particular court. Plaintiff further states that she began performing work for RMACO in approximately September 2023, several months before execution of the MOU on January 25, 2024, and does not admit that the MOU alone governed the entirety of the parties' relationship. Plaintiff further states that she was recruited to serve as a lead public defender at the 35th District Court.

**INTERROGATORY NO. 2:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 2:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which

you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 3:** Please admit that pursuant to the Memorandum of Understanding, you agreed to accept assignments "in all of Wayne and Oakland County".

**ANSWER:**

Objection. The request mischaracterizes and misquotes the contents of the MOU.

Subject to and without waiving this objection, Plaintiff denies the request. The MOU does not state that Plaintiff agreed to accept assignments "in all of Wayne and Oakland County."

**INTERROGATORY NO. 3:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 3:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 4:** Please admit that as Michigan Indigent Defense Counsel (MIDC) you were able to reject case assignments from any court, including the 35th District Court.

**ANSWER:**

Objection. The request is vague and ambiguous as to the phrase "as Michigan Indigent Defense Counsel (MIDC)," as MIDC refers to the Michigan Indigent Defense Commission and not Plaintiff. Plaintiff further objects that the term "able"

is vague and ambiguous.

Subject to and without waiving these objections, Plaintiff states that the MOU provides that counsel is not obligated to accept cases offered by RMACO. Plaintiff otherwise denies the request to the extent it implies there were no limitations, conditions, or consequences associated with declining assignments.

**INTERROGATORY NO. 4:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 4:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff

will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 5:** Please admit the payment for your MIDC assignments at the 35th District Court was not made by either Judge Plakas or Judge Lowe.

**ANSWER:**

Admitted.

**INTERROGATORY NO. 5:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Not applicable. Plaintiff provided an unqualified admission to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 5:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff

will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 6:** Please admit that the professional judgment exercised by you when representing clients in the 35th District court was not controlled or directed by Judge Plakas or Judge Lowe.

**ANSWER:**

Objection. The request is vague and ambiguous as to the phrase "professional judgment."

Subject to and without waiving this objection, Plaintiff states that neither Judge Lowe nor Judge Plakas directly represented Plaintiff's clients or formally directed Plaintiff's legal advice to clients. Plaintiff otherwise denies the request to the extent it implies that Defendants exercised no influence, oversight, or control over the manner in which Plaintiff performed her work at the 35th District Court.

**INTERROGATORY NO. 6:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without

waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 6:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 7:** Please admit that your belief that you were treated disparately from a white male co-public defender (see ¶78 First Amended Complaint) is the basis for your claim against Judges Plakas and Lowe under the Elliott Larsen Civil Rights Act.

**ANSWER:**

Objection. The request mischaracterizes Plaintiff's claims and improperly seeks to reduce a multi-fact claim to a single alleged basis.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 7:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts,

information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 7:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 8:** Please admit that the white male co-public defender to whom you are referring is Ryan Kasak.

**ANSWER:**

Admitted.

**INTERROGATORY NO. 8:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Not applicable. Plaintiff provided an unqualified admission to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 8:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 9:** Please admit that the court policy which you claim was disparately enforced was related to "a Defendant [having] multiple cases open, [will have] all files… heard the same day".

**ANSWER:**

Objection. The request mischaracterizes Plaintiff's First Amended Complaint

and attributes language to Plaintiff that does not appear in the pleading.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 9:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 9:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 10:** Please admit that there were no consequences to you or your client due to the policy referenced in RFA#9 purportedly being violated.

**ANSWER:**

Objection. The request is premised upon and incorporates the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9. The request is further vague and ambiguous as to the terms "consequences" and "the policy referenced in RFA #9."

Subject to and without waiving these objections, Plaintiff denies the request.

**INTERROGATORY NO. 10:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 10:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which

you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 11:** Please admit that you do not have, nor are you aware of any, evidence to support your belief that the same policy (See RFA#9) was not enforced against Ryan Kasak or any other white male counterpart.

**ANSWER:**

Objection. The request is premised upon the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 11:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without

waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 11:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 12:** Please admit that you do not have, nor are you aware of any, evidence that the enforcement of this policy against you was because of your gender.

**ANSWER:**

Objection. The request is premised upon the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 12:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely,

to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 12:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 13:** Please admit that you do not have, nor are you aware of any, evidence that the enforcement of this policy against you was because of your religion.

**ANSWER:**

Objection. The request is premised upon the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 13:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 13:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 14:** Please admit that you do not have, nor are you aware of any, evidence that the enforcement of this policy against you was

because of your race.

**ANSWER:**

Objection. The request is premised upon the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 14:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 14:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff

will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**REQUEST FOR ADMISSION NO. 15:** Please admit that you do not have, nor are you aware of any, evidence that the enforcement of this policy against you was because of any other protected characteristic.

**ANSWER:**

Objection. The request is premised upon the mischaracterization of Plaintiff's allegations contained in Request for Admission No. 9.

Subject to and without waiving this objection, Plaintiff denies the request.

**INTERROGATORY NO. 15:** If your answer to the preceding Request for Admission is anything other than an unqualified admission, please state all facts, information or evidence of which you are aware, and/or on which you intend to rely, to support your response.

**ANSWER:**

Objection. This Interrogatory is compound, overbroad, and seeks all facts, information, and evidence without reasonable limitation. Subject to and without waiving this objection, Plaintiff refers Defendants to her response to the corresponding Request for Admission.

**REQUEST TO PRODUCE NO. 15:** Please produce all documents, recordings, notes, materials, or other tangible evidence of which you are aware, and/or on which

you intend to rely, to support your response.

**ANSWER:**

Objection. This Request is overly broad, unduly burdensome, and not limited with reasonable particularity. Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents, if any, in her possession, custody, or control.

**INTERROGATORY NO. 16:** With regard to all clients that you have represented outside of your MOU with RMACO, if any, please state:

      a.     name(s)
      b.     nature of case
      c.     hourly rate charged
      d.     length of representation
      e.     outcome of case.

**ANSWER:**

Objection. This Interrogatory is vague and ambiguous as to the phrase "outside of your MOU with RMACO," fails to identify the relevant time period, and is unclear as to its scope. Plaintiff cannot determine the scope of information sought or provide a complete and accurate response as written. Plaintiff further objects that the Interrogatory is overbroad and seeks information implicating attorney-client confidentiality, attorney work product, and the privacy interests of non-parties. Subject to and without waiving these objections, Plaintiff will respond to any properly tailored, appropriately scoped, relevant, proportional, unambiguous, and

non-privileged discovery request.

**REQUEST TO PRODUCE NO. 16:** Please produce all client lists and invoices (paid and unpaid) relating to the above answer.

**ANSWER:**

Objection. This Request is vague and ambiguous as to the phrase "outside of your MOU with RMACO," fails to identify the relevant time period, and is unclear as to its scope. Plaintiff further objects that the Request is overbroad, disproportionate to the needs of the case, and seeks information protected by attorney-client privilege, attorney work product, duties of confidentiality, and the privacy interests of non-parties. The Request further seeks client lists and invoices without limitation as to subject matter, time period, or relevance.

Subject to and without waiving these objections, Plaintiff is willing to supplement her response to a properly tailored, appropriately scoped, relevant, proportional, unambiguous, and non-privileged discovery request seeking information relevant to the claims and defenses in this action.

**INTERROGATORY NO. 17:** With regard to all courts from which you have taken assignments through RMACO from 2022 to present, please identify:

    a.    the court
    b.    the judges before whom you appeared
    c.    the dates during which you took assignments
    d.    the number of assignments taken
    e.    the number of assignments declined

f.      the reason for declining any assignment

g.      if you no longer receive assignments from the court, the reason therefor.

**ANSWER:**

Objection. This Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a reconstruction of all RMACO assignments, declined assignments, and reasons for declining assignments from 2022 to the present. Plaintiff does not maintain the information requested in the manner sought by the Interrogatory. To the extent the Interrogatory seeks the number of assignments declined and the reasons for any such declinations, Plaintiff does not maintain records of declined assignments or the reasons for any such declinations. Information concerning RMACO assignment history, including assignments offered, accepted, or declined, is more readily available from RMACO's own records.

Subject to and without waiving these objections:

(a) Plaintiff recalls receiving RMACO assignments in the 17th District Court and the 20th District Court. Plaintiff also recalls receiving or being scheduled for assignments in the 24th District Court.

(b) Plaintiff does not presently recall all judges before whom she appeared during the relevant period.

(c) Plaintiff does not presently recall the specific dates during which assignments were taken in each court.

(d) Subject to the foregoing objections, Plaintiff does not presently know the number of assignments taken in each court.

(e) Subject to the foregoing objections, Plaintiff does not know the number of assignments declined.

Plaintiff objects to Defendants' Interrogatories to the extent they exceed 25 interrogatories, including all discrete subparts, permitted by Fed. R. Civ. P. 33(a)(1), because Defendants have not obtained leave from Court to exceed that limit. Applying Rule 33(a)(1) and counting discrete subparts, Plaintiff has responded through Interrogatory No. 17(e), which Plaintiff counts as Interrogatory No. 25. Plaintiff will not answer any additional interrogatories or discrete subparts beyond this point, including Interrogatory No. 17(f)-(g), unless and until Defendants obtain leave from the Court under Rule 33(a)(1).

**INTERROGATORY NO. 18:** Please identify the amount and source of any income earned by you for providing legal services for the years 2022, 2023, 2024 and 2025.

**ANSWER:**

Plaintiff objects to this Interrogatory because Defendants have exceeded the limit of 25 interrogatories, including discrete subparts, permitted by Fed. R. Civ. P. 33(a)(1). Plaintiff incorporates her objection stated in response to Interrogatory No. 17 and will not provide a further response absent stipulation or leave of Court.

**INTERROGATORY NO. 19:** If you are claiming economic loss, lost income, lost wages or lost earnings in connection with this lawsuit, please state:

       a.     the type and amount of loss;
       b.     the basis for your calculation;
       c.     what, if anything, you have done to mitigate that loss.

**ANSWER:**

Plaintiff objects to this Interrogatory because Defendants have exceeded the limit of 25 interrogatories, including discrete subparts, permitted by Fed. R. Civ. P. 33(a)(1). Plaintiff incorporates her objection stated in response to Interrogatory No. 17 and will not provide a further response absent stipulation or leave of Court.

**REQUEST TO PRODUCE NO. 17:**

Please provide copies of all W-2's, 1099's, Form 1040's, or other tax return records from 2022–2025.

**RESPONSE:**

Objection. This Request is overbroad, disproportionate to the needs of the case, and seeks highly sensitive financial and tax information beyond that relevant to the claims and defenses in this action. Plaintiff further objects because the Request seeks all W-2s, 1099s, Form 1040s, and other tax records from 2022 through 2025 without regard to the relevant damages period or whether the requested information is available from less intrusive sources.

Plaintiff further objects to the extent the Request seeks information

concerning income unrelated to the damages claimed in this action. Plaintiff further objects because compensation information relating to Plaintiff's work at the 35th District Court and RMACO assignments is available from records maintained by RMACO and/or other Defendants, including records relating to invoices and payments.

Subject to and without waiving these objections, Plaintiff will allow for inspection of non-privileged documents, if any, sufficient to evidence income and damages relevant to the claims asserted in this action.

**REQUEST TO PRODUCE NO. 18:** Please provide copies of any and all "Communications between Plaintiff and Defendant Patton, in both her individual and official capacities", identified in your initial disclosures.

**RESPONSE:**

Objection. This Request is overly broad, cumulative, duplicative, and disproportionate to the needs of the case. Plaintiff's Initial Disclosures identified communications with Defendant Patton that may support Plaintiff's claims; Plaintiff did not identify every communication exchanged with Defendant Patton. The Request seeks "any and all" communications, including communications already in Defendant Patton's possession, custody, or control. The burden of locating, collecting, reviewing, and producing all such communications outweighs any likely benefit where the same communications are reasonably available from Defendant

Patton.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged communications located after a reasonable search that may support Plaintiff's claims and are within Plaintiff's possession, custody, or control. Plaintiff reserves the right to supplement pursuant to Fed. R. Civ. P. 26(e).

**REQUEST TO PRODUCE NO. 19:** Please provide copies of " Any publications, newsletters, correspondence, or other materials praising Plaintiff's advocacy, including any state surveys administered through or in connection with Defendants", identified in your initial disclosures.

**RESPONSE:**

Objection. This Request is overly broad to the extent it seeks all publications, newsletters, correspondence, surveys, or other materials without limitation. Plaintiff further objects because many of the materials described in Plaintiff's Initial Disclosures originated from, were maintained by, or are otherwise reasonably available to Defendants, including the 35th District Court, RMACO, and/or other Defendants, rendering the Request cumulative and duplicative to that extent.

Subject to and without waiving these objections, Plaintiff will produce responsive documents located after a reasonable search. Plaintiff reserves the right to supplement or amend this response pursuant to Fed. R. Civ. P. 26(e) should additional responsive materials be identified.

**REQUEST TO PRODUCE NO. 20:** Please provide copies of all " documents in reflecting Defendant Patton's confidence in Plaintiff's legal advocacy", identified in your initial disclosures.

**RESPONSE:**

Objection. This Request mischaracterizes Plaintiff's Initial Disclosures. Plaintiff identified:

"Documents in Defendant RMACO's possession reflecting Defendant Patton's confidence in Plaintiff's legal advocacy."  Plaintiff further stated:

> "Defendant Patton should understand the information to which Plaintiff is referring. Plaintiff cannot ethically and will not disclose or produce any attorney-client privileged or confidential client information absent a court order. Even with a court order, Plaintiff will request in camera review and appropriate safeguards to protect the client."

Plaintiff did not identify documents in her own possession. To the extent the Request seeks attorney-client privileged information, confidential client information, or information protected by Plaintiff's ethical obligations to current or former clients, Plaintiff objects. Plaintiff further objects because the Request seeks documents expressly identified as being in Defendant RMACO's possession and is therefore cumulative and duplicative to that extent.

**REQUEST TO PRODUCE NO. 21:** Please provide copies of any and all " emails in which Plaintiff was the sender or recipient involving communications with Defendant RMACO and Patton, Defendant Plakas and/or any current or former court personnel [including Judge Gerou and] including individuals who worked or work under any Defendant's supervision", identified in your initial disclosures.

**RESPONSE:**

Objection. This Request is overly broad, cumulative, duplicative, and disproportionate to the needs of the case. Plaintiff's Initial Disclosures identified emails that may support Plaintiff's claims; Plaintiff did not identify every email in which she was a sender or recipient involving RMACO, Patton, Plakas, current court personnel, former court personnel, or individuals working under any Defendant's supervision. The Request seeks "any and all" emails without reasonable limitation as to subject matter and includes communications already in the possession, custody, or control of Defendants or other court personnel.

Subject to and without waiving these objections, Plaintiff will produce responsive emails located after a reasonable search that may support Plaintiff's claims. Plaintiff reserves the right to supplement pursuant to Fed. R. Civ. P. 26(e).

**REQUEST TO PRODUCE NO. 22:** Please provide copies of all text messages and/or emails exchanged with Mike Gerou from September 2023 to the present.

**RESPONSE:**

Objection. This Request is overly broad and seeks all text messages and emails exchanged with a non-party from September 2023 to the present without limitation as to subject matter. Plaintiff further objects because the Request is not reasonably limited to communications relevant to any claim or defense in this action and therefore exceeds the permissible scope of discovery.

Subject to and without waiving these objections, Plaintiff is not presently aware of any communications with Judge Gerou that are relevant to the claims or defenses in this action. Plaintiff reserves the right to supplement pursuant to Fed. R. Civ. P. 26(e).

**REQUEST TO PRODUCE NO. 23:** Please provide copies of any and all "Privileged communications and documentation between Plaintiff and her former clients", identified in your initial disclosures.

**RESPONSE:**

Objection. This Request seeks attorney-client privileged communications, confidential client information, and information protected by Plaintiff's ethical obligations to former clients. As stated in Plaintiff's Initial Disclosures:

"Plaintiff cannot ethically and will not disclose or produce any attorney-client privileged or confidential client information absent a court order. Even with a court order, Plaintiff will request in camera review and appropriate safeguards to protect her former clients."

Accordingly, Plaintiff objects to this Request and will not produce documents responsive to it absent further order of the Court.

## VERIFICATION

I, Sundus K. Jaber, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Answers to Interrogatories and that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

**Date:** April 5, 2026

*Sundus K. Jaber*
Sundus K. Jaber

*Sundus K. Jaber*
Sundus K. Jaber
Plaintiff, Pro Se
39111 Six Mile Rd.
Livonia, MI 48152
(734) 224-3660

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SUNDUS K. JABER,

      Plaintiff,

v.

35TH DISTRICT COURT, et al.,

      Defendants.

Case No. 24-CV-10790

Honorable Robert J. White

## PLAINTIFF'S RESPONSES & OBJECTIONS TO THE LAY WITNESS INTERROGATORIES AND REQUESTS TO PRODUCE SERVED BY DEFENDANTS RONALD LOWE & JAMES PLAKAS

### PRELIMINARY STATEMENT

Plaintiff responds based on information reasonably available to Plaintiff after a reasonable inquiry. Plaintiff will supplement as required by Fed. R. Civ. P. 26(e).

### GENERAL OBJECTIONS

1. Plaintiff objects to each and every request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine, or

any other applicable privilege or protection. No waiver of any such privilege is intended.

2. Plaintiff objects to any definition or instruction to the extent it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable order.

3. Plaintiff objects to the requests to the extent they seek information not within Plaintiff's possession, custody, or control, or that would require Plaintiff to speculate or provide information not reasonably available to her.

4. Plaintiff objects to the requests to the extent they are overly broad, unduly burdensome, or seek information not relevant to any party's claim or defense as defined by the Federal Rules of Civil Procedure.

5. Plaintiff reserves the right to supplement, amend, or clarify these objections and responses as discovery proceeds and as additional information becomes available.

**INTERROGATORY NO. 1:** With regard to each of the following witnesses identified on your witness list:

| | |
|---|---|
| 1. | Defendant Plakas' ex-wife |
| 2. | Judge Jinan Hamood |
| 3. | Attorney Gabi Silvers |
| 4. | Attorney Todd Perkins |
| 5. | Judge Nicole Castka |
| 6. | Judge David Allen |
| 7. | Attorney Jordan Zuppke |
| 8. | Attorney Angie Martinez |

2

9. Melody Jaber
10. Canton Township elected officials
11. Attorney Nijad Mehanna
12. Attorney Sam Bernstein
13. Attorney Coral Watt
14. Judge Aliyah Sabree
15. Attorney Natalie Phelps
16. Attorney Blasé Kearney
17. Attorney Andrew Sullivan
18. Attorney Lawerence Gadd
19. Judge Joe Barone
20. Attorney Sophia Nelson
21. Attorney Cait De Mott Grady
22. Attorney Barb Sworden
23. Steve Heuwagan
24. Katherine Hector
25. Scott Still
26. Adam Hazlett
27. Attorney Scott Mackela
28. Cristina Eckoff
29. Attorney Tracie D. Boyd

Please provide the following information:

a. The witnesses address and phone number;
b. Your relationship with this witness;
c. The anticipated testimony from this witness;
d. The factual basis for the anticipated testimony of this witness; and
e. Whether this witness has been interviewed by counsel for Plaintiff, or a representative thereof;

**ANSWER**:

Plaintiff objects to Lay Witness Interrogatory No. 1 because it exceeds the limit imposed by Fed. R. Civ. P. 33(a)(1), which presumptively permits no more than 25 interrogatories, including discrete subparts. Plaintiff is serving responses to Defendants' Feb. 3, 2026, interrogatories concurrently with these responses. Subject

to and without waiving this objection, Plaintiff declines to answer the interrogatories served in excess of that limit.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce the following:

a. copies of any and all written and/or recorded statements given by the witness identified in the aforementioned interrogatory.

b. a copy of any and all documents on which this witness will rely as a basis for his or her anticipated testimony.

**RESPONSE**:

Plaintiff objects to this Request to the extent it is overbroad and not proportional to the needs of the case because it seeks "any and all" written and/or recorded statements and "any and all" documents for each witness identified in Interrogatory No. 1, without limitation as to subject matter or time. Plaintiff further objects that the phrase "documents on which this witness will rely as a basis for his or her anticipated testimony" is vague and calls for speculation as to what any nonparty witness may "rely on." Plaintiff further objects to the extent this Request seeks materials not within Plaintiff's possession, custody, or control, including statements or documents held by nonparty witnesses. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege or work-product doctrine.

Subject to and without waiving these objections, Plaintiff has conducted a

4

reasonable search of the materials reasonably available to Plaintiff and, at this time, Plaintiff is not aware of any nonprivileged documents responsive to Request for Production No. 1(a) or 1(b) that are in Plaintiff's possession, custody, or control; therefore, no documents will be produced at this time. Plaintiff is not knowingly withholding any nonprivileged responsive documents. To the extent any responsive documents are withheld on the basis of privilege or work product, Plaintiff will provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A). Plaintiff will supplement as required by Fed. R. Civ. P. 26(e).

Date: 4/5/2026

*Sundus K. Jaber*
Sundus K. Jaber
Plaintiff, Pro Se
39111 Six Mile Rd.
Livonia, MI 48152
(734) 224-3660

5