UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,

      Plaintiff,

v.

35TH DISTRICT COURT, et al.,

      Defendants.

Case No. 24-cv-10790

Honorable Robert J. White

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION (ECF NO. 68) AND (2) DENYING
PLAINTIFF'S EMERGENCY MOTION AS MOOT**

This case arises from Plaintiff Sundus Jaber's time practicing as a public

defender at Michigan's 35th District Court; Plaintiff initially asserted claims against

Defendants the 35th District Court, Judge James Plakas, Chief Judge Ronald W.

Lowe, the Regional Managed Assigned Counsel Office for Wayne County

(RMACO), and Teresa Patton, RMACO's director.[1] (ECF No. 14, PageID.109-26).

Before the Court is Plaintiff's motion for reconsideration. (ECF No. 68).  Also before

the Court is Plaintiff's emergency motion to hold RMACO Defendants' recently-

---

[1] The 35th District Court, Judge Plakas, and Chief Judge Lowe are collectively
referred to as "Judicial Defendants."  RMACO and Patton are collectively referred
to as "RMACO Defendants."

filed motion to dismiss in abeyance and stay Plaintiff's response deadline pending resolution of her motion for reconsideration. (ECF No. 75).  For the following reasons, the Court denies Plaintiff's motions.

## I.      Background

On March 24, 2026, RMACO Defendants moved to compel Plaintiff's full and complete responses to requests for admissions, interrogatories, and document requests, and to award them the costs and fees associated with filing the motion. (ECF No. 59).  Plaintiff never responded to the motion, and the Court granted it on April 10, 2026. (ECF No. 61).  The Court specifically concluded, largely due to her failure to respond, that Plaintiff did "not meet the requisite burden to show that the discovery requests were in any way improper, either due to irrelevance, undue burden, improper service, or otherwise." (ECF No. 61, PageID.692).  The Court also ordered Plaintiff to show cause as to why sanctions were unwarranted. (ECF No. 61, PageID.693).

Plaintiff now moves for reconsideration of the Court's decision granting the motion to compel, arguing that the Court's April 10, 2026 order and accompanying show-cause directive should be vacated.  Although conceding that her motion is untimely under E.D. Mich. L.R. 7.1(h), Plaintiff seeks relief pursuant to Fed. R. Civ. P. 54(b). (ECF No. 68).

## II.     Legal Standard

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (unpublished).  "This authority allows district courts to afford such relief from interlocutory orders as justice requires." *Id.* (cleaned up). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* Decisions on a Rule 54(b) motion for reconsideration are left to the discretion of trial courts. *See id.* at 952, 959-60.

"However, a motion for reconsideration under Rule 54(b) cannot be used to raise legal arguments that could have been raised before the Court issued its decision, and a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Powers v. United States*, No. 16-13668, 2019 U.S. Dist. LEXIS 52259, at *3 (E.D. Mich. Mar. 28, 2019) (cleaned up).  "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Id.*

### III.    Analysis

Plaintiff argues that reconsideration is warranted because (1) the Court was misled by RMACO Defendants' omission of relevant facts—specifically, their failure to provide the complete emails (a) concerning Plaintiff's objection to email service and (b) necessary for context regarding prejudice, bad faith, and related issues; (2) the Court, based on the misleading record, erroneously concluded that RMACO Defendants properly served the discovery requests at issue; (3) the requests were never properly served given Plaintiff's objection to email service; (4) the Court improperly placed the burden of proving service (or lack thereof) on Plaintiff instead of RMACO Defendants; (5) RMACO Defendants strategically manufactured alleged prejudice, urgency, and delay via their selective inclusion of evidence and own choices during motion practice; and (6) relatedly, the timing and presentation of RMACO Defendants' motion was improperly designed to mislead the Court and manufacture a basis for sanctions or other relief. (ECF No. 68, PageID.891, 897-911, 914-15).

Plaintiff also argues that even assuming service was proper, RMACO Defendants' motion to compel lacked the requisite specificity as to the deficiency of certain limited discovery responses Plaintiff *did* provide.  Plaintiff relatedly argues that RMACO Defendants have incorrectly sought to recast this matter as a procedural default rather than a legitimate merits dispute concerning a specific

memorandum of understanding (MOU) referenced in RMACO Defendants' discovery requests. (ECF No. 68, PageID.912-14).

Plaintiff specifically denied certain requests to admit, subject to objections seemingly regarding the relevance and scope thereof, but she otherwise did not respond to any of the follow-up requests for Plaintiff to explain any denial with supporting facts.  For example, Plaintiff declined to answer whether the MOU guaranteed her a set number of work hours, instead objecting "on the grounds that [the request] assumes the [MOU] governed Plaintiff's working relationship with RMACO." (ECF No. 59-3, PageID.667-80).

In the Court's view, however, the requested information is not unduly burdensome and appears to meet the low burden of relevance for discovery purposes; ultimately, whether the MOU governs the parties' relationship here is a legal issue more appropriately addressed regarding the weight of the evidence at issue.  The Court also notes that Plaintiff contradictorily sent these partial responses by email while simultaneously objecting to email service of discovery materials.

In any event, even accepting that Plaintiff's partial responses constituted timely objections to the request for admissions, she has since forfeited any such objection by failing to respond to RMACO Defendants' motion to compel or otherwise flesh this argument out for the Court. *See Norton Outdoor Adver., Inc. v. Vill. of St. Bernard*, 168 F.4th 897, 904 (6th Cir. 2026) ("forfeiture occurs when a

party fails to make the timely assertion of a right") (cleaned up); *Grand v. City of Univ. Heights*, 159 F.4th 507, 515 (6th Cir. 2025) ("Parties forfeit arguments at the summary judgment stage by failing to adequately address them in response to a motion for summary judgment."); *MAS, Inc. v. NoCheck, LLC*, No. 10-13147, 2011 U.S. Dist. LEXIS 32018, at *6-7 (E.D. Mich. Mar. 28, 2011) ("Defendants have likely forfeited any right of review by failing to oppose Plaintiff's motion [to compel discovery] while it was before [the magistrate judge]. . . . Therefore, Defendants have probably forfeited any review of the discovery order.").

Even in Plaintiff's motion for reconsideration, she merely refers to a purported merits dispute over discovery regarding the MOU without any specific argument or explanation supporting *why* the requested admissions are substantively objectionable. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.[2] It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); *see also United States v. Page*, 163 F.4th 385, 393 (6th Cir.

---

[2] The terms waiver and forfeiture are related and "often used interchangeably by jurists and litigants," but they "are not synonymous." "Waiver is a party's intentional relinquishment or abandonment of a known right, whereas forfeiture occurs when a party fails to make the timely assertion of a right." *Norton*, 168 F.4th at 904 (cleaned up).

6

2025) ("an appellant forfeits any issue adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation") (cleaned up).

Plaintiff similarly forfeited any argument that service was improper. Critically, Plaintiff had the opportunity to raise this service issue in a timely response to the motion to compel. She never did so. And to date, Plaintiff has not provided any adequate explanation for her failure to respond or, at the very least, request an extension of time if needed. Importantly, courts have denied reconsideration under similar circumstances where the parties' arguments and evidence could have been but were not presented before the ruling at issue. *See Powers*, 2019 U.S. Dist. LEXIS 52259 at *4-6 (denying Rule 54(b) motion for reconsideration to the extent it raised issues and evidence that could have been presented before the court's ruling being challenged); *Rodriguez*, 89 Fed. Appx. at 959-960 ("Since [Defendant] had the evidence at the time of the court's earlier decision, the district court's refusal to consider this evidence is not clearly unjust. . . . Therefore, we find no abuse of discretion in the district court's order denying the motion for reconsideration of the interlocutory order.")

Accordingly, where Plaintiff could have avoided any error in the Court's earlier decision by diligently responding to the motion to compel, the Court in its discretion concludes that denial of reconsideration here would not result in any harm or injustice. This is particularly so given that the key dispute involves the

technicalities of service rather than any substantive merits issue.  Specifically, the record definitively shows Plaintiff's receipt and awareness of RMACO Defendants' discovery responses as early as March 2026.  Because three months have passed with no production due to a largely technical dispute, and because Plaintiff remains able to contest the admissibility and weight of any discoverable evidence at later stages of this action, the interests of justice favor moving discovery along in short order.

To the extent Plaintiff argues that her non-response is not fatal to reconsideration, the Court disagrees.  For this premise, she relies exclusively on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944).  But "[t]he equitable relief recognized in *Hazel-Atlas* has been superseded by Federal Rule of Civil Procedure 60, Relief from Judgment Order." *Noel v. United States*, No. 16-2619, 2017 U.S. App. LEXIS 28456, at *2 n. 1 (6th Cir. Nov. 28, 2017).  While these authorities involve challenging a *final* judgment or order, at issue here is a non-final, interlocutory order being challenged under Fed. R. Civ. P. 54(b).  And as stated, "Rule 54(b) cannot be used to raise legal arguments that could have been raised before the Court issued its decision, and a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Powers*, 2019 U.S. Dist. LEXIS 52259 at *3.  Further, to the extent Plaintiff asserts in a single sentence that the issue of defective service cannot

be waiver (nor, presumably, forfeited), she provides no argument or authority whatsoever to support this position.

In sum, because all Plaintiff's arguments and evidence to support reconsideration could have been raised in a timely response to RMACO Defendants' motion to compel, Plaintiff's motion for reconsideration is denied.  Next, Plaintiff's emergency motion for an abeyance and stay regarding RMACO Defendants' motion to dismiss states, "If reconsideration is denied, the Motion to Dismiss can proceed without meaningful delay." (ECF No. 75, PageID.1169).  Because reconsideration is denied, the emergency motion is denied as moot.

* * *

For the reasons given, the Court ORDERS that Plaintiff's motion for reconsideration (ECF No. 68) is DENIED.

IT IS FURTHER ORDERED that placing aside Plaintiff's objections to the discovery requests (which are preserved), she must provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents within fourteen (14) days of entry of this order. Concerning the partial admissions Plaintiff already provided, she must supplement her answers to provide specific denials with supporting facts where necessary and requested.  Failure to comply with this directive, as well as the

9

following decretal mandating available methods of service for discovery materials, may result in dismissal of the case. *See* Fed. R. Civ. P. 37(b)(2)(A)(*v*) (permitting "dismiss[al of] the action or proceeding in whole or in part" for a party's failure to obey discovery orders).

IT IS FURTHER ORDERED that, to avoid further disputes regarding service and receipt of discovery requests and responses, all parties in this action must serve such materials going forward by certified U.S. mail with mailing receipt and tracking provided. Alternatively, the parties may agree, in a writing entered on the docket, to accept service by email going forward.

IT IS FURTHER ORDERED that Plaintiff's emergency motion (ECF No. 75) is DENIED as moot.

Dated: June 5, 2026
s/Robert J. White
Robert J. White
United States District Judge

10