UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

     Defendants.

Case No. 24-cv-10790

Honorable Robert J. White

---

### ORDER (1) GRANTING PLAINTIFF'S MOTION (ECF NO. 79), (2) CLARIFYING THE COURT'S PRIOR ORDER, AND (3) EXTENDING THE DEADLINE FOR PLAINTIFF TO COMPLY

---

This case arises from Plaintiff Sundus Jaber's time practicing as a public defender at Michigan's 35th District Court; Plaintiff initially asserted claims against Defendants the 35th District Court, Judge James Plakas, Chief Judge Ronald W. Lowe, the Regional Managed Assigned Counsel Office for Wayne County (RMACO), and Teresa Patton, RMACO's director.[1] (ECF No. 14, PageID.109-26). Before the Court is Plaintiff's motion for the Court to clarify its directive in ECF

---

[1] The 35th District Court, Judge Plakas, and Chief Judge Lowe are collectively referred to as "Judicial Defendants."  RMACO and Patton are collectively referred to as "RMACO Defendants."

No. 78 and extend the deadline therein to comply with the Court's discovery order. (ECF No. 79).  The Court grants Plaintiff's motion.

As relevant here, the Court denied Plaintiff's motion for reconsideration of a prior order granting RMACO Defendants' motion to compel discovery. (ECF No. 78).  In so doing, the Court ordered in part "that placing aside Plaintiff's objections to the discovery requests (which are preserved), she must provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents within fourteen (14) days of entry of this order." (ECF No. 78, PageID.1203).  These responses are currently due by June 19, 2026.

In her instant motion, "Plaintiff seeks clarification so she can comply [with the Court's directive] without inadvertently waiving appellate rights, conceding disputed issues, or allowing compliance under compulsion to be treated later as a strike, admission, waiver, or dismissal predicate." (ECF No. 79, PageID.1206).  Plaintiff highlights "the internal tensions in ECF No. 78" because "compliance under protest" could be construed as noncompliance warranting dismissal. (ECF No. 79, PageID.1206-07).

Given Plaintiff's confusion, the Court will provide further clarification.  First, the Court reiterates, for the reasons stated when denying Plaintiff's motion for reconsideration, that she forfeited any specific objection to *producing* the relevant

information for the purposes of discovery.   While the Court did not address Plaintiff's specific arguments asserting bad faith and related impropriety by RMACO Defendants that allegedly misled the Court to initially compel discovery, reconsideration was not warranted in the interest of justice because of Plaintiff's own failures during discovery and motion practice.   Plaintiff's arguments, however, remain relevant to the outstanding issue of sanctions.

That said, the directive for Plaintiff to "provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents" means exactly what it says.   Plaintiff must produce complete discovery for *all* the information and documents requested by RMACO Defendants, and she may not decline any request or supply incomplete information on the basis of any objection.   To the extent that "Plaintiff's objections to the discovery requests . . . are preserved," she  remains free to contest the admissibility of this material at a later stage of the case, such as in a motion *in limine* before trial.

The Court notes that Plaintiff's discovery responses are currently due tomorrow.   Given the timeline, the Court grants Plaintiff's request for seven additional days to comply.  Accordingly;

3

For the reasons given, the Court ORDERS that Plaintiff's motion (ECF No. 79) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have seven (7) days from the entry of this order to provide timely and complete responses to RMACO Defendants' interrogatories, request for admissions, and request for production of documents.

IT IS FURTHER ORDERED that the Court will not entertain any additional requests for clarification about the production of the requested discovery materials.


Dated: June 18, 2026                    s/Robert J. White
                                        Robert J. White
                                        United States District Judge

4