UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDUS K. JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

     Defendants.

Case No. 24-CV-10790

Honorable Robert J. White

---

**PLAINTIFF'S EMERGENCY MOTION TO ADJOURN THE JULY 22 MOTION HEARING, ADJOURN THE JULY 23 STATUS CONFERENCE, DEFER RESCHEDULING PENDING REVIEW OF MEDICAL DOCUMENTATION, AND CLARIFY THE EXISTING STAY**

---

NOW COMES, Plaintiff Sundus K. Jaber, and moves the Court pursuant to Federal Rules of Civil Procedure 7(b)(1) and 16(b)(4), and the Court's inherent authority to manage its docket and calendar, for an order:

1. Immediately adjourning and removing from the Court's calendar the motion hearing scheduled for July 22, 2026, at 1:30 p.m.;

2. Modifying the Scheduling Order, ECF No. 52, to adjourn and remove from the Court's calendar the remote interim status conference scheduled for July 23, 2026, at 11:30 a.m.;

3. Confirming that the existing stay of all deadlines stated in ECF No. 86 remains in effect pending resolution of ECF Nos. 69 and 73;

4. Temporarily extending equivalent case-management protection to proceedings requiring Plaintiff's participation while the Court reviews Plaintiff's supporting medical documentation;

5. Deferring selection of new hearing and status-conference dates until after the Court reviews the documentation and determines the appropriate duration of the adjournment; and

6. Providing that Plaintiff will not be deemed to have failed to appear or comply with a scheduling obligation while this emergency request remains pending.

Plaintiff is currently experiencing severe eye pain and irritation when viewing a computer screen. On July 10, 2026, Plaintiff sought evaluation and was treatment in a hospital emergency department.

Plaintiff possesses contemporaneous emergency-department discharge paperwork and related medical documentation. Plaintiff will separately seek permission to submit that documentation under seal, with access restricted to the Court and authorized court personnel for in camera review.The documentation is offered solely to establish good cause for temporary scheduling and case-

2

management relief. Plaintiff does not ask the Court to determine any claim, defense, or pending motion based on information withheld from Defendants.

## BRIEF IN SUPPORT

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. The Scheduling Order and Existing Stay

On December 16, 2025, the Court entered a Scheduling Order pursuant to Federal Rule of Civil Procedure 16. ECF No. 52. The Scheduling Order set a remote interim status conference for July 23, 2026, at 11:30 a.m. ECF No. 52, PageID.554.

On June 26, 2026, the Court issued a Notice of Motion Hearing scheduling Defendants' Motion to Dismiss, ECF No. 69, and Motion for Sanctions, ECF No. 73, for hearing on July 22, 2026, at 1:30 p.m. ECF No. 86, PageID.1290. The same notice stated:

"All deadlines are stayed pending the resolution of the motions." *Id.*

Plaintiff understands that language to mean the stay remains effective until the Court resolves ECF Nos. 69 and 73, rather than expiring on the date of the hearing. Plaintiff requests confirmation of that understanding.

Because a hearing or status conference may not technically constitute a "deadline," Plaintiff also requests an immediate order expressly adjourning both proceedings while the Court reviews Plaintiff's medical documentation.

3

**B. Plaintiff's Brother's Critical Illness and Death**

On June 24, 2026, Plaintiff filed a letter from a University of Michigan Health physician documenting that Plaintiff's brother had been readmitted to the Neurocritical Care Unit that morning following a significant deterioration in his condition, that he was critically ill, and that brain death was anticipated. ECF No. 83.On June 25, 2026, at 4:25 p.m., Plaintiff filed an updated letter from University of Michigan Health documenting that her brother had been pronounced dead. ECF No. 84.

Twelve minutes later, at 4:37 p.m., the Judicial Defendants filed a Motion for Relief from Deadlines, ECF No. 85, requesting a 120-day extension of the discovery and dispositive-motion deadlines.

In that filing, the Judicial Defendants argued that an extension for Plaintiff would be an "affront to the principles of justice" and "fundamentally unjust." ECF No. 85, PageID.1255. They urged the Court to view Plaintiff's family circumstances with "extreme circumspection" and questioned whether those circumstances provided "a valid excuse for defiance and noncompliance." Id. at PageID.1256.

They further asserted that Plaintiff's circumstances "may carry more weight" were it not for alleged prior conduct and that the problems they attributed to

4

Plaintiff "cannot be overcome by this recent circumstance." Id. at PageID.1265–66.

The following day, the Court issued ECF No. 86. Rather than granting the requested 120-day extension in that notice, the Court scheduled ECF Nos. 69 and 73 for hearing and stated that "[a]ll deadlines are stayed pending the resolution of the motions."

## C. Plaintiff's Present Medical Circumstances

Separate from the circumstances surrounding her brother's death, Plaintiff has experienced a serious and persistent medical condition for several months. Early on July 10, 2026, Plaintiff's symptoms required evaluation and treatment in a hospital emergency department. Upon discharge, Plaintiff was instructed to obtain additional follow-up care.

Plaintiff's condition has caused substantial functional limitations. Her symptoms have varied in nature and severity, and they have affected her ability to perform ordinary activities, obtain follow-up care, prepare filings, read a computer screen, concentrate, and prepare for proceedings.

While drafting this motion, Plaintiff has experienced severe eye pain and irritation caused or aggravated by viewing the computer screen required to prepare the filing.

Plaintiff possesses contemporaneous supporting documentation, including emergency-department discharge paperwork and related medical records. Plaintiff intends to file a separate request to submit that documentation under seal for the Court's in camera review.

The documentation is offered solely to permit the Court to verify the medical basis for Plaintiff's request. Plaintiff does not seek to use it to establish liability, damages, or any disputed element of her underlying claims.

Plaintiff asks the Court to determine the appropriate duration of the adjournment after reviewing the documentation. In the meantime, Plaintiff asks the Court to remove the July 22 and July 23 proceedings from the calendar so the Court can review the documentation before deciding when the proceedings should be rescheduled.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 7(b)(1) authorizes a party to seek relief by motion and requires the motion to state with particularity the grounds for the request and the relief sought.

The July 23, 2026 interim status conference was established in the Court's Rule 16 Scheduling Order. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

6

The primary measure of good cause under Rule 16(b)(4) is the moving party's diligence in attempting to comply with the existing schedule. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The Court may also consider whether the requested modification would prejudice the opposing party. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Federal courts also possess inherent authority to manage their dockets and control their calendars. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962).

That authority includes discretion to stay or postpone proceedings as an incident of the Court's power to control its docket. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

Plaintiff primarily requests adjournment of the two scheduled proceedings and clarification of an existing stay. Plaintiff seeks continuation of the stay only in the alternative, if the Court intended the stay stated in ECF No. 86 to terminate on the hearing date rather than upon resolution of the motions.

## III. ARGUMENT

## A. Good Cause Exists to Adjourn the Motion Hearing and Status Conference

Plaintiff's request is supported by more than a generalized assertion of illness. Plaintiff sought hospital emergency-department treatment on July 10, 2026, and possesses contemporaneous medical documentation supporting the request.

Plaintiff's current symptoms materially impair the specific abilities required to prepare for and meaningfully participate in the scheduled proceedings, including reading, working at a computer, concentrating, reviewing the record, and presenting her position to the Court.

A temporary adjournment would preserve the status quo while permitting the Court to review the medical documentation and determine the appropriate duration of the relief.

Plaintiff does not ask the Court to grant an arbitrary or indefinite adjournment. She asks the Court to review the documentation and exercise its discretion to determine the earliest appropriate dates on which Plaintiff can meaningfully participate.

## B. Plaintiff Acted as Promptly as Her Condition Permitted

The timing of this motion does not reflect a lack of diligence. Since July 10, 2026, Plaintiff's symptoms have varied and, at times, increased in severity. Those symptoms impaired Plaintiff's ability to prepare and file this request sooner.

Plaintiff nevertheless sought emergency treatment, continued attempting to address her medical condition, assembled contemporaneous supporting documentation, and prepared this motion despite severe eye pain and irritation in general but especially when viewing the computer screen necessary to draft it.

8

Plaintiff forthcoming motion seeks permission to submit documentation allowing the Court to verify the basis for the request. The timing therefore reflects Plaintiff's medical and functional limitations, not an effort to disregard the Court's schedule.

## C. Immediate Interim Relief Is Necessary

The motion hearing is scheduled for July 22, 2026, at 1:30 p.m. The remote status conference is scheduled for July 23, 2026, at 11:30 a.m.Unless the Court removes those proceedings from the calendar before reviewing the medical documentation, Plaintiff may be required to participate before the Court has had an opportunity to determine whether the documented condition establishes good cause for relief.

Relief entered after either proceeding would not adequately protect Plaintiff's ability to participate meaningfully. Plaintiff therefore requests an immediate interim order removing both proceedings from the calendar until the Court has the opportunity to review Plaintiff's medical documentation to determine when the hearing and status conference should be rescheduled.

## D. The Court Should Clarify That the Existing Stay Remains in Effect

ECF No. 86 states that "[a]ll deadlines are stayed pending the resolution of the motions." The notice does not state that the stay expires on July 22, 2026. It

9

ties the stay to resolution of ECF Nos. 69 and 73. Plaintiff therefore requests clarification that:

1. All deadlines remain stayed pending resolution of ECF Nos. 69 and 73 unless the Court orders otherwise;

2. The stay does not terminate merely because a hearing was scheduled on the motions;

3. The adjournment of the hearing will not itself terminate the stay; and

4. Plaintiff will not be deemed to have missed a deadline or violated a scheduling obligation while the Court considers this emergency request.

Alternatively, if the Court intended the stay to terminate upon the scheduled hearing, Plaintiff requests a narrowly limited continuation until the Court reviews the medical documentation and enters an order establishing new dates. The alternative request is temporary and controlled by the Court.

**E. The Request Is Not Interposed for Delay and Will Not Unfairly Prejudice Defendants**

Plaintiff includes the following to address any anticipated contention that the present request is interposed for delay, seeks a tactical advantage, or would unfairly prejudice Defendants. Plaintiff further includes this procedural and record-based context because rhetoric cannot substitute for the merits of the pending motions, and the Defendants' respective pending motions were not a result of good

10

faith or run of the mill litigation tactics. As demonstrated by the specific docket citations below.

These matters are not offered to obtain merits relief through this emergency motion, but to rebut any suggestion that the requested adjournment is dilatory and or that Defendants will suffer cognizable prejudice that was a result of good faith lawyering.

## 1. The Judicial Defendants' Pending Sanctions Motion Is Materially Contested

The Judicial Defendants themselves requested a 120-day extension of discovery and dispositive-motion deadlines in ECF No. 85. Plaintiff, by contrast, asks the Court to remove two imminent proceedings from the calendar only long enough to review contemporaneous medical documentation and determine appropriate rescheduling dates.

The Judicial Defendants therefore cannot reasonably claim that a temporary, medically supported, Court-controlled adjournment creates substantial scheduling prejudice.

The Judicial Defendants' sanctions position is also materially contested. In a declaration signed under penalty of perjury, Plaintiff stated, among other things, that she mailed the Judicial Defendants' discovery responses on April 7, 2026. ECF No. 81, PageID.1227, ¶ 5.

The Judicial Defendants moved to strike that declaration in ECF No. 82. Plaintiff maintains, however, that they did not rebut Plaintiff's sworn statement concerning mailing with a sworn statement, despite their categorical assertions of nonreceipt in their motion to compel, ECF No. 62. The Judicial Defendants again unequivocally asserted nonreceipt in their unauthorized filing docketed at ECF No. 71. Plaintiff then filed ECF No. 72, PageID.1021, which included a third party's sworn statement confirming personal delivery of the materials. When the Judicial Defendants filed their motion for sanctions at ECF No. 73, immediately after the sworn statement was docketed, they did not rebut that statement with any sworn evidence.

## 2. The RMACO Defendants' Motion to Dismiss Is Also Materially Contested

The RMACO Defendants' motion to dismiss relies on ECF No. 61, the order granting their motion to compel. ECF No. 61 was entered on a materially incomplete record because the RMACO Defendants selectively submitted one email from a larger communication thread while omitting additional communications from that same thread.

Plaintiff previously identified that the RMACO Defendants used one email while omitting six additional emails from the same thread. ECF No. 68, PageID.892.

12

Plaintiff also identified omitted communications concerning the February 9 purported settlement-offer sequence, the March 18 concurrence correspondence and draft motion, and other communications from the same period material to Plaintiff's service objection, the deposition dispute, the RMACO Defendants' asserted urgency, and their sanctions narrative. Id. at PageID.892–94. ECF No. 61 stated that the record did not explain the basis for Plaintiff's improper service objection and did not establish the absence of an agreement to email service. ECF No. 61, PageID.691 n.4, 692.

Plaintiff maintains that the omitted March 5 email thread addressed those precise matters by stating Plaintiff's service objection and identifying the absence of consent to email service. ECF No. 63-2, PageID.773–74; ECF No. 68, PageID.910.

Plaintiff further maintains that the RMACO Defendants possessed the complete communication sequence because they selected and submitted one email from that sequence as an exhibit supporting their motion. See ECF No. 59-3, PageID.667.

Accordingly, Plaintiff contends that the omitted communications did not merely provide additional context. They addressed the factual matters ECF No. 61 identified as absent from the record.

Plaintiff therefore disputes that ECF No. 61 provides an uncontested or procedurally complete predicate for dismissal.

These matters are not presented for adjudication through this emergency motion. They are included to demonstrate that Plaintiff has substantive positions to present, that the pending motions remain materially disputed, and that the requested adjournment is not an effort to postpone an admitted or inevitable result.

**3. The Requested Relief Provides Plaintiff No Unfair Tactical Advantage**

The requested relief is temporary, procedural, and controlled by the Court. The pending motions will remain pending. The parties' substantive positions will remain preserved. The Court will retain complete control over the duration of the adjournment and the selection of new dates.Further, all deadlines are already stayed under the express language of ECF No. 86.

**IV. CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Consider this motion immediately;

2. Adjourn and remove from the Court's calendar the July 22, 2026, motion hearing;

3. Modify the Scheduling Order to adjourn and remove from the Court's calendar the July 23, 2026 remote interim status conference;

14

4. Defer rescheduling until after the Court reviews the documentation and determines the appropriate duration of the adjournment;

5. Confirm that the existing stay of all deadlines stated in ECF No. 86 remains in effect pending resolution of ECF Nos. 69 and 73;

6. Alternatively, if the Court intended the stay to expire upon the scheduled hearing, continue the stay temporarily until the Court reviews the documentation and enters a rescheduling order;

7. Temporarily stay proceedings requiring Plaintiff's participation while the Court reviews the supporting documentation;

8. Provide that Plaintiff will not be deemed to have failed to appear or comply with a scheduling obligation while this emergency request remains pending; and

9. Grant any further relief the Court considers just and appropriate.

Respectfully submitted,

Date 7/20/26                                Respectfully submitted,

*Sundus K. Jaber*

Sundus K. Jaber
Plaintiff, Pro Se

15