UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SUNDUS K. JABER,

     Plaintiff,

v.

35TH DISTRICT COURT, et al.,

     Defendants.

Case No. 24-CV-10790

Honorable Robert J. White

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE CONFIDENTIAL MEDICAL DOCUMENTATION EX PARTE AND UNDER SEAL FOR IN CAMERA REVIEW**

---

NOW COMES Plaintiff Sundus K. Jaber and moves for leave to file confidential medical documentation under seal, as part of the record, with access restricted to the Court and authorized court personnel for in camera review.

Plaintiff does not request that this motion itself be considered ex parte. This motion will be filed publicly. Plaintiff requests only that the underlying medical documentation be considered ex parte.

The documentation is submitted in support of Plaintiff's contemporaneously filed emergency motion to adjourn the July 22, 2026, motion hearing and July 23,

2026, status conference docketed at ECF No. 87 and to provide the substantial functionally limitations Plaintiff has been experiencing that began approximately mid- February, 2026. It is not offered to establish liability, damages, or any disputed element of Plaintiff's claims. The records contain confidential medical information concerning Plaintiff.

Public filing would disclose highly sensitive medical information unrelated to the merits of this action. Ordinary filing under seal may protect the records from the public but not from the Defendants and their attorneys. Since the documentation is not being offered to establish liability, damages, or any disputed element of Plaintiff's claims, Plaintiff's privacy rights outweigh any desire the Defendants may have to review the documentation.

The requested procedure is narrowly limited to the medical documents identified in the accompanying brief and is intended solely to allow the Court to verify the medical basis for temporary scheduling and case-management relief.

For the reasons stated in the accompanying brief, Plaintiff respectfully requests that the Court enter an order:

1. permitting Plaintiff to file the identified medical documentation under seal as part of the record;

2. restricting access to the Court and authorized court personnel only;

3. maintaining the documentation under seal unless the Court orders otherwise.

## BRIEF IN SUPPORT

## INTRODUCTION

Plaintiff seeks permission to file a limited packet of confidential medical documentation as part of the record in support of her emergency request to adjourn two imminent proceedings.

The records contain highly sensitive medical information that is unrelated to the merits of Plaintiff's claims. Plaintiff does not seek to use the records to establish liability, damages, or any disputed merits issue. She offers them only to permit the Court to verify whether her present medical circumstances support temporary scheduling and case-management relief.

Plaintiff therefore requests that the records be filed under seal, with access restricted to the Court and authorized court personnel and reviewed in camera solely for purposes of resolving Plaintiff's emergency motion.

## INDEX OF DOCUMENTS PROPOSED FOR SEALING

Pursuant to Eastern District of Michigan Local Rule 5.3(b)(3)(A), Plaintiff identifies the following documents:

1. Plaintiff's discharge paperwork dated July 10, 2026.

2. Other supporting documentation form different providers related to Plaintiff current health issues and what she has experiencing for the past several months.

3

3. Declaration written by Plaintiff detailing the substantial functional limitations her symptoms have caused beginning on or about mid-February 2026.

The documents were not designated confidential under a discovery protective order because they were not produced in discovery. They are Plaintiff's personal medical records and are being offered only in connection with temporary scheduling relief.

**LEGAL STANDARD**

Courts possess supervisory authority over their own records and files. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983).

Federal Rule of Civil Procedure 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." Eastern District of Michigan Local Rule 5.3(b)(3)(A) governs requests to file materials under seal.

Judicial records are subject to a strong presumption of public access. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). The party seeking sealing bears the burden of showing a compelling reason for nondisclosure and demonstrating that the requested restriction is narrowly tailored. *Id.* at 305–06.

The proponent must analyze the need for protection document by document

4

and provide reasons and legal authority supporting the requested restriction. *Id.*; *Beauchamp v. Federal Home Loan Mortgage Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). A sealing order must be no broader than necessary to protect the interest supporting nondisclosure. *Rudd Equipment Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016).

Federal courts also possess inherent authority to manage proceedings and adopt reasonable procedures necessary to resolve matters before them. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

In camera review is an established procedure for allowing a court to examine confidential material while limiting unnecessary disclosure. See *United States v. Zolin*, 491 U.S. 554, 568–69 (1989); *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). Those authorities do not create an automatic right to submit evidence ex parte. Rather, they recognize in camera review as a protective mechanism where confidentiality interests must be balanced against the need for judicial review.

Because ex parte submissions may restrict an opposing party's opportunity to respond, the requested procedure must be limited to the minimum necessary and should not be used to decide disputed merits issues. Plaintiff's request satisfies that limitation because the documentation is offered only for a collateral scheduling matter, and Defendants remain able to address delay, prejudice, and case

5

management without reviewing Plaintiff's private medical details.

**ARGUMENT**

**I. The records contain highly sensitive medical information that supports sealing.**

The proposed documents contain Plaintiff's personal medical information, including information concerning symptoms, medical evaluation, testing, treatment, discharge instructions, and recommended follow-up care.

That information is not relevant to the merits of Plaintiff's claims. It is offered only to permit the Court to verify the basis for Plaintiff's request to adjourn two imminent proceedings.

Public disclosure would expose sensitive medical information without materially assisting the public's understanding of the underlying claims or defenses. Plaintiff's privacy interest is therefore substantial, while the public interest in access to the specific medical details is minimal.

**II. The request is narrowly tailored to the identified documents and the limited scheduling issue.**

Plaintiff does not seek to seal the emergency scheduling motion, the parties' arguments concerning delay or prejudice, or the Court's ruling. Plaintiff seeks protection only for the medical documents identified in the index. The records will be used only to determine whether temporary scheduling relief is warranted and, if so, the appropriate duration of that relief.

The public docket may identify the filing generically as:

"Sealed Medical Documentation Submitted in Support of Plaintiff's Emergency Motion to Adjourn and to provide the substantial functionally limitations Plaintiff has been experiencing that began approximately mid-February, 2026."

This procedure preserves a public record of the filing while protecting the underlying medical details.

## III. Redaction would not adequately protect the confidential information.

The medical information is not confined to isolated names, account numbers, or individual sentences. It appears throughout the records and constitutes the substance of the documents.

Extensive redaction would remove the very information the Court must review and would leave fragmented or unintelligible documents. Filing the complete documents under seal is therefore more practical and more accurate than attempting to create heavily redacted versions.

Plaintiff nevertheless requests protection only for the identified documents and does not seek to seal unrelated portions of the record.

## IV. Court-Only Access Is Justified Because the Records Are Offered Solely for a Collateral Procedural Matter

Plaintiff recognizes that sealing records from public access and restricting access by opposing counsel are separate forms of relief.

7

Court-only access is warranted here because:

1. the records are submitted solely to support an adjournment and temporary case-management relief;

2. the records do not concern liability, damages, the merits of any discovery dispute, or any substantive claim or defense;

3. Defendants may oppose the requested adjournment by addressing delay, prejudice, scheduling, and case management without reviewing Plaintiff's diagnoses, testing, treatment, or discharge information;

4. the Court may independently determine whether the records support Plaintiff's stated functional limitations;

5. Plaintiff has publicly disclosed the minimum facts necessary to identify the nature of the request, including the date of the emergency-department visit and the effect of her symptoms on her ability to participate; and

6. the proposed order limits the Court's use of the records to Plaintiff's emergency scheduling motion.

Because the records will not be used to decide the merits, withholding them from Defendants and defense counsel will not prevent Defendants from opposing the requested scheduling relief on grounds of delay, prejudice, duration, or case management.

**V. The Requested Procedure Contains Safeguards Protecting Fairness**

Plaintiff requests that the Court use the medical documentation only to determine whether temporary scheduling relief is warranted.

Defendants remain free to argue that an adjournment would cause prejudice, that the requested duration is excessive, or that alternative case-management measures are appropriate.

The Court can resolve the scheduling motion by stating only the nonmedical conclusion necessary to support its ruling, such as whether the documentation establishes a present functional limitation and whether an adjournment is warranted, without disclosing Plaintiff's underlying medical details.

If the Court determines that any portion of the medical documentation must be disclosed to preserve fairness, Plaintiff requests advance notice and an opportunity to:

1. propose narrower redactions;

2. seek leave to withdraw or substitute the particular document;

3. submit a less detailed medical summary; or

4. request another protective procedure before disclosure occurs.

These safeguards preserve the adversarial process while preventing unnecessary disclosure of private medical information.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court permit her to

file the identified medical documentation under seal as part of the record, restrict access to the Court and authorized court personnel, review the documents in camera solely in connection with Plaintiff's emergency scheduling motion, and prohibit disclosure to Defendants or defense counsel absent further order of the Court and advance notice to Plaintiff.

Date 7/20/26                                        Respectfully submitted,

*Sundus K. Jaber*

Sundus K. Jaber
Plaintiff, Pro Se

10